E-FILED
Wednesday, 15 August, 2018 11:21:03 AM
Clerk, U.S. District Court, ILCD

24.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT XIII
### SPIRE STL PIPELINE LLC, Plaintiff, v.

44T245005 8/15/2018

**JONATHON ESAREY; LE ESAREY PERRY f/k/a LEONORA WILSON; JUSTUS ESAREY; LAURA JANE DUKETT; 3.49 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.   Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XIII.

19.   The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Jonathon Esarey, Le Esarey Perry f/k/a Leonora Wilson, Justus Esarey, Laura Jane Dukett (hereinafter collectively "Landowners").

20.   Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 14A** and shown more particularly in the certified plat attached as **Exhibit 14B,** both incorporated herein.

21.   The 3.49 acres more or less described in Exhibits 14A and 14B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.   Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.   In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

### COUNT XIV
### SPIRE STL PIPELINE LLC, Plaintiff, v.

**LAURA JANE DUKETT and JONATHON ESAREY as CO-TRUSTEES of the GREGORY FARM TRUST NO. 09-0-10; 7.07 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18. Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XIV.

19.    The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Laura Jane Dukett and Jonathon Esarey as Co-Trustees of the Gregory Farm Trust No. 09-0-10 (hereinafter "Landowner").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 15A** and shown more particularly in the certified plat attached as **Exhibit 15B,** both incorporated herein.

21.    The 7.07 acres more or less described in Exhibits 15A and 15B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.    In addition to the parties named herein, there are or may he other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action hy the name and description of "Unknown Owners".

24.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

**COUNT XV**
**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**DARRELL L. MANSFIELD and JO ANN MANSFIELD as CO-TRUSTEES of the**
**DARRELL L. MANSFIELD TRUST NO. 2014; JO ANN MANSFIELD and DARRELL L.**

**MANSFIELD as CO-TRUSTEES of the JO ANN MANSFIELD TRUST NO. 2014; FARMERS STATE BANK; 7.09 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.    Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XV.

19.    The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Darrell L. Mansfield and Jo Ann Mansfield as Co-Trustees of the Darrell L. Mansfield Trust No. 2014 established by Declaration of Trust dated December 23, 2014 and Jo Ann Mansfield and Darrell L. Mansfield as Co-Trustees of the Jo Ann Mansfield Trust No. 2014 established by Declaration of Trust dated December 23, 2014 (hereinafter collectively "Landowners").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 16A** and shown more particularly in the certified plat attached as **Exhibit 16B,** both incorporated herein.

21.    The 7.09 acres more or less described in Exhibits 16A and 16B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.    Farmers State Bank is named as a Defendant as it holds a mortgage interest in Landowners' real property.

23.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court,

ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

**COUNT XVI**
**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**PHILLIP L. BROWN; ZENA B. BROWN; 3.60 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XVI.

19.     The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Phillip L. Brown and Zena B. Brown (hereinafter collectively "Landowners").

20.     Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, additional temporary workspace, and a temporary access road through Landowners' property, all legally described in **Exhibit 17A** and shown more particularly in the certified plat attached as **Exhibit 17B**, both incorporated herein.

21.     The 3.60 acres more or less described in Exhibits 17A and 17B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on

the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

**COUNT XVII**
**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**PHILLIP L. BROWN; ZENA B. BROWN; 12.61 ACRES more or less of REAL**
**PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XVII.

19.     The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Phillip L. Brown and Zena B. Brown (hereinafter collectively "Landowners").

20.     Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, additional temporary workspace, and temporary access roads through Landowners' property, all legally described in **Exhihit 18A** and shown more particularly in the certified plat attached as **Exhibit 18B,** both incorporated herein.

21.     The 12.61 acres more or less described in Exhibits 18A and 18B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are,

44T245005 8/15/2018     **Page 46 of 71**

therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

**COUNT XVIII**
**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**PHILLIP L. BROWN; ZENA B. BROWN; 3.47 ACRES more or less of REAL**
**PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18. Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XVIII.

19. The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Phillip L. Brown and Zena B. Brown (hereinafter collectively "Landowners").

20. Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 19A** and shown more particularly in the certified plat attached as **Exhibit 19B,** both incorporated herein.

21. The 3.47 acres more or less described in Exhibits 19A and 19B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.      That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.      That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT XIX
### SPIRE STL PIPELINE LLC, Plaintiff, v.
**PHILLIP L. BROWN; ZENA B. BROWN; 7.13 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XIX.

19.    The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Phillip L. Brown and Zena B. Brown (hereinafter collectively "Landowners").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 20A** and shown more particularly in the certified plat attached as **Exhibit 20B,** both incorporated herein.

21.    The 7.13 acres more or less described in Exhibits 20A and 20B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.    In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those

other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT XX
### SPIRE STL PIPELINE LLC, Plaintiff, v.
**BERNARD H. MEYER as TRUSTEE of the BERNARD H. MEYER TRUST #9-11; MARY LOIS MEYER as TRUSTEE of the MARY LOIS MEYER TRUST #9-11; FARM CREDIT SERVICES OF ILLINOIS; 4.21 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XX.

19.  The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Bernard H. Meyer as Trustee of the Bernard H. Meyer Trust #9-11 and Mary Lois Meyer as Trustee of the Mary Lois Meyer Trust #9-11 (hereinafter collectively "Landowners").

20.  Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 21A** and shown more particularly in the certified plat attached as **Exhibit 21B,** both incorporated herein.

21.  The 4.21 acres more or less described in Exhibits 21A and 21B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22.  Farm Credit Services of Illinois is named as a Defendant as it holds a mortgage interest in Landowners' real property.

23.  Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.  In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

**COUNT XXI**
**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**BERNARD H. MEYER as TRUSTEE of the BERNARD H. MEYER TRUST #9-11;**
**MARY LOIS MEYER as TRUSTEE of the MARY LOIS MEYER TRUST #9-11; 3.53**

**ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18. Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXI.

19. The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Bernard H. Meyer as Trustee of the Bernard H. Meyer Trust #9-11 and Mary Lois Meyer as Trustee of the Mary Lois Meyer Trust #9-11 (hereinafter collectively "Landowners").

20. Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowners' property, all legally described in **Exhibit 22A** and shown more particularly in the certified plat attached as **Exhibit 22B,** both incorporated herein.

21. The 3.53 acres more or less described in Exhibits 22A and 22B, or other property described, is private property, and the Landowners mentioned in connection with the property are, as far as appears of record, and as far as Spire STL has been able to learn, the persons who own or are otherwise interested in the property, or claims to have some interest therein.

22. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

**COUNT XXII**
**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**MARC D. STECKEL; CNB BANK & TRUST N.A.; 13.31 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18.   Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXII.

19.   The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Marc D. Steckel (hereinafter "Landowner").

20.   Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowner's property, all legally described in **Exhibit 23A** and shown more particularly in the certified plat attached as **Exhibit 23B,** both incorporated herein.

21.   The 13.31 acres more or less described in Exhibits 23A and 23B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.   CNB Bank & TRUST N.A. is named as a Defendant as it holds a mortgage interest in Landowner's real property.

23.   Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.   In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.   In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those

other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT XXIII
### SPIRE STL PIPELINE LLC, Plaintiff, v.
**MARC D. STECKEL; CNB BANK & TRUST N.A.; UNITED STATES DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE; 7.24 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-18. Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXIII.

19.     The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Marc D. Steckel (hereinafter "Landowner").

20.     Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowner's property, all legally described in **Exhibit 24A** and shown more particularly in the certified plat attached as **Exhibit 24B,** both incorporated herein.

21.     The 7.24 acres more or less described in Exhibits 24A and 24B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.     CNB Bank & TRUST N.A. is named as a Defendant as it holds a mortgage interest in Landowner's real property.

23.     The United States Department of the Treasury – Internal Revenue Service is names as a Defendant as it has a lien on Landowner's real property.

24.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

25.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

27.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT XXIV
### SPIRE STL PIPELINE LLC, Plaintiff, v.
### GREG STECKEL; 10.25 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXIV.

19.    The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Greg D. Steckel (hereinafter "Landowner").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, additional temporary workspace, and a temporary access road through Landowner's property, all legally described in **Exhibit 25A** and shown more particularly in the certified plat attached as **Exhibit 25B,** both incorporated herein.

21.    The 10.25 acres more or less described in Exhibits 25A and 25B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.    In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

### COUNT XXV
### SPIRE STL PIPELINE LLC, Plaintiff, v.
### MARC D. STECKEL; UNITED STATES DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE; 4.21 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXV.

19.    The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Marc D. Steckel (hereinafter "Landowner").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowner's property, all legally described in **Exhibit 26A** and shown more particularly in the certified plat attached as **Exhibit 26B,** both incorporated herein.

21.    The 4.21 acres more or less described in Exhibits 26A and 26B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.    The United States Department of the Treasury – Internal Revenue Service is named as a Defendant as it has a lien on the Landowner's real property.

23.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.    In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

### COUNT XXVI
### SPIRE STL PIPELINE LLC, Plaintiff, v.
### GERALD SCOTT TURMAN; 7.15 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-18. Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXVI.

19.     The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Gerald Scott Turman (hereinafter "Landowner").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, additional temporary workspace, and a temporary access road through Landowner's property, all legally described in **Exhibit 27A** and shown more particularly in the certified plat attached as **Exhibit 27B,** both incorporated herein.

21.    The 7.15 acres more or less described in Exhibits 27A and 27B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.    In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

### COUNT XXVII
### SPIRE STL PIPELINE LLC, Plaintiff, v.
### S.T. TURMAN CONTRACTING, L.L.C., a Missouri limited liability company; 5.05 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXVII.

19.    The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is S.T. Turman Contracting, L.L.C., a Missouri limited liability company (hereinafter "Landowner").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, additional temporary workspace, and a

temporary access road through Landowner's property, all legally described in **Exhibit 28A** and shown more particularly in the certified plat attached as **Exhibit 28B,** both incorporated herein.

21.     The 5.05 acres more or less described in Exhibits 28A and 28B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.    That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.    That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.    That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.    For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT XXVIII
### SPIRE STL PIPELINE LLC, Plaintiff, v.
### GERALD SCOTT TURMAN; 3.59 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-18.  Spire STL repeats and re-alleges paragraphs 1 through 18 of the General Allegations as Paragraphs 1 through 18 of Count XXVIII.

19.    The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Gerald Scott Turman (hereinafter "Landowner").

20.    Spire STL seeks to acquire for the uses and purposes described above, a permanent easement, a temporary workspace easement, and additional temporary workspace through Landowner's property, all legally described in **Exhibit 29A** and shown more particularly in the certified plat attached as **Exhibit 29B,** both incorporated herein.

21.     The 3.59 acres more or less described in Exhibits 29A and 29B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

22.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

23.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

24.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the easements necessary to construct, operate, and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.      That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the easements and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

SPIRE STL PIPELINE LLC,
Plaintiff,

By: /s/ Lisa A. Petrilli
One of Its Attorneys

Sorling Northrup
Lisa A. Petrilli, of Counsel (ARDC #6280865)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone: (217)544-1144
Facsimile: (217)522-3173
E-Mail: lapetrilli@sorlinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Sorling Northrup
David A. Rolf, of Counsel (ARDC #6196030)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone: (217)544-1144
Facsimile: (217)522-3173
E-Mail: darolf@sorlinglaw.com
*ATTORNEY TO BE NOTICED*

## **VERIFICATION**

I, Russ English, the Director of Pipeline Projects of Spire STL Pipeline LLC, verify under penalty of perjury that the foregoing is true and correct.

Dated: August 14, 2018.

/s/ Russ English
Russ English, Director of Pipeline Projects
Spire STL Pipeline LLC