IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-cv-3204 |
| BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08 et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

On August 7, 2019, Counsel for Defendants informed the Court and the parties that Defendants Bernard H. Meyer and Darrell L. Mansfield had died. Suggestions of Death (d/e 133 and 134). Plaintiff Spire STL Pipeline LLC (Spire) sued Defendant Bernard H. Meyer as Trustee of the Bernard H. Meyer Trust #9-11, and sued Defendant Darrell L. Mansfield as Co-Trustee of the Darrell L. Mansfield Trust No. 2014 and Co-Trustee of the Jo Ann Mansfield Trust No. 2014. Complaint (d/e 1) Counts XV, XX, and XXI. This Court informed the parties that Federal Rule of Civil Procedure 25(a)(1) required dismissal of the claims against these deceased defendants unless a motion to substitute was filed within 90 days after

service of the Suggestions of Death.  Text Order entered September 10, 2019.  The 90 days have elapsed and no motions to substitute have been filed.  Bernard H. Meyer and Darrell L. Mansfield, therefore, should be dismissed from this case.

Spire sued Bernard H. Meyer and Darrell L. Mansfield as trustees of express trusts to condemn property held by the express trusts.  Spire named Darrell L. Mansfield and Jo Ann Mansfield as Co-Trustees of the Darrell L. Mansfield Trust No. 2014 and the Jo Ann Mansfield Trust No. 2014.  Complaint, Count XV ¶19.  Spire may proceed on its claims in Count XV against Jo Ann Mansfield as the successor trustee of both named trusts, but Darrell L. Mansfield should be dismissed from the case.  See Rubinson v. Rubinson, 250 Ill. App.3d 206, 216, 620 N.E.2d 1271, 1277-78 (Ill. App. 1st Dist. 1993).  (When a co-trustee dies, the remaining trustee generally can exercise the powers conferred by the trust.).

Spire alleged in Counts XX and XXI that Bernard H. Meyer as Trustee of the Bernard H. Meyer Trust #9-11 and Mary Lois Meyer as Trustee of the Mary Lois Meyer Trust #9-11 collectively owned certain real estate in Greene County, Illinois, that is the subject of Spire's condemnation action.  Complaint, Count XX ¶ 19, Count XXI ¶ 19.  Spire may proceed in Counts XX and XXI against Mary Lois Meyer as Trustee of

the Mary Lois Meyer Trust #9-11.  Spire may not proceed in Counts XX and XXI against the Bernard H. Meyer Trust #9-11 until Spire joins the successor trustee.  A trust generally survives the death of the trustee, so Spire's claim is not extinguished by Bernard H. Meyer's death.  See Jones v. Katz, 325 Ill. App. 65, 80, 59 N.E.2d 537, 544 (Ill. App. 2$^d$ Dist. 1945).  Spire, however, was required under the Rules to move to substitute the successor trustee as the proper party within 90 days of the Suggestion of Death, or the claim must be dismissed.  Fed. R. Civ. P. 25(a)(1).  Spire did not so move, so the claim against the Bernard H. Meyer Trust #9-11 must be dismissed at this time.

THEREFORE, THIS COURT RECOMMENDS that Defendants Darrell L. Mansfield and Bernard H. Meyer be dismissed from this action.  Plaintiff Spire STL Pipeline LLC should be allowed to proceed in Count XV against Jo Ann Mansfield as successor Trustee of the Darrell L. Mansfield Trust No. 2014 and the Jo Ann Mansfield Trust No. 2014.  Plaintiff's claim against the Bernard H. Meyer Trust #9-11 in Counts XX and XXI should be dismissed without prejudice pursuant to Rule 25(a)(1) for failure to file a motion to substitute the successor trustee of this trust.  Plaintiff should be allowed to proceed in Counts XX and XXI against the remaining Defendant Mary Lois Meyer as Trustee of the Mary Lois Meyer Trust #9-11.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See <u>Local Rule</u> 72.2.

ENTER:   November 15, 2019

*s/ Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS

UNITED STATES MAGISTRATE JUDGE
