**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| SPIRE STL PIPELINE LLC, | ) |
| a Missouri limited liability company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 3:18-cv-03204 |
| BETTY ANN JEFFERSON as TRUSTEE | ) |
| of the BETTY ANN JEFFERSON | ) |
| TRUST #11-08, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO SPIRE'S REQUEST FOR TEMPORARY EASEMENT**

NOW COMES, DEFENDANTS, Philip Brown and Zena Brown as well as Defendant Marc Steckel, by and through Attorney Joshua R. Evans, and for their Response and Objection to Defendant's Request for Preliminary Injunction and states as follows:

**Introduction**

For ease of Court, Defendants will refer to Plaintiff's Exhibits when referring to documents relevant to this matter. Plaintiff and Defendants have been and continue settlement discussions, including easement rights and resolution of FERC remediation claims. (See Affidavit of Brown and Steckel Defendants' Exhibit 1 and 2). These discussions have been ongoing since before March 18, 2021. While Defendant's counsel would prefer those negotiations involve him, Defendant's counsel cannot prevent settlement discussions between the parties. (See Affidavit of Brown and Steckel).

The same week Plaintiff Spire filed its Motion for Preliminary Injunction for Immediate Possession of Certain Temporary Easements and Temporary Access Road (Document 174 and 175), Plaintiff Spire had scheduled meetings at the homes of the Defendants to resolve just that issue. See Defendant Exhibit 1 and 2- Affidavit of Defendants Brown and Steckel.

The aforementioned meetings were scheduled to continue the week of June 21, 2021. (See Defendant Exhibit 1 and 2). Nonetheless, the intention received by Defendants is clear: settle on Spire's terms or Spire will invoke the assistance of this Court to force its position upon you. Fortunately, this Court has no reason to engage because Spire cannot allege irreparably harm, its Certificate has been vacated, and FERC's Order expressly requires landowner consent.

**Legal Standard**

As the Supreme Court has set out, the party seeking the injunction must show the injunction is appropriate. The threshold balancing act is whether: "1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest." *St. John's United Church of Christ v. Chicago, 502 F.3d 616, 2007 WL 2669403 (7th Cir. 2007)*

The plaintiff must states specifically the injunctions terms and describe in detail the act or acts to be restrained or required, without reference to the complaint or other document Fed R. 65(d)(1)(b)-(c)

**Argument**

I.      **No Irreparable Harm Exists**

FERC made clear, outside of the timeline which Spire has missed, Plaintiff Spire may "complete the required work at an alternative timeframe only if the landowner so requests." Moreover, FERC continues to engage Spire and the landowners on this issue because of the tremendous damage Spire has done to the properties. See Defendant's Exhibit 1 and 2.

Unlike *Rockies Express I* and *Guardian Pipeline I*, cited by Plaintiff, no deadline has been imposed upon Plaintiff Spire to complete the remediation work-beyond that of securing the agreement of Defendants in appropriate field conditions. FERC's Order expressly acknowledged Plaintiff Spire must work with the landowner to perform the work. Plaintiff's Exhibit 1 at 20-22. Because Plaintiff Spire purported right to the property stems from FERC's Order, Plaintiff Spire has more trouble than an inability to show irreparable harm.

While it is true, Plaintiff Spire will be required to restore the properties through an order of this Court or FERC, Plaintiff Spire will also be required to pay just and fair compensation for the easement rights to do so. Plaintiff's Spire allegation of irreparable harm is a means to avoid paying for that right.

II.   **The Harm to Defendants' Crop Production and Farming Operations**

Defendants recently planted row crops upon land Spire seeks injunctive relief over. Despite Spire having a specific time frame to complete the work, Plaintiff Spire now finds an emergency to complete the work- knowing Defendants have expended money for inputs. Yet, FERC's Order made clear the landowner was to be brought into the discussion. (See Plaintiff's Exhibit 1 to Memorandum, Page 20, ordering: "(A) Within 30 days of the issuance date of this order, or as soon as conditions in the field are suitable, Spire shall perform soil decompaction following the guidelines set forth in section 7(A) and Appendices A and B of the AIMA and in

coordination with the landowners on the…Properties. Spire must collect and remove all stone and rock three or more inches in size which has been lifted to the surface during decompactions activities. <u>Spire may complete the required work at an alternative timeframe only if the landowner so requests</u>." Emphasis added) What is clear is Spire did not complete the work within 30 days of FERC's order, and Spire does not seek Defendants' input on a timeframe in violation of that Order. Rather, Plaintiff Spire asks this Court to give it an easement right without just and fair compensation to the landowner. What's more, Defendants labor and inputs would be wasted.

Because Spire took no action within the timeframe Ordered by FERC, it cannot come into this Court and ask for an injunction, without paying the easement and inputs. Rather, Plaintiff Spire must seek input of Defendants on when and where the work will be performed. Moreover, Spire must find a timeframe that is approved by the landowner.

**III.     Plaintiff Spire Loses Its Certificate-Is there a likelihood it comes back?**

Plaintiff Spire has no legal right to access Defendant's properties- absent an agreement from Defendants. Ignoring FERC's Order, the United States Court of Appeals for the District of Columbia vacated Spire's Certificate. Plaintiff Spire asks this Court to quickly grant it easement rights over the property before the mandate issues at the Circuit Court. However, this Court must balance the reasonable likelihood that Plaintiff will be successful in securing its Certificate back. Plaintiff cites no case law supporting the contention. Meanwhile the Appellate Court stated in its decision:

> "However, we have identified serious deficiencies in the Certificate Order and Rehearing Order. And 'the second Allied–Signal factor is weighty only insofar as the agency may be

able to rehabilitate its rationale.' Comcast Corp. v. FCC, 579 F.3d 1, 9 (D.C. Cir. 2009) (citation omitted). The Commission's ability to do so is not at all clear to us at this juncture."

Plaintiff's Exhibit 1 at 42

The Court sends a clear message about whether FERC could produce evidence necessitating this Certificate. In many injunctive requests, the Court must do its best at analyzing fact and law. Here, the Court's analysis has been accomplished already by the Appellate Court. Assuming the Certificate is able to be revived, does that allow Spire the ability to secure additional easement rights? It is an open question at this point.

## IV. A Legal Remedy Exists

Despite Plaintiff Spire's best efforts to remove context from Emails of Defendants' counsel, Defendants Exhibit 1 and 2 make clear the parties have been negotiating these issues. A legal remedy for Plaintiff Spire exists- securing a temporary easement from Defendants. However, that easement must be paid for, definitive in scope and duration, and outline the tasks to be performed (and by whom). To date, the parties have not been able to finalize those discussions.

The thrust of Plaintiff's Motion for Preliminary Injunction points to a failure of Defendants' counsel to respond to settlement offers from Plaintiff's counsel. However, the parties were discussing resolution and intentionally removing attorneys from the discussion- their right. While Plaintiff seeks email settlement discussions, Defendants have asserted face to face meetings are preferable. The same being expressed to Plaintiff's counsel:



This Court is not interested in the substance of settlement discussions, but Plaintiff Spire has alleged that Defendants "refuse" to let them do work ordered by FERC and the Illinois Department of Agriculture. Yet, Defendants want to ensure the work is done with as little

consequence to the land as possible, and to that end, Defendants have engaged with Plaintiff Spire outside the presence of lawyers at the properties.

Plaintiff Spire and Defendants had scheduled those discussion at the exact time Plaintiff Spire requested this Court assistance. The Defendants certainly want the properties restored, but Plaintiff Spire asks not to prevent irreparable harm. Rather, Plaintiff Spire solicits this Court into its corner at the negotiating table. The same table set by Plaintiff Spire immediately before filing its Motion for Preliminary Injunction.

## CONCLUSION

The purpose of the Motion for Preliminary Injunction is to seek negotiating leverage over the Defendants. Curiously, the Motion for Preliminary Injunction is filed approximately one week prior to a previously schedule settlement discussion set between Defendants and Plaintiff Spire. Even more curious is the Motion is filed two weeks before FERC had scheduled a walk over the properties. In short, Defendants ask this Court allow the federal and state regulatory bodies to continue assessing the damages caused by Plaintiff Spire, encourage the parties to continue negotiations in whatever fashion they deem appropriate, and deny Plaintiff Spire's request.

/s/ Joshua R. Evans 6318288
103 East Pearl
Jerseyville, Illinois 62052
PHONE: 618-498-0001
office@jevanslegal.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 26th day of June 2021 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF on this 26th day of June

2021: **Mr. Lisa A. Petrilli**, One North Old State Capital, Suite 200, P.O. Box 5131, Springfield, IL 62705-5131; Email: lapetrilli@sorlinglaw.com; **Ms. Carolyn Elefant**, 1440 G Street NW, Washington, DC 20005; Email: carolyn@carolynelefant.com; S.T. Turman Contracting, L.L.C., c/o Scott Turman, Manager, 300 Commerce Blvd., Jerseyville, IL 62052; Email: stturman@gmail.com; amyturman2@gmail.com; and **Mr. Scott Turman**, 21599 Rangeline Rd., Jerseyville, IL 62052; Email: stturman@gmail.com and amyturman2@gmail.com.

/s/ Joshua R. Evans