## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON<br>TRUST #11-08, *et al*.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No: 3:18-cv-03204<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO SPIRE STL PIPELINE LLC'S MOTION FOR IMMEDIATE POSSESSION OF CERTAIN TEMPORARY EASEMENTS AND ACCESS ROAD TAR-010

NOW COMES, Plaintiff, SPIRE STL PIPELINE LLC ("Spire STL")*,* by and through its attorneys, Sorling Northrup, David A. Rolf and Lisa A. Petrilli, of Counsel, and for its Reply to Defendants' Joint Response in Opposition to the Motion for Preliminary Injunction, states as follows:

**I.      Defendants intentionally misstate facts related to Spire STL's attempts to first obtain access from Defendants to perform the FERC ordered remediation work.**

In Defendants' Joint Response, counsel claims that Spire STL filed its Motion for Immediate Possession *after* scheduling a meeting with Defendants. Spire STL filed its Motion for Immediate Possession only after being unable to confirm with Defendants' counsel whether Defendants would permit Spire STL on the temporary easement areas and TAR-010 to perform the FERC ordered remediation work requested by Defendants. Spire STL was unable to confirm such access because Defendants' counsel either did not respond or refused to consent to such access despite multiple requests. The complete email exchanges related to access are attached as

**Exhibit 1**[1]. Declarants Zena Brown and Marc Steckel admit that Spire STL agents have been contacting them since March 2021 when the FERC order requiring the remediation work was issued to discuss temporary easement rights referenced in Spire STL's Motion. (d/e 177-1 Decl. Z. Brown ¶2; d/e 177-2 Decl. M. Steckel ¶2).

On or about June 15, 2021, Spire STL filed its Motion for Immediate Possession. On or about June 16, 2021, Defendants learned from a third party that the Motion had been filed. (Ex. 2 Decl. A. Sammet ¶3). On or about June 16, 2021, Tim Brown, Philip and Zena Brown's son, contacted Spire STL to set up the June 21, 2021 meeting referenced in Defendants' Response. (Ex. 2 Decl. A. Sammet ¶2-5). Prior to the June 16, 2021 call with Tim Brown, there was no meeting scheduled between Spire STL and the Browns on June 21, 2021. (Ex. 2 Decl. A. Sammet ¶6). Zena Brown did not schedule the June 21, 2021 meeting with Spire STL. (Ex. 2 Decl. A. Sammet ¶7). The June 21, 2021 meeting included Spire STL and members of the Brown Family. (Ex. 2 Decl. A. Sammet ¶8).

Spire STL met with Marc Steckel on June 11, 2021. (Ex. 1; Ex. 2 Decl. A. Sammet ¶9). On or about June 16, 2021, Marc Steckel contacted Spire STL to discuss the Motion, but did not request a meeting with Spire STL. (Ex. 2 Decl. A. Sammet ¶10-11). The June 21, 2021 meeting did not include Marc Steckel. (Ex. 2 Decl. A. Sammet ¶12).

Defendants imply on page 2 of their Response that the June 21, 2021 meeting included both the Browns and Steckel, and that the meeting predated the Motion filing. Defendants intentionally misstate on page 7 that the June 21, 2021 meeting was "previously schedule [sic]". Additionally, the following statement made by Declarant Zena Brown, who claimed to have personal knowledge, is false:

---

[1] Amounts offered in settlement have been redacted from the correspondence in Exhibit 1.

3.    At the time Spire filed its request for injunction relief, Spire and our family had a pre-arranged meeting to discuss and negotiate the same issues.

(d/e 177-1 Decl. Z. Brown ¶3).

While Zena Brown and Marc Steckel both state in their respective declarations that they "have not refused Spire access to the property", they both filed a Response to Spire STL's Motion requesting access in which they in fact object to Spire STL being granted access. (d/e 177; d/e 177-1 Decl. Z. Brown ¶6; d/e 177-2 Decl. M. Steckel ¶6). Despite implications in the Response, Defendants have not requested that all the FERC ordered remediation work be completed in an alternative timeframe.  To date, the status remains the same despite Defendants' representations in their Response, and there is no clear path forward regarding access to Defendants' property to complete the FERC ordered remediation work.

## II.    Spire STL does not seek leverage, but instead seeks access to perform work requested by Defendants and ordered by FERC, and for which Defendants would be compensated in this eminent domain litigation.

Defendants claim that the FERC Certificate has been vacated, but such claim is inaccurate. The FERC Certificate issued on August 3, 2018 in Docket No. CP17-40-000 / CP17-40-001 remains valid, as does FERC's March 18, 2021 Order. While the United States Court of Appeals for the District of Columbia issued its opinion on June 22, 2021 in *Environmental Defense Fund v. Fed. Energy Regulatory Comm.*, Case No. 20-1016, pursuant to DC Circuit Rule 35(a), Spire STL has 45 days from June 22, 2021 within which to file a Petition for Panel Rehearing or Rehearing *En Banc*. The mandate is not final until at least seven (7) days after the time to file a petition expires.  *See* Fed. R. App. P. 41 and DC Circuit Rule 41. If a petition is denied, the Clerk of the Court will then issue an order remanding the matter to FERC for further action. Until the DC Circuit issues the mandate, Spire STL's FERC Certificate remains valid and

in effect, and this Court continues to have jurisdiction to proceed with a determination on Spire STL's Motion.

Spire STL filed its request for access to the temporary easement areas and TAR-010 as described in the Exhibits to the Eminent Domian Complaint in this matter. By filing its Motion in the eminent domain litigation, Spire STL is not seeking to avoid compensating landowners for the temporary takings. In fact, the only remaining issue in this litigation is the amount of just compensation due landowners for the permanent and temporary takings. Any claim by Defendants that Spire STL's Motion seeking access was filed in the eminent domain case as an attempt to somehow "avoid paying for that right" is nonsensical.

WHEREFORE, Plaintiff, Spire STL Pipeline LLC, respectfully requests that this Court enter an Order granting immediate possession of the of the easements referred to as "Temporary Workspace", "Additional Temporary Workspace", and "Temporary Access Road" TAR-010 defined in Verified Complaint Exhibits 17A, 17B, 18A, 18B, 19A, 19B, 20A, 20B, 23A, 23B, 24A, 24B, 26A, and 26B, to Spire STL for the remediation work ordered by the FERC in its March 18, 2021 Order in Docket No. CP17-40-000 / CP17-40-001, and for any other relief that this Court deems just.

Dated: July 14, 2021                         Respectfully submitted,

                                             SPIRE STL PIPELINE LLC,
                                             Plaintiff,

                                             By: /s/ Lisa A. Petrilli
                                                      One of Its Attorneys

Sorling Northrup
Lisa A. Petrilli, of Counsel (ARDC #6280865)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:   (217)522-3173

E-Mail:  lapetrilli@sorlinglaw.com
*LEAD ATTORNEY / ATTORNEY TO BE NOTICED*

Sorling Northrup
David A. Rolf, of Counsel (ARDC #6196030)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:  (217)522-3173
E-Mail:  darolf@sorlinglaw.com
*ATTORNEY TO BE NOTICED*

## **CERTIFICATE OF SERVICE**

I hereby certify that July 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Joshua D. Evans
103 East Pearl Street
Jerseyville, IL 62016
Telephone: (618) 268-5081
office@jevanslegal.com

S.T. Turman Contracting, L.L.C.
c/o Scott Turman, Manager
300 Commerce Blvd.
Jerseyville, IL 62052
Email: stturman@gmail.com
        amyturman2@gmail.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email: stturman@gmail.com
        amyturman2@gmail.com

/s/ Lisa A. Petrilli
Sorling Northrup
Lisa A. Petrilli, of Counsel (ARDC #6280865)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone: (217)544-1144
Facsimile: (217)522-3173
E-Mail: lapetrilli@sorlinglaw.com

/s/ Lisa A. Petrilli

## Lisa A. Petrilli

**From:** Lisa A. Petrilli
**Sent:** Wednesday, June 9, 2021 4:22 PM
**To:** 'Joshua Evans'
**Cc:** David A Rolf; 'Sean Jamieson'; 'Khan, Nimra'; 'Pipeline Legal'
**Subject:** RE: Access to Temporary Workspace on Steckel and Brown for FERC Remediation

Josh,

We've attempted to negotiate resolution of all issues, and are now attempting to try and negotiate access to the temporary easement areas to perform the work your clients requested the FERC order Spire to undertake. We continue to receive no response from you on behalf of your clients. We understand that your clients' position is that Spire is not authorized to access the temporary easement areas because the injunction no longer covers those areas. If that is inaccurate, let us know.

We are again requesting consent from Mr. and Mrs. Brown and Mr. Steckel to access the temporary easement areas and TAR-010 to perform the FERC remediation work. If we do not hear from you by Friday, June 11, 2021 at Noon C.D.T., we will assume your clients continue to deny Spire's access to the temporary easement areas and TAR-010 needed to perform the FERC remediation work.

*Lisa A. Petrilli*
**Attorney**
Phone: 217-544-1144
Fax: 217-522-3173
lapetrilli@sorlinglaw.com

 1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Lisa A. Petrilli
**Sent:** Tuesday, June 8, 2021 2:51 PM
**To:** Joshua Evans <office@jevanslegal.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Sean Jamieson <sean.jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Pipeline Legal <PipelineLegal@spireenergy.com>
**Subject:** RE: Access to Temporary Workspace on Steckel and Brown for FERC Remediation

Josh,

In an attempt to negotiate use of the temporary easement areas / access road for approximately 4 weeks to perform the FERC remediation requested by your clients, Spire offers to compensate your clients for use of the temporary easement

**EXHIBIT 1**

areas described in the complaint, including Temporary Access Road TAR 010 (on tract no. IL-GC-080.100), but excluding Temporary Access Road TAR-009 (on tract nos. IL-GC-078.000 and IL-GC-080.100), as follows:

Mr. and Mrs. Brown
IL-GC-078-000 / IL-GC-080.100 - 8.52 acres (temporary easement areas and TAR-010) x █████ per acre x 10% = $█████
IL-GC-091.000 / IL-GC-092.000 – 6.04 acres (temporary easement areas) x $████ per acre x 10% = $█████
TOTAL: $█████

Mr. Steckel
IL-GC-110.000 / IL-GC-111.000 – 11.42 acres (temporary easement areas) x █████ per acre x 10% = █████
IL-GC-116.000 – 2.46 acres (temporary access areas) x $██████ x 10% = $█████
TOTAL: $█████

Regarding settlement negotiations, Spire made reasonable, well-supported offers to settle on April 16, 2021. Each outstanding issue was addressed and assigned value. When you requested additional support (i.e. MSG estimates), we timely provided that support to you together with a spreadsheet breaking down the offer into the outstanding issues and assigned values. Despite Spire's offers remaining open for 6 weeks, your clients failed to respond to the offers. You did not counter or attempt to negotiate settlement. Spire is happy to negotiate with your clients, but we are unable to do so when we don't know where your clients are. In order to negotiate settlement, you need to provide us with your clients unresolved issues and a demand for compensation to resolve those issues.

Again, I invite you to call me to discuss. Your phone number is not listed on any of your correspondence. I can be reached at the number below or on my direct line at (217) 527-3367.

*Lisa A. Petrilli*
Attorney
Phone: 217-544-1144
Fax: 217-522-3173
lapetrilli@sorlinglaw.com



SORLING
NORTHRUP
ATTORNEYS

1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Joshua Evans <office@jevanslegal.com>
**Sent:** Saturday, June 5, 2021 4:01 PM
**To:** Lisa A. Petrilli <lapetrilli@sorlinglaw.com>
**Subject:** Re: Access to Temporary Workspace on Steckel and Brown for FERC Remediation

Lisa:

As I recall Spire abandoned the temporary workspace. If Spire wishes to negotiate new rights on temporary workspace, we can have that discussion. Alternatively, I would suggest Spire and the landowners revisit settlement discussions. Perhaps those would be more fruitful in person.

-Josh

On Wed, Jun 2, 2021 at 10:56 AM Lisa A. Petrilli <lapetrilli@sorlinglaw.com> wrote:

Josh,

As you are aware, in order to perform the remediation work requested by your clients in accordance with FERC's March 18, 2021 Order, Spire requires access to the areas described as Temporary Workspace and Temporary Access Roads in the eminent domain complaint and its exhibits. The work Spire plans to perform is detailed in the remediation plans provided to your clients with Spire's April 16 offers. (See CSA Exhibit B.)

Please confirm that Mr. Steckel and Mr. and Mrs. Brown each consents to Spire's use of those temporary work areas to perform the remediation work. **Spire requires consent on or before Friday, June 4, 2021 at Noon C.D.T.**

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com



1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

## Lisa A. Petrilli

| | |
|---|---|
| **From:** | Lisa A. Petrilli |
| **Sent:** | Friday, May 28, 2021 2:07 PM |
| **To:** | Joshua Evans |
| **Cc:** | David A Rolf; Jamieson, Sean; Khan, Nimra; Sammet, Alex |
| **Subject:** | RE: MSG Estimates for Brown and Steckel |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Josh,

Should your clients accept Spire's offers, they can do the work whenever they prefer. Should the parties be unable to agree on settlement terms, Spire will provide to landowners its remediation plans and schedule in advance of the start date. If the landowners prefer Spire begin remediation at a later date (i.e. after the crops have been harvested), then landowners need to submit the request in writing to Spire, and include the landowners' preferred timeline for Spire to perform this work.

Spire will review and consider any claims for damage to crops in performing the remediation work that was requested by your clients and ordered by FERC.

Certainly Spire's preference is to resolve these matters in settlement. That is the reason Spire tendered offers to your clients six weeks ago that included a substantial increase in compensation over previous offers. With that being said, Spire's position on the expiration of these offers was made clear weeks ago. The offers expire at 5 p.m. C.D.T. today.

*Lisa A. Petrilli*
Attorney
Phone: 217-544-1144
Fax: 217-522-3173
lapetrilli@sorlinglaw.com



1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705

CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Joshua Evans <office@jevanslegal.com>
**Sent:** Friday, May 28, 2021 1:08 PM
**To:** Lisa A. Petrilli <lapetrilli@sorlinglaw.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Jamieson, Sean <Sean.Jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Sammet, Alex <Alex.Sammet@spireenergy.com>
**Subject:** Re: MSG Estimates for Brown and Steckel

Lisa:

I can appreciate your response. In light of that, my first question then would be- how are you going to begin remediation when the fields are planted? Is Spire wanting to pay for more crop loss? Wouldn't it make sense to sit down with these people you are trying to resolve this case with?

-Josh

On Fri, May 28, 2021 at 12:46 PM Lisa A. Petrilli <lapetrilli@sorlinglaw.com> wrote:

Josh,


My email was intended as a reminder that Spire's April 16 offers expire today at 5 p.m. C.D.T. since we had heard nothing from you.

As for our proposal regarding settlement discussions, you have our April 16 offers to Mr. Steckel and Mr. and Mrs. Brown and have had those for six weeks. If you have a counter or questions, we continue to invite those, but again the April 16 offers expire at 5 p.m. C.D.T. today.

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com



1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705


CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Joshua Evans <office@jevanslegal.com>
**Sent:** Thursday, May 27, 2021 9:31 AM
**To:** Lisa A. Petrilli <lapetrilli@sorlinglaw.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Jamieson, Sean <Sean.Jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Sammet, Alex <Alex.Sammet@spireenergy.com>
**Subject:** Re: MSG Estimates for Brown and Steckel

Lisa:

I am sorry I am just now getting back to you. I think it makes sense for us to get together. I know my client would like to resolve these issues on fair and reasonable terms. What would you propose in terms of settlement discussions? Were you thinking of mediation?

-Josh

On Thu, May 27, 2021 at 6:21 AM Lisa A. Petrilli <lapetrilli@sorlinglaw.com> wrote:

Josh,

I am following up again to see whether your clients, Mr. Steckel and Mr. and Mrs. Brown, have any questions regarding the settlement offers tendered on April 16, 2021.

As noted in my May 7, 2021 email below, these offers expire tomorrow (May 28, 2021) at 5 p.m. C.D.T. Should those offers expire, the amounts will not be re-offered and Spire will proceed with its efforts to perform the work in the remediation plans (CSA Exhibit B) and with the eminent domain litigation.

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com

3



1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Lisa A. Petrilli
**Sent:** Thursday, May 20, 2021 9:51 AM
**To:** Joshua Evans <office@jevanslegal.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Jamieson, Sean <Sean.Jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Sammet, Alex <Alex.Sammet@spireenergy.com>
**Subject:** RE: MSG Estimates for Brown and Steckel

Josh,

I am following up on my below email to see whether your clients have any questions or need additional information from Spire. Additionally, if you believe a meeting between your clients and Spire would be beneficial (with both sets of counsel present if preferred), let us know.

We look forward to hearing from you.

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com

4



SORLING
NORTHRUP
ATTORNEYS

1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Lisa A. Petrilli
**Sent:** Friday, May 7, 2021 6:34 PM
**To:** Joshua Evans <office@jevanslegal.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Jamieson, Sean <Sean.Jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Sammet, Alex <Alex.Sammet@spireenergy.com>
**Subject:** MSG Estimates for Brown and Steckel

**FOR SETTLEMENT PURPOSES ONLY**

Josh,

Attached are the Midwest Services Group (MSG) estimates for Mr. Steckel and for Mr. and Mrs. Brown. I've also attached a spreadsheet with the breakdown of Spire's offers to Mr. Steckel and to Mr. and Mrs. Brown. As you can see, Spire's offers include compensation for both the permanent and temporary workspace (orange and yellow, respectively), crop and hunting damages, where applicable (blue), and the full amount of MSG's estimate for the remediation costs (green)(adjusted as described below).

Regarding Mr. Steckel's estimate, the estimate was adjusted upward based on certain assumptions. Since Spire was unable to access the entire site at the time of the field visit to view the field conditions, the quote provided by MSG was short. Spire made adjustments to its offer to account for that shortage. This included offering an additional $▮▮▮▮ for decompaction and $▮▮▮▮ for **erosion repair. As you can** see in the **spreadsheet, the** $▮▮▮▮ offered by Spire is only slightly less than Mr. Steckel's own damage demand of $▮▮▮▮▮ previously provided by The Unsell Firm.

Regarding Mr. and Mrs. Brown's estimates, the only discrepancy in the estimates and the amount offered is a $██████ reduction in the amount offered for matting. A portion of the matting in the estimate was necessary only if required to stay within the permanent right-of-way. If your clients do the work themselves, they would not be confined to the permanent right-of-way and the matting costs would be $█████ less.

Your receipt of MSG's estimates should now have cleared up any alleged discrepancy. We look forward to your clients' responses.

**Spire's April 16, 2021 offers to Mr. Steckel and to Mr. and Mrs. Brown will remain open until May 28, 2021 at 5 p.m. C.D.T. at which time they will be withdrawn.** Once withdrawn, these amounts will not be re-offered and Spire will proceed with its efforts to perform the work in the remediation plans (CSA Exhibit B).

Should you need me to resend the proposed settlement documents, let me know.

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com



1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Joshua Evans <office@jevanslegal.com>
**Sent:** Wednesday, April 28, 2021 5:20 PM
**To:** Lisa A. Petrilli <lapetrilli@sorlinglaw.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Jamieson, Sean <Sean.Jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Sammet, Alex <Alex.Sammet@spireenergy.com>
**Subject:** Re: Marc Steckel Offer 1 of 4

Lisa:

Thanks for following up on this. I have forwarded your offers to my clients. I was told that Midwest Services Group walked the pipeline with my clients and were preparing bids for repair. I would like to see these bids.

To your larger question, my clients are interested in a global settlement, but it would seem to me the work they will assume is not commensurate with the price being paid. However, Midwest Services Group's bid would clear up any discrepancy.

Happy to chat further,

-Josh

On Mon, Apr 26, 2021 at 10:29 AM Lisa A. Petrilli <lapetrilli@sorlinglaw.com> wrote:

Josh,

I am following up to confirm your clients, Marc Steckel and Phil and Zena Brown, received Spire's April 16, 2021 settlement offers, and to determine whether they have a response.

Thank you,

*Lisa A. Petrilli*

Attorney

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com



| |
|---|
| SORLING NORTHRUP ATTORNEYS |

1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Lisa A. Petrilli
**Sent:** Friday, April 16, 2021 5:41 PM
**To:** Joshua Evans <office@jevanslegal.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>; Jamieson, Sean <Sean.Jamieson@spireenergy.com>; Khan, Nimra <Nimra.Khan@spireenergy.com>; Sammet, Alex <Alex.Sammet@spireenergy.com>
**Subject:** Marc Steckel Offer 1 of 4

Josh,

Attached find Spire's offer to Mr. Steckel to resolve all matters between the parties, including without limitation, the eminent domain case and the remediation work referenced in your below email. The offer of payment can be found in Section 1 of the CSA, and is offered in exchange for your client's execution of the attached Easement Agreements and Confidential Settlement Agreement (CSA).

Should your clients prefer Spire perform the remediation work, a description of the remediation plan can be found as Exhibit B to the CSA.

The offer will be sent in 4 separate emails. This email contains the CSA and Exhibits, and the other 3 will each contain one of Mr. Steckel's three easements and corresponding Exhibit B.

We look forward to your client's response.

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com



1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Joshua Evans <office@jevanslegal.com>
**Sent:** Friday, April 16, 2021 10:06 AM
**To:** Lisa A. Petrilli <lapetrilli@sorlinglaw.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>
**Subject:** Re: Confirmation of Discussions with Spire Land Agents

Lisa:

Thanks for that clarification. Will the scope of the work to be performed be outlined in the offer?

Thanks,

Josh

On Thu, Apr 15, 2021 at 5:48 PM Lisa A. Petrilli <lapetrilli@sorlinglaw.com> wrote:

Josh,

If you indicate that your clients prefer to discuss being compensated for the remediation work as opposed to having Spire perform the work, Spire will present a settlement offer to the Browns and Mr. Steckel (through counsel) intended to resolve <u>all</u> claims between the parties.

*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com



1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Joshua Evans <office@jevanslegal.com>
**Sent:** Thursday, April 15, 2021 3:13 PM
**To:** Lisa A. Petrilli <lapetrilli@sorlinglaw.com>
**Cc:** David A Rolf <darolf@sorlinglaw.com>
**Subject:** Re: Confirmation of Discussions with Spire Land Agents

Lisa:

Funny you emailed me. I was just talking about this case. The clients indicate it would depend on the scope of the work, but they are amenable to having those conversations about being paid to do the work.

This is just me talking, but is Spire willing to have that remedying damages discussion in conjunction with resolving the condemnation case? It would make sense to me as we each have an appraisal.

Thanks,

-Josh

On Thu, Apr 15, 2021 at 2:57 PM Lisa A. Petrilli <lapetrilli@sorlinglaw.com> wrote:

Josh,

My understanding is that both the Browns and Mr. Steckel communicated to Spire land agents that they prefer to be compensated for any remediation work required on their property as opposed to having Spire or its contractors perform the work.

Please confirm that is your clients' preference.

Thank you,


*Lisa A. Petrilli*

**Attorney**

Phone: 217-544-1144

Fax: 217-522-3173

lapetrilli@sorlinglaw.com




1 North Old State Capitol Plaza, Suite 200

P.O. Box 5131

Springfield, IL 62705


CONFIDENTIALITY NOTICE:  **This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.**


--

Confidentiality Notice:


This message is being sent by or on behalf of an attorney. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company, | )<br>)<br>) | |
|      Plaintiff, | )<br>) | |
| v. | )<br>) | Case No: 3:18-cv-03204 |
| BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON<br>TRUST #11-08, *et al.*, | )<br>)<br>)<br>) | |
|      Defendants. | )<br>) | |

### DECLARATION OF ALEX SAMMET

I, Alex Sammet, declare pursuant to 28 U.S.C. § 1746 the following:

1.    I am the Right of Way Area Manager for Spire STL Pipeline.

2.    On or about June 16, 2021, Tim Brown called me on my mobile phone.

3.    During the call, Tim Brown stated that Central Land Consulting told him Spire STL had filed a Motion for Preliminary Injunction against the Browns.

4.    During the call, Tim Brown requested a meeting with Spire STL land agents.

5.    During the call, we agreed to meet at the Brown's property on June 21, 2021.

6.    Prior to the June 16, 2021 call with Tim Brown, there was no meeting scheduled between Spire STL and the Browns on June 21, 2021.

7.    Zena Brown did not schedule the June 21, 2021 meeting nor has Zena Brown ever contacted me.

**EXHIBIT 2**

8.     On June 21, 2021, Dave Feeman and I met with Tim Brown, Philip Brown, and Zena Brown at the Brown's property.

9.     I met with Marc Steckel and Brian Rennecker from the Illinois Department of Agriculture at Marc Steckel's property on June 11, 2021.

10.    On or about June 16, 2021, Marc Steckel called me on my mobile phone.

11.    During that call Marc Steckel did not request a meeting.

12.    Marc Steckel did not attend the June 21, 2021 meeting at the Brown's property.

I, Alex Sammet, declare under penalty of perjury under the laws of the State of Missouri and the United States of America that the foregoing statements are true and correct.

Executed this 14th day of July, 2021, in Missouri.

Alex Sammet (Jul 14, 2021 13:44 CDT)

Alex Sammet