E-FILED
Thursday, 29 July, 2021  02:10:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>GERALD SCOTT TURMAN; *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  18-1502-NJR-SCW |

## SPIRE STL PIPELINE LLC'S OBJECTION TO DEFENDANTS' JOINT MOTION FOR RELIEF

NOW COMES, Plaintiff, Spire STL Pipeline LLC, ("Spire STL") by and through its attorneys, Sorling Northrup, Lisa A. Petrilli and David A. Rolf, of Counsel, and for its Objection to Defendants' Joint Motion for Relief (Doc. 216) states as follows:

### I.      Defendants' Motion is Without Merit and Must Be Denied.

The entirety of Defendants' Motion for Relief is premised on an incorrect argument that Spire's Certificate granted by the Federal Energy Regulatory Commission ("FERC") to construct, operate, and maintain the pipeline is no longer valid.  As will be discussed below, the opinion by the United States Court of Appeals for the District of Columbia ("DC Circuit") in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n* (attached as **Exhibit 1**) is not final. Defendants' request to vacate the Order of Condemnation, dissolve the preliminary injunction, eject Spire from the premises, set hearings for damages, and place all other proceedings on hold is without merit.

By order dated June 22, 2021, the DC Circuit issued its opinion vacating Spire's

Certificate and remanding to FERC for further proceedings. However, pursuant to DC Circuit

Rule 35(a), Spire (and any other respondent in the DC Circuit proceeding) has 45 days from June

22, 2021 (i.e., August 6, 2021) within which to file a Petition for Panel Rehearing or Rehearing

En Banc.  The mandate from the DC Circuit will not issue until seven (7) days after the time to

file a petition expires, or within seven (7) days after entry of an order denying a timely petition

for panel rehearing, petition for hearing en banc, or motion for stay of mandate, whichever is

later.  *See* Fed. R. App. P. 41 and DC Circuit Rule 41.  Spire will be exercising its right to seek

rehearing as provided by the Rules by filing an appropriate petition on or before August 6, 2021.

Only if Spire's petition(s) are denied will the Clerk of the Court then issue an order remanding

the matter to FERC for further action.  Moreover, FERC and/or Spire could choose to petition

the United States Supreme Court to hear the matter on an emergency basis.

Until the DC Circuit issues the mandate, Spire's Certificate remains in effect and the

allegations of the Complaint filed on August 15, 2018, as amended, regarding this Court's

jurisdiction are accurate and permit this Court to proceed with the hearing on just compensation

due to Defendants. This is because "'[u]ntil the mandate issues, ***an appellate judgment is not***

***final***; the decision reached in the opinion may be revised by the panel, or reconsidered by the *en*

*banc* court, or *certiorari* may be granted by the Supreme Court.'"  *Sabal Trail Transmission,*

*LLC v. Lasseter*, 823 Fed. Appx. 914, 918 (11th Cir. 2020) (quoting *Flagship Marine Servs., Inc.*

*v. Belcher Towing Co.*, 23 F.3d 341, 342 (11th Cir. 1994)) (emphasis added); see also *Bliss v.*

*Lockhart*, No. 90-2144, 1990 U.S. App. LEXIS 23152, at *2 (8th Cir. Dec. 26, 1990) (holding

the appeal process terminates when the appellate court issues its mandate); 15 U.S.C. § 717r(c)

(the commencement of judicial proceedings "shall not, unless specifically ordered by the court, operate as a stay on the Commission's order.").

The Eleventh Circuit's discussion in *Sabal Trail Transmission* is instructive.  In *Sabal Trail Transmission*, FERC issued Sabal Trail Transmission, LLC ("Sabal") a certificate of public convenience and necessity to construct and operate a natural gas pipeline.  823 Fed. Appx at 916. Like Spire, Sabal filed an action to condemn the easements needed to construct the pipeline, and the District Court granted Sabal immediate possession to begin construction.  *Id*.  At the same time, landowners and environmental groups challenged FERC's issuance of the certificate to Sabal.  *Id*.

In August 2017, the DC Circuit issued its opinion vacating Sabal's certificate and remanded to FERC for further consideration.  *Id*.  The DC Circuit stayed the issuance of the mandate to allow FERC to issue a new certificate to Sabal after preparing additional environmental impact statements that the DC Circuit found were lacking in the initial certificate. *Id*. FERC subsequently issued a renewed certificate to Sabal that included the required findings, and two weeks later, the DC Circuit issued its mandate directed to the initial certificate.  *Id*.

After the DC Circuit issued its opinion vacating the initial certificate, but before FERC issued a new certificate, a number of the defendant-landowners moved to dismiss the condemnation cases, contending Sabal lacked authority to maintain those cases without a certificate.  *Id*.  The District Court denied the motion, finding Sabal never lacked authority because FERC entered its order granting the renewed certificate before the mandate issued. *Id*. The condemnation cases proceeded to trial to determine just compensation and some of the landowners appealed, asserting the District Court erred in not dismissing the condemnation proceedings.  *Id*. at 918.  The Eleventh Circuit held the District Court correctly denied the

landowners' attempt to dismiss the condemnation proceedings, reasoning that the DC Circuit's opinion alone did not make Sabal's certificate legally inoperative, and Sabal never lacked authority to maintain the condemnation actions because FERC subsequently issued a renewed certificate before the mandate. *Id*.

As in *Sabal Trail Transmission*, Spire will be exercising its right to request further review and/or action as provided by the Federal Rules of Appellate Procedure and the DC Circuit's Local Rules. The outcome of these efforts whether before the DC Circuit, the Supreme Court, and/or FERC cannot possibly be known at this time. Although Defendants believe "Spire stands no chance" at salvaging its Certificate, there are numerous ways the DC Circuit-related litigation may ultimately be resolved, and *Sabal Trail Transmission* serves as an example of why Defendants' Motion is without merit.

What is certain at this juncture is that Spire's Certificate remains in effect unless and until the DC Circuit issues the mandate. Defendants' request for relief under Fed. R. Civ. P. 60(b)(5) is therefore unfounded. Further, in 2018 this Court sustained Spire's request for preliminary injunctive relief, and issued an Order of Condemnation, declaring that Spire has the authority under the Natural Gas Act, 15 U.S.C. § 717f(h) ("NGA") to condemn the subject parcels (Doc. 129), and granted Spire the authority to take physical possession of the subject parcels to construct and operate the pipeline. (Doc. 135) Contrary to Defendants' assertions, issuance of the DC Circuit's opinion alone does not qualify as a change in circumstances that warrant any reconsideration of the prior Orders granting Spire's preliminary injunction requests under Fed. R. Civ. P. 60(b)(5).

Moreover, Defendants' claim that permitting Spire to "retain possession of the property" places the landowners' Fifth Amendment rights at risk is wholly without merit. As Defendants

acknowledge on page 13 of their Memorandum, this Court currently retains and will continue to retain jurisdiction over these matters. Specifically, Rule 71.1 provides, in relevant part:

> At any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property. ***But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken***.

Fed. R. Civ. P. 71.1(i)(C) (emphasis supplied).

Thus, just compensation due pursuant to the Fifth Amendment associated with the taking of the permanent and temporary easements and installation of the pipeline is due to the landowners regardless of the ultimate outcome before the DC Circuit.

## II.      Conclusion

The DC Circuit's opinion in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, is not final, and will not be final until the mandate is issued. *Sabal Trail Transmission* demonstrates why Defendants' request that the Court take the drastic measures of vacating the Order of Condemnation, dissolving the injunctions, and ejecting Spire from the landowners' properties before the DC Circuit's mandate has even issued is without merit. Spire therefore respectfully requests the Court deny Defendants' Motion for Relief in its entirety and permit the case to proceed in accordance with the Scheduling Order. (Doc. 198 as modified by Doc. 205)

WHEREFORE, Plaintiff, Spire STL Pipeline LLC, respectfully requests this Court deny Defendants' Joint Motion for Relief in its entirety, and for any other relief that this Court deems just.

Respectfully submitted,

SPIRE STL PIPELINE LLC,
Plaintiff,

By:  /s/ Lisa A. Petrilli
         One of Its Attorneys

Sorling Northrup
Lisa A. Petrilli, of Counsel (ARDC #6280865)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:  (217)522-3173
E-Mail:  lapetrilli@sorlinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Sorling Northrup
David A. Rolf, of Counsel (ARDC #6196030)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:  (217)522-3173
E-Mail:  darolf@sorlinglaw.com
*ATTORNEY TO BE NOTICED*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Jordan H. Walker
Sever Storey, LLP
881 3rd Ave SW, Suite 101
Carmel, IN  46032
Email: jordan@landownerattorneys.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email:  stturman@gmail.com
            amyturman2@gmail.com

/s/ Lisa A. Petrilli
Sorling Northrup
Lisa A. Petrilli, of Counsel (ARDC #6280865)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:  (217)522-3173
E-Mail:  lapetrilli@sorlinglaw.com