IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC,<br>A Missouri limited liability company,<br><br>    PLAINTIFF<br><br>    vs.<br><br>BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON TRUST<br>#11-08, et al., *et al*.<br><br>    DEFENDANTS | Cause No.: 3:18-cv-03204 |

**DEFENDANT-LANDOWNERS' REPLY TO PLAINTIFF SPIRE'S RESPONSE TO MOTION TO VACATE AND DISSOLVE**

### I.     OVERVIEW

Plaintiff Spire STL Pipeline's Response to Defendant Landowners' Motion to Vacate and Dissolve (Doc. 639) is more noteworthy for what it omits than what it asserts. For example, Plaintiff never disclosed that two days before filing its Response, Plaintiff submitted an Emergency Certificate to the Federal Energy Regulatory Commission (FERC) (attached as Exhibit 1) to ensure continuity of service now that the certificate has been vacated. Nor did Plaintiff bother to mention that it is so concerned about the imminent loss of the certificate that it disclosed the risk of shutdown to investors in its most recent Form 8-K Filing. *See* Exh. 1, Temporary Certificate Application at 11 (citing SEC report).

It should come as no surprise that Plaintiff is worried. After all, the D.C. Circuit averages a grant of approximately three rehearing en banc petitions each year meaning that Spire's chance

of reversal is next to none (another fact that Plaintiff conveniently omitted).[1] Yet even as the Plaintiff is busy readying alternative arrangements in anticipation of losing its certificate, it comes before the Court feigning business as usual, urging it to ram through as many just compensation hearings as possible under a certificate that the Plaintiff's own actions demonstrate is no longer valid.

Whether the D.C. Circuit ruling is not yet effective has no bearing on this Court's ruling. In the wake of the *EDF v. FERC* ruling and the D.C. Circuit's expressed lack of faith that the FERC certificate may be rehabilitated, this Court can no longer be assured that Spire's taking is for a public purpose, which is a constitutional imperative. Nor can the Court assume -- as it did in Order Granting the Preliminary Injunction -- a likelihood that the Plaintiff will succeed in securing a new certificate of remand. Accordingly and Defendants argued in their Motion (Doc. 625), this Court must vacate the Condemnation Order, Dissolve the Injunction, eject Spire from the properties and put the just compensation proceedings on hold.[2]

## II.   ARGUMENT

### A.   Whether or Not the D.C. Circuit Mandate Has Issued Does Not Matter

Plaintiff's sole argument for pressing forward to seize legal title to Defendant-landowners' property by subjecting them to costly just compensation hearings for a taking that the D.C. Circuit has ruled does not serve the public convenience is that the court order is not yet effective because the mandate has not issued. Doc. 639 at 2. Yet even as Plaintiff makes this argument out of one side of its mouth, Plaintiff has asked FERC to grant an

---

[1] *See* Yale Journal of Regulation Blog Post (2018), online at https://www.yalejreg.com/nc/d-c-circuit-review-reviewed-en-banc-review/

[2] On August 2, 2021, the Southern District of Illinois issued an order staying condemnation proceedings until the D.C. Circuit judgment in *EDF v. FERC* is final. *Spire STL Pipeline LLC v. Turman, Docket No. 3:2018-cv-01502 (S.D. Ill. August 2021), Doc. 220.*

1

temporary certificate *no later than August 12, 2021* (Exh. 1 at 3). In other words, even though Plaintiff's own auctions show that it has no confidence that its certificate will remain effective, it nevertheless asks the Court to unquestioningly treat the certificate as fully valid because the mandate has not yet issued. Plaintiff can't have it both ways.

Plaintiff relies on *Sabal Trail Transmission LLC. v. Lasseter,* 823 Fed. Appx. 914, 918 (11th Cir. 2020), a pipeline condemnation case out of Georgia to support its position that just compensation hearings should move ahead. In *Lasseter*, the D.C. Circuit issued an intervening decision in *Sierra Club v. Fed. Energy Regulatory Comm'n*, 867 F.3d 1357 (D.C. Cir. 2017) vacating the underlying FERC certificate after the federal district court had issued an order granting immediate possession to Sabal but before just compensation hearings commenced. The landowners moved to dismiss the condemnation action and Sabal opposed, arguing that the D.C. Circuit ruling was not final because the mandate had not issued.

*Lasseter* is distinguishable on several counts. For starters, the D.C. Circuit's ruling in *Sierra Club*, 867 F.3d 1357 was hardly as devastating as its decision in *EDF v. FERC*. In *Sierra Club*, the D.C. Circuit found that in granting the certificate, FERC did not consider the impacts of greenhouse gas emissions resulting from downstream combustion of gas transported by the pipeline and sent the matter back to FERC to evaluate the impacts or explain why it could not do so. But unlike the *EDF* ruling, *Sierra Club* never opined that the certificate was incapable of rehabilitation or expressed concern that FERC's failure to rigorously evaluate project need could result in an unauthorized exercise of eminent domain. *See EDF v. FERC* at *6.

In *Sierra Club*, there was never a doubt that Sabal would lose the certificate because the court gave FERC two options: evaluate downstream impacts or explain why it could not. By contrast, here, FERC must do much more on remand: it must examine whether Plaintiff engaged

2

in self-dealing and then balance the project benefits against adverse impacts which include excessive taking of property through eminent domain. It must decide whether a new certificate is warranted, and if so, what terms and conditions will mitigate adverse impacts. And of course, the D.C. Circuit itself doubted that FERC could salvage the certificate. Thus, whether or not a mandate has issued is a mere technicality because given the D.C. Circuit opinion, Plaintiff can no longer satisfy the "likelihood of success" prong of injunctive relief - *i.e.*, that it will retain the certificate upon which injunctive relief is based. Indeed, if Plaintiff were as confident of the likelihood that its certificate would remain intact, it would not be applying to FERC for an emergency certificate and disclosing risk of shut down to investors.

Second, in *Lasseter*, the landowners sought to dismiss the condemnation complaint, not to vacate the injunction. The distinction is significant because a condemnation action may be dismissed only when the certificate is invalidated, while vacating the condemnation order and inunction order may be granted through a showing that the underlying order was vacated or that the four factors justifying injunctive relief are no longer satisfied due to changed circumstances. *See* Motion, Doc. 625 at 5-10. Defendants can make this showing whether or not the D.C. Circuit has issued the mandate.

Finally, in *Lasseter*, the court declined to dispose of the landowners' motion to dismiss even though the mandate had not issued and the certificate was technically valid. Instead, the district court deferred ruling on the motion to dismiss until the District of Columbia Circuit issued its mandate. *Sabal Trail Transmission, LLC v. Lasseter*, No. 18-13114, at *3-4 (11th Cir. Aug. 5, 2020). By that time, FERC had already re-issued a new certificate so the court denied the motion to dismiss the complaint. Thus, if this Court declines to dissolve the injunction before the mandate issues, at the very least, it should follow the *Lasseter* court's lead and defer

action on the motion to dissolve and put the just compensation hearings until a mandate issues to preserve the status quo..

**B.     Section 71.1 Does Not Shield Plaintiffs From Constitutional Violations**

Defendants argued that pushing forward with compensation hearings under an infirm certificate results in an unconstitutional taking of private property for a project that does not serve the public convenience. The D.C. Circuit echoed similar concerns in *EDF v. FERC*, where it emphasized that vacating the certificate was necessary to avoid encouraging a take and build first, review later scenario.

Citing Rule 71.1, Plaintiff argues that "a court must award compensation" if the condemnor has taken title or a lesser interest in the property, thus providing just compensation to the landowner as required by the Fifth Amendment. But Plaintiff misses the point. Here, the constitutional infirmity is not the deprivation of just compensation but rather the taking of private property without a finding of public need or public use by FERC.

Moreover, Rule 71.1 only applies where a condemnation complaint is dismissed due to a subsequent abandonment of the project, not where a condemnation order is invalidated because the underlying certificate was overturned. *C.f., Constitution Pipeline Co. v. 3.62 Acres & Temp. Easements for 3.08 Acres in Middleburgh,* Cases 1:14-CV-2000, et al (N.D.N.Y. Sep. 17, 2020)(holding hearings to compensate landowners for taking of lesser interest following pipeline's abandonment of a project). Plaintiff's suggestion that these wrongful takings cases can be resolved simply by compensating Defendants for use or occupation of property *that Plaintiff never had a right to take to begin with* is utterly inadequate.

### III.     CONCLUSION

The Plaintiff's actions speak more powerfully than its pallid motion. While Plaintiff argues that the certificate will remain effective for the foreseeable future and just compensation proceedings can march on, Plaintiff's application to FERC for a temporary certificate by August 13 and its SEC 8K disclosure that shut-down of the pipeline is imminent shows that Plaintiff knows that the jig is up.   If the certificate is intact as Plaintiff claims, there would have been no reason for Plaintiff to file for emergency relief with FERC and make investor disclosures. On the other hand, if the certificate is invalid as Plaintiff's actions prove, then how can Plaintiff justify the continuation of just compensation hearings and transfer of legal title? The certificate is either invalid for all - landowners, investors and FERC alike - or it is not. Plaintiff cannot have it both ways.

Accordingly, this Court give the Plaintiff exactly what it has asked for before FERC and inventors:  treatment of the FERC certificate as invalid in light of the D.C. Circuit's ruling in *EDF v. FERC* and grant the relief requested in the Motion to Vacate and Dissolve (Doc. 625) and put all compensation hearings (and discovery related thereto) on hold immediately to prevent legal title from transferring and spare landowners (not to mention taxpayers, who foot the Commissioners' bills) of the expense of unnecessary proceedings.

Dated: July 30, 2021

                                      Respectfully submitted,
                                      **/s/ *Carolyn Elefant***
                                      Carolyn Elefant, *pro hac vice*
                                      Law Offices of Carolyn Elefant, PLLC
                                      1440 G Street, NW, 8th Floor
                                      Washington, D.C. 20005
                                      T: (202) 297-6100
                                      E: Carolyn@carolynelefant.com
                                       Attorney for Defendant-Landowners

*/s/ Joshua R. Evans*
Illinois Bar No. 6318288
GREAT RIVER INJURY LAW
103 East Pearl
Jerseyville, IL 62052
Telephone: 618-498-0001
office@jevanslegal.com

## CERTIFICATE OF SERVICE

I, Carolyn Elefant, certify that on this 2nd day of August 2021 I caused the foregoing Reply to be served by electronic mail to parties and counsel.

/s/ *Carolyn Elefant*
Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendant