IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

SPIRE STL PIPELINE LLC, )
a Missouri limited liability company, )
)
Plaintiff, )
)
v. ) Case No: 3:18-cv-03204
)
BETTY ANN JEFFERSON as TRUSTEE )
of the BETTY ANN JEFFERSON )
TRUST #11-08, *et seq.*, )
)
Defendants. )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE RELATED TO COUNT XV

NOW COMES, Plaintiff, Spire STL Pipeline LLC, ("Spire STL") by and through its attorneys, Sorling Northrup, Lisa A. Petrilli and David A. Rolf, of Counsel, and for its Memorandum of Law pursuant to Local Rule 7.1 in support of its Motion in Limine related to **Count XV** v. Darrell L. Mansfield and Jo Ann Mansfield as Co-Trustees of the Darrell L. Mansfield Trust No. 2014, Darrell L. Mansfield and Jo Ann Mansfield as Co-Trustees of the Jo Ann L. Mansfield Trust No. 2014 (collectively hereinafter referred to as "Defendants"), and 7.09 Acres More or Less Located in Greene County, Illinois states as follows:

**I.  Introduction**

This condemnation action was brought under the federal Natural Gas Act ("NGA"). According to the NGA and the Federal Rules of Civil Procedure, federal rules and procedures apply to condemnation cases brought in federal court under this Act, but state substantive law applies. FRCP 71.1; Natural Gas Act, 15 U.S.C.S § 717 (2009). The only question under federal and state law for the commission to decide in this matter is the just compensation to be paid to

the owner for the easements sought to be condemned. *See City of Chicago v. Anthony*, 136 Ill. 2d 169, 174, 144 Ill. Dec. 93, 554 N.E.2d 1381 (1990), *citing Sanitary District v. Johnson*, 343 Ill. 11, 16 (1931). Illinois substantive law is used to determine compensation. FRCP 71.1; Natural Gas Act, 15 U.S.C.S § 717 (2009).

On August 15, 2018, Spire STL filed its Eminent Domain Complaint against Defendants. In December 2018, Spire STL obtained an Order of condemnation for a permanent easement and temporary easements through certain property owned by Defendants. The Defendants own property in Greene County, Illinois, identified in Count XV, Exhibits 16A and 16B to the Complaint (IL-GC-068.000) (hereinafter the "Subject Property").

After entry of the Order of Condemnation, the remaining issue became the amount of compensation due Defendants for the partial taking. This Motion seeks to bar certain opinions and independent evidence related to compensation due Defendants that was provided to Spire STL by the Defendants.

## II.   Motions in Limine

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court has broad discretion to rule on evidentiary questions raised in motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir.2002). Nevertheless, a court should grant a motion in limine excluding evidence when the movant shows that the evidence "is inadmissible on all potential grounds." *CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 591, 597 (N.D.Ill.2009) (citing *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D.Ill.2003).

### III. Defendants' evidence of fair market value.

On or about November 2, 2018, Spire STL sent Interrogatories to Defendants, but Defendants did not answer those Interrogatories. Under the Scheduling Order entered on July 29, 2020, FRCP Rule 26(a)(2) expert witness disclosures were due by February 1, 2021. Prior to that date, counsel for Defendants filed a Motion requesting additional time to disclose experts. On January 28, 2021 (TEXT ORDER), Magistrate Judge Schanzle-Haskins granted the Motion in part extending the date for expert witness disclosure to March 1, 2021 and stating:

> Defendants' Joint Motion to Extend Certain Deadlines [165] is ALLOWED in part over objections. The importance of securing soil opinions may be relevant for purposes of discovery, but the Court is concerned that the parties have had several months to get expert reports prepared and a 60-day extension may interfere with completing expert depositions in a timely fashion which, in turn, could delay the dispositive motions deadline and the rest of the schedule of this matter.

On March 1, 2021, Defendants' attorney sent an email to Plaintiff's attorney stating:

> Attached please find the Landowner Expert Reports for Central and Southern Districts. Because we were unable to retain an appraiser, landowners, as is their right, intend to testify on valuation and have updated their interrogatory responses accordingly which are also attached.

A copy of the March 1, 2021 email is attached and incorporated herein as **Exhibit 1.** While counsel claims to have attached "Landowner Expert Reports", no Rule 26 compliant reports related to value of the property or compensation for the easement interests sought were attached. Instead, counsel submitted the following for each set of defendant landowners, including Defendants:

1. "Defendant's Objections to Plaintiff's Second Set of Interrogatories" by Defendants for IL-GC-068.000 is attached and incorporated herein as **Exhibit 2** (hereinafter referred to as "Defendants' Objections").

2. CJ Dozer Service Estimates for IL-GC-068.000, attached and incorporated herein as **Exhibit 3** (hereinafter referred to as "CJ Dozer Service Estimates").

3. Soil report for IL-GC-068.000 by Kyle Horn.

3

The Soil Report does not contain any opinions related to value of the Subject Property or compensation due for the easement interests sought.

Defendants' Objections purportedly offered by Defendant Jo Ann Mansfield by and through her undersigned counsel, state the following for IL-GC-068.000:

> 24. State the current per acre fair market value of the property, and the basis therefore.
>
> ANSWER: The current per acre fair market value of my property is approximately $7,404.55 based on other agricultural properties in Scott and Greene County that are currently for sale. Prior to construction, I estimate my property, tract IL-GC-068.000 to be worth approximately $1,201,882.73 based on these same parameters. In assessing the impact of the taking using these current per acre values, I conclude the following:
>
> 1. Permanent Easement Taking of 3.05 acres at 100%: $22,583.86.
>
> 2. Temporary Taking of 4.04 acres and residual damages of 9.33 off-ROW acres at 50%: $49,499.39
>
> 3. Stigma damages to the remainder of IL-GC-068.000: $180,282.41.
>
> Based on these parameters and calculations, I conclude that the full value of Spire's permanent and temporary taking, including both on-ROW and off-ROW impacts to be approximately $252,365.66. I should be noted however, that this valuation of Spire's taking of my property does not fix the issues that have been created nor does it include crop loss, tree loss, or any other direct loss that has arose from the taking or the implications of the taking. These issues will compound and likely worsen as time passes.

Defendants' Objections do not identify the name of the individual who provided the information contained therein. Defendants' Objections were not verified by any Defendant, and were not signed by anyone, including counsel for Defendants. Defendants' Objections are dated October 30, 2019, which appears to be an error as Elefant did not represent Defendants at that time, and the Defendants' Objections were not tendered until March 1, 2021.

**IV.   Defendants' evidence of fair market value is not admissible.**

4

### A. Defendants did not properly disclose an expert witness on valuation.

Rule 26(a)(2)(A) requires a party to disclose the identity of a witness who will present expert testimony. FED. R. CIV. P. 26(a)(2)(A). For retained experts, Defendants are required to provided a written report in accordance with Fed. R. Civ. P. 26(a)(2)(B). For non-retained experts, Defendants are required to identify the expert and state: (1) the subject matter of the expert testimony; and (2) "a summary of the facts and opinions" on which the expert is expected to testify. FED. R. CIV. P. 26(a)(2)(C). Finally, "all disclosures under Rule 26(a) must be in writing, signed, and served." FED. R. CIV. P. 26(a)(4).

Rule 37(c)(1) sets forth the sanction for failing to comply with Rule 26(a)'s expert disclosure requirements:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Accordingly, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

The plain meaning of Rule 26(a)(2) demands a formal designation for expert disclosures. *Musser*, 356 F.3d at 757. That duty to disclose a witness as an expert is not excused when a witness who will testify as a fact witness and as an expert witness is disclosed as a fact witness. *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012).

Defendants did not tender Answers to Interrogatories. On March 1, 2021, the date on which expert disclosure and reports were due, Defendants' counsel did not submit any expert disclosures or reports related to valuation of the Subject Properties or to compensation for the easement interests sought that complied with the requirements of the Federal Rules of Civil

Procedure. Instead, Defendants through counsel emailed a link to a file titled "Elefant Interrogatory Supplement 3-1-21" which contained Defendants' Objections. Defendants' Objections neither identify an expert witness, nor are they verified or signed by Jo Ann Mansfield, or anyone else. Defendants' counsel has also not signed. Defendants' Objections which appear to supplement the answer to a single interrogatory does not comply with the requirements of Fed. R. Civ. P. 26(a)(2). Because Defendants' disclosure is not compliant with Fed. R. Civ. P. 26(a)(2), Fed. R. Civ. P. 37(c)(1) prohibits Defendants use of the information provided in Defendants' Objections.

While Defendants' counsel's email states that "landowners, as is their right, intend to testify on valuation and have updated their interrogatory responses accordingly," neither Defendants' Objections nor Counsel's March 1, 2021 email identifies any landowner or anyone else as an expert. All this despite Defendants' verified Answers to Interrogatories that state "such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order." Defendants admittedly did not retain an appraiser or other valuation expert, despite knowing an expert needed to be disclosed, and having had sufficient opportunity to make the disclosure.

The reason for requiring disclosure pursuant to Fed. R. Civ. P. 26(a)(2) is apparent from Defendants' Objections and those nearly identical "Defendant's Objections" provided by the other landowners in Greene County. (*See Motion in Limine* on Count VII, *Motion in Limine* on Count XII, and *Motion in Limine* on Counts XX and XXI filed of same date.) Each of the documents titled "Defendant's Objections" provided by counsel state that the per acre value for all four properties in Greene County is $7,404.55, despite the varying types of property at issue in Greene County. It is highly unlikely, if not impossible, for seven separate defendants with

6

interests in five different properties to believe their property to be worth the exact same $7,404.55 per acre. These opinions are likely those of Defendants' counsel or a single undisclosed "expert" and should not be admissible. Due to the improper nature of these disclosures as made, allowing their admission will highly prejudice Spire STL.

**B.    Even if Defendants' ownership of the Subject Property permits Defendants to offer an opinion of value, the information in Defendants' Objection is irrelevant and otherwise inadmissible.**

Just compensation is the fair market value of the subject property at its highest and best use on the date of filing of the complaint to condemn. *Anthony*, 136 Ill. 2d at 174; *Trustees of Sch. Of Twp. No. 37 v. First Nat. Bank of Blue Island*, 49 Ill. 2d 408, 411 (1971). Where an easement is taken through unimproved property, the fair market value is determined using the market approach, which finds similar properties that have been recently sold and compares those sales properties to the subject property. *Dept. of Trans. v. Central Stone Company*, 200 Ill. App. 3d 841, 843-44, 146 Ill. Dec. 779, 558 N.E.2d 742 (4th Dist. 1990). Factors to be considered in determining whether the sale property is similar to the subject property include the following: zoning, locality, quality, character, size, nature, improvements and usefulness. *Id.* at 845; *Dept. of Trans. v. Chicago Title & Trust Company*, 303 Ill. App. 3d 484, 500, 236 Ill. Dec. 510, 707 N.E.2d 637 (1st Dist. 1999); *Lake County Forest Preserve Dist. v. O'Malley*, 96 Ill. App. 3d 1084, 1087-88, 52 Ill. Dec. 117, 421 N.E.2d 980 (2nd Dist. 1981).

**1.    The date of value is the date of taking, August 15, 2018, and the purported value of the Subject Property on or about March 1, 2021, is irrelevant and inadmissible.**

Just compensation due Defendants is the fair market value of the Subject Property adapted to its highest and best use on August 15, 2018, the date Spire STL filed its Eminent

7

Domain Complaint against Defendants. Any inquiry into post filing activity or value should be disregarded. *County of St. Clair v. Wilson*, 284 Ill. App. 3d 79, 89 (5th Dist. 1996).

On or about March 1, 2021, Defendants admit they did not retain an appraiser, and purportedly state that the per acre fair market value of the Subject Property on March 1, 2021 is approximately $7,404.55. The value of the Subject Property on March 1, 2021 is irrelevant where the date of valuation is August 15, 2018, nearly two and a half years prior to Defendants' Objections. Because Defendants' Objections fail to contain an opinion as to the value of the Subject Property on August 15, 2018, the opinions contained therein are irrelevant and inadmissible to show the value needed to determine compensation on the date of taking.

    **2.    Listings are not comparable sales and may not be used to determine fair market value.**

Defendants not only fail to value the Subject Property on the date of taking, they also impermissibly base the value on "agricultural properties in Scott County that are currently for sale" on March 1, 2021. Illinois courts have firmly established that in assigning value to a condemned property, actual sales are the best evidence. *City of Chicago v. Lehmann*, 262 Ill. 468, 474 (1914). The Illinois Supreme Court has also made clear that an asking price of properties for sale is not admissible as evidence of a property's value. *Illinois Cent. R. C. v. Roskemmer*, 264 Ill. 103, 108 (1914). The reason being that asking prices are often inflated and can reflect an owner's self-serving agenda. *Dep't of Conservation v. Kyes*, 57 Ill. App. 3d 563, 567 (2d Dist. 1978).

Defendants' Objection states that the value of the Subject Property of $7,404.55 per acre is based entirely on "agricultural properties in Greene county that are currently for sale." The listing price of properties currently for sale in Greene Counties is not admissible as evidence of a property's value. Because Defendants' Objection uses listing prices to determine the value of the

Subject Property, such evidence of value is inadmissible. Defendants' Objection also appears to use the same listing value to determine the value of the permanent easement and temporary easement areas, and as such those values are also inadmissible.

> **3.  Defendants' conclusions related to the amount of compensation due for the taking violate the unit rule, and result in excess compensation to Defendants.**

Defendants in their Objections on IL-SC-022.000 "conclude" the following:

1.  Permanent Easement Taking of 3.05 acres at 100%: $22,583.86.
2.  Temporary Taking of 4.04 acres and residual damages of 9.33 off-ROW acres at 50%: $49,499.39
3.  Stigma damages to the remainder of IL-GC-068.000: $180,282.41

Defendants then add each of the above together to "conclude" the amount of compensation due Defendants to be "approximately $252,365.66."

The purpose of just compensation is to put the property owner in the same economic position as if no condemnation took place; it should not result in financial improvement or excess. *People ex rel. Director of Finance v. Young Women's Christian Association*, 74 Ill.2d 561, 572 (1979), overruled on other grounds by *People v. Ortiz*, 196 Ill.2d 236 (2001). A "partial taking" occurs when only a portion of a whole tract is taken by eminent domain. *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill.App.3d 900, 904 (4th Dist. 2000). Just compensation for a partial taking consists of: (1) the fair market value of the property taken at its best use on the date of filing; and (2) the difference between the fair market value of the remainder prior to the taking and its fair market value after the taking and improvement. *Department of Public Works and Buildings v. Barton*, 371 Ill. 11, 16 (1939). The unit rule provides that, in partial takings, the part taken must be valued as part of the whole, with all capabilities and best uses considered. *Forest Preserve District of Cook County v. Wing*, 305 Ill. 194, 196, 137 N.E. 139 (1922).

Spire STL seeks only an easement for an underground natural gas pipeline. Defendants retain all interests in the Subject Property that do not interfere with Spire STL's operation of the underground pipeline. Spire STL does not seek a fee interest, nor will a fee interest in any part of the Subject Property be granted to Spire STL. Since Defendants will retain at least a partial interest in all of the Subject Property, compensation due for the permanent easement for the underground pipeline cannot be 100% of the fee value without resulting in excess payment to Defendants.

Furthermore, Defendants do not determine the difference between the fair market value of the Subject Property before the taking and the fair market value of the Subject Property after the taking. Instead, Defendants assign differing values to certain portions of the Subject Property, and then add those values together to conclude an approximate amount of compensation they believe to be due for the partial taking. Defendants' conclusions violate the unit rule and result in excess payment to Defendants, and are therefore inadmissible.

### 4. The easement areas cannot be expanded by Defendants to include additional acreage or compensation.

The general rule is that the extent of the take is a decision for the condemning authority which may not be modified by the judiciary or the Defendants. Provided Spire STL acts within the scope of authority granted it by the Federal Energy Regulatory Commission ("FERC") as set forth in the FERC Certificate, Spire STL cannot be compelled to take other than what it has determined is needed. *See United States v. 21.54 Acres of Land,* 491 F.2d 301, 304 (4th Cir. 1973).

An Order of condemnation was entered by this Court which acknowledged Spire STL's right to condemn specific permanent and temporary easements as described and shown in the exhibits to the Eminent Domain Complaint. Defendants in their Objections attempt to greatly

expand the area of the temporary easements from 4.04 acres to 13.37 acres on IL-GC-068.000. Neither Defendants nor the Court may expand the temporary easement areas forcing Spire STL to take more than authorized in the Order of condemnation. The additional acreage exceeding the acreage specified in the Order of condemnation and contained in Defendants' Objection item #2 for "Temporary Taking", and the compensation Defendants conclude is due for the taking of this additional acreage, is inadmissible.

### 5. Stigma damages are not recoverable, and conclusions based on stigma damages are inadmissible.

Where a valuation opinion on land was based even in part, on "fear" and "stigmatism" associated with pipelines the trial court was proper in barring valuation opinion admission. *Enbridge Energy (Illinois), L.L.C. v. Kuerth*, IL App (4th) 150519, ¶ 95. Such assessment by landowners of the value of their property is based in fear and ultimately is subjective, speculative, and improper evidence to use in assessing the just compensation owed to them. *Id.*

Where landowner testimony is based on improper factors, including fear and stigma, the testimony should be excluded. *Enbridge Pipeline (Illinois), LLC v. Monarch Farms, LLC*, 2017 IL App (4th) 150807, ¶ 77. In *Monarch Farms, LLC*, landowners wanted to introduce testimony that included harm of potential oil leaks, unfounded speculation about hydrostatic testing, and unspecified safety concerns. *Id.* The court categorically barred all such testimony. Absent some proximity to real danger, mere fear is not enough to create a substantial basis of an element of depreciation for a property. *Trunkline Gas Co. v. O'Bryan*, 21 Ill. 2d 95, 102, 171 N.E.2d 45, 50 (1960).

The conclusions in Defendants' Objections for IL-GC-068.000 contain an amount for "Stigma damages to the remainder" without further discussion. These "Stigma damages" far exceed the value of any other item concluded in Defendants' Objections. Stigma damage in

11

Illinois, also referred to as "fear" or "stigmatism" associated with pipelines, and damages or compensation based on such stigma is inadmissible. Since the amount Defendants conclude is owed them includes damages based on stigma, the opinions and conclusions in Defendants' Objections are inadmissible. At the very least, the portion of Defendants' Objections related to "Stigma damages" should be stricken and deemed inadmissible.

### C. CJ Dozer Service is not a properly disclosed expert, and its estimate is irrelevant and inadmissible.

#### 1. CJ Dozer Service is not a properly disclosed expert.

Rule 26(a)(2)(A) requires a party to disclose the identity of a witness who will present expert testimony. FED. R. CIV. P. 26(a)(2)(A). For retained experts, Defendants are required to provide a written report in accordance with Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i) through (vi).

The plain meaning of Rule 26(a)(2) demands a formal designation for expert disclosures. *Musser*, 356 F.3d at 757. CJ Dozer Service is not a witness or person who is able to offer testimony, nor is any individual from CJ Dozer Service disclosed as a retained expert in

accordance with Fed. R. Civ. P. 26(2)(A). The CJ Dozer Service Estimates provided to Spire STL on or about March 1, 2021 are not expert reports and do not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B). The CJ Dozer Service Estimates lack all the items described in Fed. R. Civ. P. 26(a)(2)(B) that are required to be part of the expert's report. Additionally, the CJ Dozer Service Estimates fail to comply with Fed. R. Civ. P. 26(a)(4) as they are not signed.

Rule 37(c)(1) sets forth the sanction for failing to comply with Rule 26(a)'s expert disclosure requirements:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Accordingly, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

### 2. The CJ Dozer Service Estimate is not evidence of compensation due Defendants and as such is irrelevant and inadmissible.

The CJ Dozer Service Estimates purport to be estimates to "remediate Spire STL's Right-of-Way" following construction of the Spire STL Pipeline. Essentially, it is an estimate of a cost-to-cure damage allegedly caused to the easement areas by Spire STL in construction of the Spire STL Pipeline. The CJ Dozer Service Estimates far exceed the value Defendants conclude is owed for the permanent and temporary easement areas, and far exceed even the fee value of the permanent and temporary easement areas.

Evidence of cost to cure is inadmissible as a measure of damage to prove value or compensation due in eminent domain cases. *Dep't of Transp. v. First Bank of Schaumburg*, 260 Ill. App. 3d 490, 495 (1st Dist. 1992). While expenditures made and costs incurred in adapting

13

the land to use after the acquisition may be relevant if reasonable and economical, they are not recoverable items in themselves. *Dept. of Pub. Works v. Bloomer*, 28 Ill.2d 267, 273 (1963). Cost to cure or remediate cannot be recovered specifically and is not the measure of damages. *City of Freeport v. Fullerton Lumber Company*, 98 Ill.App.3d, 218, 223 (2d Dist. 1981). The cost of rehabilitation may be considered only in determining a reduction of the market value of the whole. *Id.* In such situations, an expert valuation witness may be permitted to state the factors considered in forming an opinion of the value of the remainder, including the costs of rehabilitation, but may not testify as to the specific figures applied for those costs. *Dept. of Trans. v. Galley*, 12 Ill.App.3d 1072, 1078 (5th Dist. 1973).

Even if someone from CJ Dozer Service was properly disclosed as an expert, the witness would not be permitted to testify as to the amounts contained in the CJ Dozer Service Estimate. Those cost to remediate figures are not specifically recoverable and are not the measure of damage. Because the amounts are not the proper measure of damage, they are irrelevant and inadmissible.

**V.    Conclusion**

The evidence tendered by Defendants is clearly inadmissible to show the value of the compensation due Defendants for the taking, which is the only remaining issue. Because the evidence is not admissible, neither the Court nor the Commission should be burdened with it as part of these proceedings.

WHEREFORE, SPIRE STL PIPELINE LLC requests the following relief:

(1) Defendant, Jo Ann Mansfield, is barred from offering an opinion as to the value of the property and the compensation due for the taking; and

(2) CJ Dozer Services is barred from offering testimony.

Respectfully submitted,

By: /s/ David A. Rolf
David A. Rolf (IL ARDC #6196030)
Lisa A. Petrilli (IL ARDC #6280865)
Attorneys for Plaintiff
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: darolf@sorlinglaw.com
         lapetrilli@sorlinglaw.com

15

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Joshua D. Evans
103 East Pearl Street
Jerseyville, IL 62016
Telephone: (618) 268-5081
office@jevanslegal.com

S.T. Turman Contracting, L.L.C.
c/o Scott Turman, Manager
300 Commerce Blvd.
Jerseyville, IL 62052
Email: stturman@gmail.com
        amyturman2@gmail.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email: stturman@gmail.com
        amyturman2@gmail.com

                                          /s/ David A. Rolf
                                      David A. Rolf (IL ARDC #6196030)
                                      Attorney for Plaintiff
                                      Sorling Northrup
                                      One North Old State Capitol Plaza, Suite 200
                                      P.O. Box 5131
                                      Springfield, IL 62705-5131
                                      Telephone: (217) 544-1144
                                      Facsimile: (217) 522-3173
                                      Email: darolf@sorlinglaw.com