E-FILED
Wednesday, 15 September, 2021  03:57:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 3:18-cv-03204 |
| BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08, *et seq.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## SPIRE STL PIPELINE LLC'S MOTION FOR SUMMARY JUDGMENT COUNTS XX AND XXI

Spire STL Pipeline LLC ("Spire STL"), by its attorneys, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., respectfully submits in accordance with Fed. R. Civ. P. 56 and Local Rule 7.1(D), this Motion for Summary Judgment on **Count XX** v. Bernard H. Meyer as Trustee of the Bernard H. Meyer Trust #9-11, Mary Lois Meyer as Trustee of the Mary Lois Meyer Trust #9-11, and 4.21 Acres More or Less Located in Greene County, Illinois, and **Count XXI** v. Bernard H. Meyer as Trustee of the Bernard H. Meyer Trust #9-11, Mary Lois Meyer as Trustee of the Mary Lois Meyer Trust #9-11 and 3.53 Acres More or Less Located in Greene County (hereinafter collectively referred to as "Defendants").

## I.    INTRODUCTION

This Eminent Domain action was brought under the federal Natural Gas Act ("NGA"). According to the NGA and the Federal Rules of Civil Procedure, federal rules and procedures apply to Eminent Domain cases brought in federal court under this act, but state substantive law applies.  The only question under federal and state law for a jury to decide in this matter is the

just compensation to be paid to the owner for the easements sought to be condemned and damage to the remainder of the property, if any. Illinois substantive law is used to determine compensation.

In December 2018, this Court entered an Order confirming Spire STL's right to condemn both permanent and temporary easements described in the exhibits to the Eminent Domain Complaint. The only issue that remains is the amount of compensation to be paid to the Defendants for those permanent and temporary easements.  The purpose of this Motion is to bring closure to the compensation owed landowners for the taking allowed in 2018, consistent with Illinois law.

Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact. Regarding compensation for the easement interests, Spire STL has offered the testimony of Illinois licensed appraiser, Carlo Forni. Defendants did not offer any admissible evidence as to compensation for the easement interests.  Spire STL incorporates its Motion in Limine on Counts XX and XXI into this Motion for Summary Judgment in further support of the relief requested. Since there is no admissible evidence of the just compensation due Defendants for the easement interests except Spire STL's appraisal expert's opinion, Spire STL is entitled to summary judgment on the issue of compensation for the easement interests.

## II.    UNDISPUTED MATERIAL FACTS

1.      On August 15, 2018, Spire STL filed a verified Eminent Domain Complaint seeking to condemn certain permanent and temporary easements detailed in the exhibits to the Complaint in order to construct and operate a natural gas pipeline known as Spire STL Pipeline. (d/e 1)

2.      Count XX against Defendants and 4.21 acres of land in Greene County seeks permanent and temporary easements as described in Exhibits 21A and 21B.

3.      Count XXI against Defendants and 3.53 acres of land in Greene County seeks permanent and temporary easements as described in Exhibits 22A and 22B.

4.      On or about November 2, 2018, Spire STL sent Interrogatories to Defendants, and Defendants answered those Interrogatories.

5.      Defendants' Answers to those Interrogatories were verified on July 1, 2019 and sent to Spire STL on or about August 19, 2019. The Interrogatories with Defendants' verified Answers are attached hereto as **Exhibit 1** (hereinafter "Answers to Interrogatories").

6.      In the Answers to Interrogatories, Defendants were asked the same questions and gave identical answers as follows:

15.     Identify all sales of real estate which you deem similar or comparable to the property which is the Subject Property.

ANSWER: Defendant states that she does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

17.     Identify all specific ordinances, statutes, regulations, governmental enactments, covenants, easements, licenses or other restrictions of record, which have any affect on the fair market value and / or highest and best use and / or the development of the Subject Property.

ANSWER: Defendant states that she does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

18.     Describe the highest and best use of the Subject Property immediately prior to the filing of the Condemnation Complaint herein.

ANSWER: Defendant states that she does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

3

19.     Describe the current use of the Subject Property and the use of the Subject Property for the previous five years.

ANSWER: Production Agriculture.

22.     Do you claim that the imposition of the easement described in the Complaint will impact the value of the Subject Property not within the easement?

ANSWER: Yes.

23.     If your answer to the preceding Interrogatory [22] is affirmative, identify:
        a.      The amount the Subject Property will be impacted.
        b.      The basis for the amount.
        c.      Any person who you claim will offer testimony to support the amount and/or basis.

ANSWER: Defendant states that she does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

24.     State the current per acre fair market value of the property, and the basis therefore.

ANSWER: Defendant states that she does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

7.      Under the Scheduling Order entered on July 29, 2020, FRCP Rule 26(a)(2) expert witness disclosures were due by February 1, 2021.

8.      Prior to that date, counsel for Defendants filed a Motion requesting additional time to disclose experts. On January 28, 2021 (TEXT ORDER), Magistrate Judge Schanzle-Haskins granted the Motion in part extending the date for expert witness disclosure to March 1, 2021 and stating:

> Defendants' Joint Motion to Extend Certain Deadlines [165] is ALLOWED in part over objections. The importance of securing soil opinions may be relevant for purposes of discovery, but the Court is concerned that the parties have had several months to get expert reports prepared and a 60-day extension may interfere with completing expert depositions in a timely fashion which, in turn, could delay the dispositive motions deadline and the rest of the schedule of this matter.

4

9.      On March 1, 2021, Defendants' attorney sent an email to Plaintiff's attorney

stating:

> Attached please find the Landowner Expert Reports for Central and Southern
> Districts. Because we were unable to retain an appraiser, landowners, as is their
> right, intend to testify on valuation and have updated their interrogatory responses
> accordingly which are also attached.

A copy of the March 1, 2021 email is attached and incorporated herein as **Exhibit 2.**

10.      No Fed. R. Civ. P 26 compliant reports related to value of the property or

compensation for the easement interests sought were tendered by Defendants.

11.      Counsel for Defendants submitted the following for each set of defendant

landowners, including Defendants:

    a.      "Defendant's Objections to Plaintiff's Second Set of Interrogatories" by
Defendants for IL-GC-093.000 and IL-GC-094.000 are attached and incorporated
herein as **Exhibit 3** (collectively hereinafter referred to as "Defendants'
Objections").

    b.      CJ Dozer Service Estimates for IL-GC-093.000 and IL-GC-094.000, attached and
incorporated herein as **Exhibit 4** (collectively hereinafter referred to as "CJ Dozer
Service Estimates").

    c.      Soil report for IL-GC-093.000 and IL-GC-094.000 by Kyle Horn.

12.      The Soil Report does not contain any opinions related to value of the Subject

Property or compensation due for the easement interests sought.

13.      Defendants' Objections purportedly offered by "Defendant Bernard H. Meyer

Trust and Mary Lois Meyer trust", state the following for IL-GC-093.000:

    24.      State the current per acre fair market value of the property, and the basis
therefore.

    ANSWER: The current per acre fair market value of my property is
approximately $7,404.55 based on other agricultural properties in Greene county
that are currently for sale. Prior to construction, I estimate my property, tract IL-
GC-093.000 to be worth approximately $513,886.65 based on these same

parameters. In assessing the impact of the taking using these current per acre values, I conclude the following:

1.    Permanent Easement Taking of 1.79 acres at 100%: $13,254.14.

2.    Temporary Taking of 2.42 acres and residual damages of 1.90 off- ROW acres at 50%: $15,993.65.

3.    Stigma damages to the remainder of IL-GC-093.000: $77,083.00.

Based on these parameters and calculations, I conclude that the full value of Spire's permanent and temporary taking, including both on-ROW and off-ROW impacts to be approximately $106,330.95. I should be noted however, that this valuation of Spire's taking of my property does not fix the issues that have been created nor does it include crop loss, tree loss, or any other direct loss that has arose from the taking or the implications of the taking. These issues will compound and likely worsen as time passes.

14.    Defendants' Objections purportedly offered by "Defendant Bernard H. Meyer

Trust and Mary Lois Meyer trust", state the following for IL-GC-094.000:

24.    State the current per acre fair market value of the property, and the basis therefore.

ANSWER: The current per acre fair market value of my property is approximately $7,404.55 based on other agricultural properties in Greene county that are currently for sale. Prior to construction, I estimate my property, tract IL-GC-094.000 to be worth approximately $886,324.09 based on these same parameters. In assessing the impact of the taking using these current per acre values, I conclude the following:

1.    Permanent Easement Taking of 1.55 acres at 100%: $11,477.05.

2.    Temporary Taking of 1.98 acres and residual damages of 6.17 off- ROW acres at 50%: $30,173.52.

3.    Stigma damages to the remainder of IL-GC-094.000: $132,948.61.

Based on these parameters and calculations, I conclude that the full value of Spire's permanent and temporary taking, including both on-ROW and off-ROW impacts to be approximately $174,599.18. I should be noted however, that this valuation of Spire's taking of my property does not fix the issues that have been created nor does it include crop loss, tree loss, or any other direct loss that has arose from the taking or the implications of the taking. These issues will compound and likely worsen as time passes.

15.     Defendants' Objections do not identify the name of the individual who provided the information contained therein.

16.     Defendants' Objections were not verified by either Defendant, and were not signed by anyone, including counsel for Defendants.

17.     Defendants' Objections are dated October 30, 2019, which appears to be an error as they were not tendered until March 1, 2021.

18.     On March 1, 2021 and in accordance with Fed. R. Civ. P. 26(a)(2), Spire STL disclosed Carlo Forni as an opinion witness and produced his reports to Defendants in accordance with the Scheduling Order. A copy of the Fed. R. Civ. P. 26(a)(2)(B) reports are attached and incorporated herein as **Exhibit 5** (IL-GC-093.000, Count XX) and **Exhibit 6** (IL-GC-094.000, Count XXI) (collectively hereinafter referred to as the "Forni Reports").

19.     The Forni Reports contain opinions on the value of the Defendants' properties before and after the taking of the permanent and temporary easements, which Forni arrived at by using sales of comparable property to value the Defendants' properties.

20.     The Forni Reports state that the total compensation due Defendants for the easement interests described in Count XX is:

| | |
|---|---|
| 1 Whole Property | $3,458,357 |
| 2 Less: Value of Partial Acquisition | $9,263 |
| 3 Indicated Value of Remainder Before Acquisition | $3,449,094 |
| 4 Value of Remainder After Acquisition | $3,446,310 |
| 5 Indicated Damages (Before minus After)* | $2,784 |
| **TOTAL COMPENSATION (2 + 5)** | **$12,047** |

*The damages are entirely a result of temporary impacts on the property as a result of the temporary workspace

21.     The Forni Reports state that the total compensation due Defendants for the easement interests described in Count XXI is:

7

| | |
|---|---|
| 1 Whole Property | $1,387,920 |
| 2 Less: Value of Partial Acquisition | $14,648 |
| 3 Indicated Value of Remainder Before Acquisition | $1,373,272 |
| 4 Value of Remainder After Acquisition | $1,369,114 |
| 5 Indicated Damages (Before minus After)* | $4,158 |
| **TOTAL COMPENSATION (2 + 5)** | **$18,806** |

*The damages are entirely a result of temporary impacts on the property as a result of the temporary workspace

## III.    ARGUMENT

### A.    Compensation for the Easements Condemned

Just compensation is the fair market value of the subject property at its highest and best use on the date of filing of the complaint to condemn. *City of Chicago v. Anthony*, 136 Ill. 2d 169, 174 (1990); *Trustees of Sch. Of Twp. No. 37 v. First Nat. Bank of Blue Island*, 49 Ill. 2d 408, 411 (1971). Where an easement is taken through unimproved property, the fair market value is determined using the market approach, which finds similar properties that have been recently sold and compares those sales properties to the subject property. *Dept. of Trans. v. Central Stone Company*, 200 Ill. App. 3d 841, 843-44, 146 Ill. Dec. 779, 558 N.E.2d 742 (4th Dist. 1990). *City of Springfield v. West Koke Mill Dev. Corp.*, 312 Ill. App. 3d 900, 245 Ill. Dec. 699, 728 N.E.2d 781 (4th Dist. 2000). In a partial taking, the fair market value of the interest being taken must be shown by the condemnor. *Anthony*, 136 Ill. 2d at 174.

### B.    Spire STL's evidence of just compensation is the only admissible evidence offered.

The Forni Reports are the only admissible testimony related to the value of the easement interests. Defendants have offered no testimony or other evidence related to the value of the easement interests on the date of taking. Defendants failed to produce any admissible evidence to rebut Spire STL's opinion evidence on the value of the easements condemned. Because the only testimony offered relating to the value of the easement interests condemned is Forni's opinions

8

offered by Spire STL, there is no issue of genuine issue of material fact as to value of the

easement interests. The Court should find that the value of the easement interests and

compensation due as a result of the condemnation of the permanent and temporary easements, is

as follows:

For Count XX

| | |
|---|---|
| 1 Whole Property | $3,458,357 |
| 2 Less: Value of Partial Acquisition | $9,263 |
| 3 Indicated Value of Remainder Before Acquisition | $3,449,094 |
| 4 Value of Remainder After Acquisition | $3,446,310 |
| 5 Indicated Damages (Before minus After)* | $2,784 |
| **TOTAL COMPENSATION (2 + 5)** | **$12,047** |

For Count XXI

| | |
|---|---|
| 1 Whole Property | $1,387,920 |
| 2 Less: Value of Partial Acquisition | $14,648 |
| 3 Indicated Value of Remainder Before Acquisition | $1,373,272 |
| 4 Value of Remainder After Acquisition | $1,369,114 |
| 5 Indicated Damages (Before minus After)* | $4,158 |
| **TOTAL COMPENSATION (2 + 5)** | **$18,806** |

C.     **The information in Defendants' Objection is irrelevant and otherwise inadmissible to show just compensation due Defendants.**

Defendants admittedly failed to disclose an expert witness to opine as to the

compensation due Defendants. While Defendants attempted to offer their own opinion of value

and compensation due, their opinions are inadmissible.

1.     **The date of value is the date of taking, August 15, 2018, and the purported value of the Subject Property on or about March 1, 2021, is irrelevant and inadmissible.**

Just compensation due Defendants is the fair market value of the Subject Property

adapted to its highest and best use on August 15, 2018, the date Spire STL filed its Eminent

9

Domain Complaint against Defendants. Any inquiry into post filing activity or value should be disregarded. *County of St. Clair v. Wilson*, 284 Ill. App. 3d 79, 89 (5th Dist. 1996).

In July 2019, Defendants claimed to have no opinion as to the current value of their property, and deferred to an expert to be named later in accordance with the Court's Scheduling Order. On or about March 1, 2021, Defendants admit they did not retain an appraiser, and purportedly state that the per acre fair market value of the Subject Property on March 1, 2021 is approximately $8,038.68.

The value of the Subject Property on March 1, 2021 is irrelevant where the date of valuation is August 15, 2018, nearly two and a half years prior to Defendants' Objections. Because Defendants' Objections fail to contain an opinion as to the value of the Subject Property on August 15, 2018, the opinions contained therein are irrelevant and inadmissible to show the value needed to determine compensation on the date of taking.

2.     **Listings are not comparable sales and may not be used to determine fair market value.**

Defendants not only fail to value the Subject Property on the date of taking, they also impermissibly base the value on "agricultural properties in Greene County that are currently for sale" on March 1, 2021. Illinois courts have firmly established that in assigning value to a condemned property, actual sales are the best evidence. *City of Chicago v. Lehmann*, 262 Ill. 468, 474 (1914). The Illinois Supreme Court has also made clear that an asking price of properties for sale is not admissible as evidence of a property's value. *Illinois Cent. R. C. v. Roskemmer*, 264 Ill. 103, 108 (1914). The reason being that asking prices are often inflated and can reflect an owner's self-serving agenda. *Dep't of Conservation v. Kyes*, 57 Ill. App. 3d 563, 567 (2d Dist. 1978).

Defendants' Objection states that the value of the Subject Property of $7,404.55 per acre

is based entirely on "agricultural properties in Greene county that are currently for sale." The

listing price of properties currently for sale in Greene County is not admissible as evidence of a

property's value. Because Defendants' Objection uses listing prices to determine the value of the

Subject Property, such evidence of value is inadmissible. Defendants' Objection also appears to

use the same listing value to determine the value of the permanent easement and temporary

easement areas, and as such those values are also inadmissible.

> **3.     Defendants' conclusions related to the amount of compensation due for the taking violate the unit rule, and result in excess compensation to Defendants.**

Defendants' Objections purportedly offered by "Defendant Bernard H. Meyer Trust and

Mary Lois Meyer trust" "conclude" the following on IL-GC-093.000:

1. Permanent Easement Taking of 1.79 acres at 100%: $13,254.14.
2. Temporary Taking of 2.42 acres and residual damages of 1.90 off- ROW acres at 50%: $15,993.65.
3. Stigma damages to the remainder of IL-GC-093.000: $77,083.00.

Defendants then add each of the above together to "conclude" the amount of compensation due

Defendants to be "approximately $106,330.95." Similarly, Defendants' Objections purportedly

offered by "Defendant Bernard H. Meyer Trust and Mary Lois Meyer trust" "conclude" the

following on IL-GC-094.000:

1. Permanent Easement Taking of 1.55 acres at 100%: $11,477.05.
2. Temporary Taking of 1.98 acres and residual damages of 6.17 off- ROW acres at 50%: $30,173.52.
3. Stigma damages to the remainder of IL-GC-094.000: $132,948.61.

Defendants then add each of the above together to "conclude" the amount of compensation due

Defendants to be "approximately $174,599.18."

The purpose of just compensation is to put the property owner in the same economic position as if no condemnation took place; it should not result in financial improvement or excess. *People ex rel. Director of Finance v. Young Women's Christian Association*, 74 Ill.2d 561, 572 (1979), overruled on other grounds by *People v. Ortiz*, 196 Ill.2d 236 (2001). A "partial taking" occurs when only a portion of a whole tract is taken by eminent domain. *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill.App.3d 900, 904 (4th Dist. 2000). Just compensation for a partial taking consists of: (1) the fair market value of the property taken at its best use on the date of filing; and (2) the difference between the fair market value of the remainder prior to the taking and its fair market value after the taking and improvement. *Department of Public Works and Buildings v. Barton*, 371 Ill. 11, 16 (1939). The unit rule provides that, in partial takings, the part taken must be valued as part of the whole, with all capabilities and best uses considered. *Forest Preserve District of Cook County v. Wing*, 305 Ill. 194, 196, 137 N.E. 139 (1922).

Spire STL seeks only an easement for an underground natural gas pipeline. Defendants retain all interests in the Subject Property that do not interfere with Spire STL's operation of the underground pipeline. Spire STL does not seek a fee interest, nor will a fee interest in any part of the Subject Property be granted to Spire STL. Since Defendants will retain at least a partial interest in all of the Subject Property, compensation due for the permanent easement for the underground pipeline cannot be 100% of the fee value without resulting in excess payment to Defendants.

Furthermore, Defendants do not determine the difference between the fair market value of the Subject Property before the taking and the fair market value of the Subject Property after the taking. Instead, Defendants assign differing values to certain portions of the Subject Property,

12

and then add those values together to conclude an approximate amount of compensation they believe to be due for the partial taking. Defendants conclusions violate the unit rule and result in excess payment to Defendants, and are therefore inadmissible.

> **4.    The easement areas cannot be expanded by landowners to include additional acreage or compensation.**

The general rule is that the extent of the take is a decision for the condemning authority which may not be modified by the judiciary or the Defendants. Provided Spire STL acts within the scope of authority granted it by the Federal Energy Regulatory Commission ("FERC") as set forth in the FERC Certificate, Spire STL cannot be compelled to take other than what it has determined is needed. *See United States v. 21.54 Acres of Land,* 491 F.2d 301, 304 (4th Cir. 1973).

An Order of condemnation was entered by this Court which acknowledged Spire STL's right to condemn specific permanent and temporary easements as described and shown in the exhibits to the Eminent Domain Complaint. Defendants in their Objections attempt to greatly expand the area of the temporary easements from 2.42 acres to 4.32 acres on IL-GC-093.000, and from 1.98 acres to 8.15 acres on IL-GC-094.000. Neither Defendants nor the Court may expand the temporary easement areas forcing Spire STL to take more than authorized in the Order of condemnation. The additional acreage exceeding the acreage specified in the Order of condemnation and contained in Defendants' Objection item #2 for "Temporary Taking", and the compensation Defendants conclude is due for the taking of this additional acreage, is inadmissible.

> **5.    Stigma damages are not recoverable, and conclusions based on stigma damages are inadmissible.**

13

Where a valuation opinion on land was based even in part, on "fear" and "stigmatism" associated with pipelines the trial court was proper in barring valuation opinion admission. *Enbridge Energy (Illinois), L.L.C. v. Kuerth*, IL App (4th) 150519, ¶ 95. Such assessment by landowners of the value of their property is based in fear and ultimately is subjective, speculative, and improper evidence to use in assessing the just compensation owed to them. *Id.*

Where landowner testimony is based on improper factors, including fear and stigma, the testimony should be excluded. *Enbridge Pipeline (Illinois), LLC v. Monarch Farms, LLC*, 2017 IL App (4th) 150807, ¶ 77. In *Monarch Farms, LLC*, landowners wanted to introduce testimony that included harm of potential oil leaks, unfounded speculation about hydrostatic testing, and unspecified safety concerns. *Id.* The court categorically barred all such testimony. Absent some proximity to real danger, mere fear is not enough to create a substantial basis of an element of depreciation for a property. *Trunkline Gas Co. v. O'Bryan*, 21 Ill. 2d 95, 102, 171 N.E.2d 45, 50 (1960).

The conclusions in Defendants' Objections for both IL-GC-093.000 and IL-GC-094.000 contain an amount for "Stigma damages to the remainder" without further discussion. These "Stigma damages" far exceed the value of any other item concluded in Defendants' Objections. Stigma damage in Illinois, also referred to as "fear" or "stigmatism" associated with pipelines, and damages or compensation based on such stigma is inadmissible. Since the amount Defendants conclude is owed them includes damages based on stigma, the opinions and conclusions in Defendants' Objections are inadmissible. At the very least, the portion of Defendants' Objections related to "Stigma damages" should be stricken and deemed inadmissible.

> **D.      The CJ Dozer Service Estimate is not evidence of compensation due Defendants and as such is irrelevant and inadmissible.**

14

The CJ Dozer Service Estimates purport to be estimates to "remediate Spire STL's Right-of-Way" following construction of the Spire STL Pipeline. Essentially, it is an estimate of a cost-to-cure damage allegedly caused to the easement areas by Spire STL in construction of the Spire STL Pipeline. The CJ Dozer Service Estimates far exceed the value Defendants conclude is owed for the permanent and temporary easement areas, and far exceed even the fee value of the permanent and temporary easement areas.

Evidence of cost to cure is inadmissible as a measure of damage to prove value or compensation due in eminent domain cases. *Dep't of Transp. v. First Bank of Schaumburg*, 260 Ill. App. 3d 490, 495 (1st Dist. 1992). While expenditures made and costs incurred in adapting the land to use after the acquisition may be relevant if reasonable and economical, they are not recoverable items in themselves. *Dept. of Pub. Works v. Bloomer*, 28 Ill.2d 267, 273 (1963). Cost to cure or remediate cannot be recovered specifically and is not the measure of damages. *City of Freeport v. Fullerton Lumber Company*, 98 Ill.App.3d, 218, 223 (2d Dist. 1981). The cost of rehabilitation may be considered only in determining a reduction of the market value of the whole. *Id.* In such situations, an expert valuation witness may be permitted to state the factors considered in forming an opinion of the value of the remainder, including the costs of rehabilitation, but may not testify as to the specific figures applied for those costs. *Dept. of Trans. v. Galley*, 12 Ill.App.3d 1072, 1078 (5th Dist. 1973).

Even if someone from CJ Dozer Service was properly disclosed as an expert, the witness would not be permitted to testify as to the amounts contained in the CJ Dozer Service Estimate. Those cost to remediate figures are not specifically recoverable and are not the measure of damage. Because the amounts are not the proper measure of damage, they are irrelevant and inadmissible.

## IV.   MOTION IN LIMINE

Spire STL filed a Motion in Limine and Memoranda in Support of its Motion on Counts XX and XXI. As and for additional support for this Motion for Summary Judgment, Spire STL adopts and incorporates by reference, its pending Motion in Limine on Counts XX and XXI and Memorandum in Support seeking to bar the opinions and information disclosed by Defendants.

## V.   CONCLUSION

The only issue remaining in this condemnation action is the amount of compensation to which Defendants are entitled. Spire STL has offered unrebutted evidence of the value of the easement interests taken. Summary judgment should be entered in favor of Spire STL and Defendants should be awarded damages for the easement interests taken in the amounts set forth by Spire STL's expert appraiser, Carlo Forni.

Respectfully submitted,

By:___/s/ David A. Rolf_____
David A. Rolf (IL ARDC #6196030)
Lisa A. Petrilli (IL ARDC #6280865)
Attorneys for Plaintiff
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: darolf@sorlinglaw.com
          lapetrilli@sorlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Joshua D. Evans
103 East Pearl Street
Jerseyville, IL 62016
Telephone: (618) 268-5081
office@jevanslegal.com

S.T. Turman Contracting, L.L.C.
c/o Scott Turman, Manager
300 Commerce Blvd.
Jerseyville, IL 62052
Email: stturman@gmail.com
       amyturman2@gmail.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email: stturman@gmail.com
       amyturman2@gmail.com

/s/ David A. Rolf
David A. Rolf (IL ARDC #6196030)
Attorney for Plaintiff
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: darolf@sorlinglaw.com