IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No: 3:18-cv-03204 |
| BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08, *et seq.*, | ) ) ) ) | |
| Defendants. | ) | |

### SPIRE STL PIPELINE LLC'S MOTION FOR SUMMARY JUDGMENT COUNTS XXVI, XXVII, XXVIII

Spire STL Pipeline LLC ("Spire STL"), by its attorneys, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., respectfully submits in accordance with Fed. R. Civ. P. 56 and Local Rule 7.1(D), this Motion for Summary Judgment on Count XXVI v. Gerald Scott Turman and 7.15 acres of land, Count XXVII v. S.T. Turman Contracting, L.L.C. and 5.05 acres of land, and Count XXVIII v. Gerald Scott Turman and 3.59 acres of land (Gerald Scott Turman and S.T. Turman Contracting, L.L.C. are collectively referred to herein as "Defendants").

**I.     INTRODUCTION**

This Eminent Domain action was brought under the federal Natural Gas Act ("NGA"). According to the NGA and the Federal Rules of Civil Procedure, federal rules and procedures apply to Eminent Domain cases brought in federal court under this act, but state substantive law applies. The only question under federal and state law for a jury to decide in this matter is the just compensation to be paid to the owner for the easements sought to be condemned and damage

to the remainder of the property, if any. Illinois substantive law is used to determine compensation.

In December 2018, this Court entered an Order confirming Spire STL's right to condemn both permanent and temporary easements described in the exhibits to the Eminent Domain Complaint. The only issue that remains is the amount of compensation to be paid to the Defendants. The purpose of this Motion is to bring closure to the compensation owed landowners for the taking allowed in 2018, consistent with Illinois law.

Summary judgment is proper where the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact. Regarding compensation for the easement interests, Spire STL has offered the testimony of Illinois licensed appraiser, Carlo Forni. Defendants offered no evidence and have failed to participate in discovery or any hearings or conferences since proceeding *pro se.* Since there is no evidence of the just compensation due Defendants for the easement interests except Spire STL's appraisal expert's opinion, Spire STL is entitled to summary judgment on the issue of compensation for the easement interests.

## II.    UNDISPUTED MATERIAL FACTS

1.     On August 15, 2018, Spire STL filed a verified Eminent Domain Complaint seeking to condemn certain permanent and temporary easements detailed in the exhibits to the Complaint in order to construct and operate a natural gas pipeline known as Spire STL Pipeline. (d/e 1)

2.     Count XXVI against Gerald Scott Turman and 7.15 acres of land seeks permanent and temporary easements as described in Exhibits 27A and 27B.

3. Count XXVII against S. T. Turman Contracting, L.L.C. and 5.05 acres of land seeks permanent and temporary easements as described in Exhibits 28A and 28B.

4. Count XXVIII against Gerald Scott Turman and 3.59 acres of land seeks permanent and temporary easements as described in Exhibits 29A and 29B.

5. Defendants appeared through counsel at Carmody MacDonald.

6. On or about November 2, 2018, Spire STL sent Interrogatories to Defendants, and Defendants each answered those Interrogatories.

7. Defendants' Answers to those Interrogatories were verified on August 12, 2019 and sent to Spire STL on or about August 19, 2019. The Interrogatories with Defendants' verified Answers are attached hereto as **Exhibit 1** (Gerald Scott Turman) and **Exhibit 2** (S.T. Turman Contracting, L.L.C.) (hereinafter collectively "Answers to Interrogatories").

8. In the Interrogatories, Defendants were asked the same questions and gave identical answers as follows:

> 15. Identify all sales of real estate which you deem similar or comparable to the property which is the Subject Property.
>
> ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.
>
> 17. Identify all specific ordinances, statutes, regulations, governmental enactments, covenants, easements, licenses or other restrictions of record, which have any affect on the fair market value and / or highest and best use and / or the development of the Subject Property.
>
> ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.
>
> 18. Describe the highest and best use of the Subject Property immediately prior to the filing of the Condemnation Complaint herein.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

19. Describe the current use of the Subject Property and the use of the Subject Property for the previous five years.

ANSWER: Agriculture, recreation, investment.

22. Do you claim that the imposition of the easement described in the Complaint will impact the value of the Subject Property not within the easement?

ANSWER: Yes.

23. If your answer to the preceding Interrogatory [22] is affirmative, identify:
   a. The amount the Subject Property will be impacted.
   b. The basis for the amount.
   c. Any person who you claim will offer testimony to support the amount and/or basis.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

24. State the current per acre fair market value of the property, and the basis therefore.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

9. On January 2, 2020, Carmody MacDonald was permitted to withdraw as counsel for Defendants, and Carolyn Elefant (Elefant) entered her appearance on behalf of Defendants.

10. On March 18, 2020, Elefant was permitted to withdraw as counsel for Defendants.

11. Since March 2020, Defendants have appeared *pro se*.

12. On or about June 2, 2020, Defendants were provided with a draft of an Amended Report and on a revised draft on or about June 14, 2020, but Defendants declined to participate in a Fed. R. Civ. P. 26(f) meeting between the parties. See d/e 151-1, para. 2.

13. Defendants appear on the service list for this matter.

14. On March 1, 2021 and in accordance with Fed. R. Civ. P. 26(a)(2), Spire STL disclosed Carlo Forni as an opinion witness and produced his reports to Defendants in accordance with the Scheduling Order. A copy of the Fed. R. Civ. P. 26(a)(2)(B) reports are attached and incorporated herein as **Exhibit 3** (Gerald Scott Turman, Counts XXVI and XXVIII) and **Exhibit 4** (S.T. Turman Contracting, Count XXVII) (collectively hereinafter referred to as the "Forni Reports").

15. The Forni Reports contain opinions on the value of the Defendants' properties before and after the taking of the permanent and temporary easements, which Forni arrived at by using sales of comparable property to value the Defendants' properties.

16. The Forni Reports state that the total compensation due Gerald Scott Turman for the easement interests described in Counts XXVI and XXVIII is:

```
1 Whole Property (Counts XXVI and XXVII)        $3,863,600
2 Less: Value of Partial Acquisition            $31,536
3 Indicated Value of Remainder Before Acquisition $3,832,064
4 Value of Remainder After Acquisition          $3,821,888
5 Indicated Damages (Before minus After)*       $10,176
  TOTAL COMPENSATION (2 + 5)                    $41,712
```
*The damages are entirely a result of temporary impacts on the property as a result of the temporary workspace

17. The Forni Reports state that the total compensation due S.T. Turman Contracting for the easement interests described in Count XXVII is:

```
1 Whole Property (Count XXVII)                  $379,525
2 Less: Value of Partial Acquisition            $8,465
3 Indicated Value of Remainder Before Acquisition $371,060
4 Value of Remainder After Acquisition          $368,143
5 Indicated Damages (Before minus After)*       $2,917
  TOTAL COMPENSATION (2 + 5)                    $11,382
```
*The damages are entirely a result of temporary impacts on the property as a result of the temporary workspace

18.    Defendants did not supplement Answers to Interrogatories, did not tender any Fed. R. Civ. P. Rule 26 Reports to Spire STL, and have offered no opinion as to the amount of compensation due for the takings.

19.    Discovery closed on August 1, 2021.

## III. ARGUMENT

Compensation, in a partial taking case such as this, where all that is sought is a temporary and permanent easement, will consist of the compensation equal to the fair market value of the interest sought. *City of Springfield v. West Koke Mill Dev. Corp.*, 312 Ill. App. 3d 900, 245 Ill. Dec. 699, 728 N.E.2d 781 (4th Dist. 2000). In a partial taking, the fair market value of the interest being taken must be shown by the condemnor. *Id.*

The Forni Reports are the only testimony related to the value of the easement interests. Defendants have offered no testimony or other evidence related to the value of the easement interests. Defendants failed to produce any evidence to rebut Spire STL's opinion evidence on the value of the easements condemned. Because the only testimony offered relating to the value of the easement interests condemned is Forni's opinions offered by Spire STL, there is no issue of genuine issue of material fact as to value of the easement interests. The Court should find that the value of the easement interests and compensation due as a result of the condemnation of the permanent and temporary easements, is as follows:

### For Counts XXVI and XXVIII

| | |
|---|---|
| 1 Whole Property (Counts XXVI and XXVII) | $3,863,600 |
| 2 Less: Value of Partial Acquisition | $31,536 |
| 3 Indicated Value of Remainder Before Acquisition | $3,832,064 |
| 4 Value of Remainder After Acquisition | $3,821,888 |
| 5 Indicated Damages (Before minus After)* | $10,176 |
| **TOTAL COMPENSATION (2 + 5)** | **$41,712** |

For Count XXVII

| | |
|---|---|
| 1 Whole Property (Count XXVII) | $379,525 |
| 2 Less: Value of Partial Acquisition | $8,465 |
| 3 Indicated Value of Remainder Before Acquisition | $371,060 |
| 4 Value of Remainder After Acquisition | $368,143 |
| 5 Indicated Damages (Before minus After)* | $2,917 |
| **TOTAL COMPENSATION (2 + 5)** | **$11,382** |

## IV.  CONCLUSION

The only issue remaining in this condemnation action is the amount of compensation to which Defendants are entitled. Spire STL has offered unrebutted evidence of the value of the easement interests taken. Summary judgment should be entered in favor of Spire STL and Defendants should be awarded damages for the easement interests taken in the amounts set forth by Spire STL's expert appraiser, Carlo Forni, is his Fed. R. Civ. P. 26(a)(2)(B) reports.

Respectfully submitted,

By: /s/ David A. Rolf
David A. Rolf (IL ARDC #6196030)
Lisa A. Petrilli (IL ARDC #6280865)
Attorneys for Plaintiff
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: darolf@sorlinglaw.com
           lapetrilli@sorlinglaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Joshua D. Evans
103 East Pearl Street
Jerseyville, IL 62016
Telephone: (618) 268-5081
office@jevanslegal.com

S.T. Turman Contracting, L.L.C.
c/o Scott Turman, Manager
300 Commerce Blvd.
Jerseyville, IL 62052
Email: stturman@gmail.com
       amyturman2@gmail.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email: stturman@gmail.com
       amyturman2@gmail.com

                                              /s/ David A. Rolf
                                        David A. Rolf (IL ARDC #6196030)
                                        Attorney for Plaintiff
                                        Sorling Northrup
                                        One North Old State Capitol Plaza, Suite 200
                                        P.O. Box 5131
                                        Springfield, IL 62705-5131
                                        Telephone: (217) 544-1144
                                        Facsimile: (217) 522-3173
                                        Email: darolf@sorlinglaw.com