IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) Case No. 18-CV-03204-SEM-TSH ) ) |
| vs. | ) ) |
| BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08, et al., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO VACATE OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO MOTIONS IN LIMINE AND FOR SUMMARY JUDGMENT**

COME NOW Defendants, Betty Ann Jefferson, Richard Keith Jefferson, Hart Farms LLC, Jo Ann Mansfield, Kenneth W. Davis, Mary Lois Meyer, Matthew J. Clayton, Anne M. Clayton, The Bernard H. Meyer Trust #9-11, William D. Ballard and Alice E. Ballard through counsel Carolyn Elefant, LAW OFFICES OF CAROLYN ELEFANT move this Court to (1) stay these proceedings pending resolution of the Motion to Vacate and Dissolve the Injunction (Doc. 162) or in the alternative grant a 45-day extension of time to respond to Spire's numerous motions in limine and motions for summary judgment (Docs. 187-208). As discussed in the underlying Motion, there has been a new development - specifically, the grant of a temporary certificate - which supersedes and negates the original certificate that served as the grounds for this court's condemnation order and injunction. In these circumstances where the likelihood of success on the Motion to Vacate weighs so heavily in favor of the Defendants, requiring them to

press forward and respond to nearly a dozen motions in limine and for summary judgment is unjust and inequitable when this court's underlying jurisdiction and authority to continue with the condemnations is in serious doubt. Nevertheless, should the court erroneously decline to stay the proceedings, a minimum of a 45-day extension is necessary to respond to the numerous and overwhelming motions in limine and for summary judgment. In support of this motion, Defendants state the following:

1. In August 2018, having been granted a certificate of public necessity and convenience for its pipeline by FERC, Plaintiff Spire filed a condemnation complaint against Defendant Landowners (Doc. 1) and moved for an order of condemnation and injunctive relief for early entry (Doc. 79). Relying on Spire's valid FERC certificate, the court granted Spire's motion, which gave Spire possession of the properties to commence construction of the pipeline. (Doc. 114).

2. On June 22, 2021, the United States Court of Appeals for the D.C. Circuit vacated the FERC certificate, finding no need for the project and vacating the certificate and remanding the case to FERC. *Environmental Defense Fund v. FERC*, No. 20-1016 (D.C. Cir. June 22, 2021). Spire filed for rehearing *en banc* which was denied on September 7, 2021. Subsequently, Spire filed a motion at the D.C. Circuit to delay issuance of the mandate to allow Spire to seek certiorari review of the case. Spire's motion is pending so the mandate has still not been issued.

3. In the interim, on September 14, 2021, FERC *sua sponte* issued a temporary certificate to Spire to continue operating the project for 90 days to allow FERC to decide how to address the D.C. Circuit mandate. *See* Exh. 1 (Temporary Certificate).

4. The temporary certificate displaces and supersedes the original (and now invalidated) certificate that was the basis for this court's condemnation order and injunction

granting possession. Both the Natural Gas Act and FERC's regulations make clear that temporary and permanent certificates are mutually exclusive authorizations. Under the Natural Gas Act, temporary certificates may be issued without a hearing under Section 7(c)(2) while permanent certificates require a hearing and are issued under Section 7(e). *See* Natural Gas Act, 15 U.S.C. §717f(c) and §717f(e). Moreover, the Natural Gas Act, 15 U.S.C. §717f(c) clarifies that that:

> The Commission may issue a temporary certificate in cases of emergency, to assure maintenance of adequate service or to serve particular customers, without notice or hearing, **pending the determination of an application for a certificate.**

In other words, the Natural Gas Act authorizes the Commission to issue a temporary certificate only when a permanent certificate is not in place because the Commission has not acted on a pending application. The Commission's regulations, 18 C.F.R. §157.17 mirrors this language, making clear that the Commission may not issue a temporary certificate unless an application for a certificate is pending and has not yet been granted.

5.  We could not locate a single case where FERC or its predecessor agency, the Federal Power Commission, granted a temporary certificate while a permanent certificate was still in place. On at least two occasions, the Commission issued a temporary certificate whereas here, the original certificate had been vacated and pending Commission action on remand. *See Algonquin Gas Transmission v. Fed. Power Com'n*, 201 F.2d 334 (1st Cir. 1953)(vacating issuance of temporary certificate following invalidation of permanent certificate because of no emergency or need for continuity of service) and *Hunt Oil Company v. Federal Power Commission*, 334 F.2d 474 (5th Cir. 1964)(affirming grant of temporary certificate issued after court remanded certificate to FPC for denying intervention). Likewise, all of the other temporary certificates we reviewed were issued only when a permanent certificate had not yet

been granted.  *See e.g.*, *Emcee Inc.*, 3 FERC ¶61,094 (1978)(issuing temporary certificate while application for permanent certificate is pending);  *United Gas Pipeline* 30 FERC ¶61,202 (1985)(noting that applicant filed for temporary and permanent certificates, and granting temporary certificate pending action on application for permanent), *Texas-Ohio Pipeline*, 69 FERC ¶61,145 (1994)(explaining that "by its very nature, issuance of a temporary certificate **precedes**...issuance of the permanent certificate).  These cases are representative only; there are dozens more.  But that the Commission has never once (that we could discern) in the past forty years issued a temporary certificate while a permanent certificate was already in place strongly suggests that the Commission lacks authority to do so.

6.  Whether the mandate issues or not, at this time, the temporary certificate alone serves as the sole authorization for the project.  The original certificate is displaced, and thus, the court's condemnation order and injunction which are based on the original certificate can no longer be sustained.  Thus, for the same reasons already set out in the Doc. 182, this Court must dismiss the condemnation complaint, which in turn, renders Plaintiffs' motions moot.

7.  Should the court decline to dismiss the cases outright, it should stay the proceedings to preserve the status quo.  Staying the cases would permit Spire to remain on the properties and make arrangements for what it will do when the mandate vacating the certificate ultimately issues.  But a stay would also protect the landowners from the substantial cost and expense of moving forward on motions that will inevitably be rendered moot.  In addition, this court should bear in mind that landowners' constitutional rights are on the line: absent an unequivocally valid certificate as evidence of public use, Spire has no right to take private property under the Fifth Amendment.  The court should stay the proceedings at least until the mandate is issued and it is clear that the certificate is invalid.

8. Should the court decline to dismiss the condemnation complaint or grant a stay, Defendants seek a 45-day extension to respond to the numerous motions in limine and for summary judgment and to set a uniform date for response. Good cause exists for this request. First, the stakes are high - and a grant of summary judgment would result in the unprecedented, wholesale summary resolution of nine condemnation actions without so much as giving the owners their day in court. Second, a uniform response date will promote efficiency because the outcome of the summary judgment motion depends in part upon how the motions in limine are resolved. It is more efficient to set a single deadline for resolution of all of these motions. Third, Spire will not be prejudiced by the delay because nothing prevents Spire from attempting to negotiate a resolution with the landowners to ensure continued site access - something that Spire has been reluctant to do. **For all of these reasons, a 45-day extension moving the current September 29, 2021 deadline for in limine response and October 6, 2021 deadline for summary judgment should be moved to November 22, 2021.**

WHEREFORE, for the reasons stated, the Defendants, by counsel jointly request the Court to dismiss the Condemnation complaints as previously requested in Doc. 182, or in the alternative to stay the proceeding until the D.C. Circuit mandate issues, or extend the deadline to respond to Docs. 187-208 until November 22, 2021.

Respectfully Submitted,

/s/ *Carolyn Elefant* DC Bar 425433
Law Offices of Carolyn Elefant
1440 G Street NW, 8th Floor
Washington D.C. 20005
202-297-6100
carolyn@carolynelefant.com
*admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 23d day of September 2021, I served, electronically, the foregoing document on all appearing parties.


*<u>Carolyn Elefant</u>*