IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) ) Case No. 18-CV-03204-SEM-TSH ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08, et al., | |
| Defendants. | |

**DEFENDANTS' RENEWED MOTION BASED ON NEW INFORMATION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO VACATE OR IN THE ALTERNATIVE,
FOR EXTENSION OF TIME TO RESPOND TO MOTIONS IN LIMINE AND FOR SUMMARY JUDGMENT**

Defendants, Betty Ann Jefferson, Richard Keith Jefferson, Hart Farms LLC, Jo Ann Mansfield, Kenneth W. Davis, Mary Lois Meyer, Matthew J. Clayton, Anne M. Clayton, The Bernard H. Meyer Trust #9-11, William D. Ballard and Alice E. Ballard through counsel Carolyn Elefant, LAW OFFICES OF CAROLYN ELEFANT renew their pending motion dated September 22, 2021 to stay these proceedings pending resolution of the Motion to Vacate and Dissolve the Injunction (Doc. 162) or in the alternative grant a 45-day extension of time to respond to Spire's numerous motions in limine and motions for summary judgment (Docs. 187-208). Since the motion was filed, on October 1, 2021, the United States Court of Appeals for the District of Columbia Circuit **denied** Spire's motion to delay issuance of the mandate which means that the mandate **must** be issued no later than **Friday, October 8, 2021.** *See*

1

F.R.A.P. 41(b) (providing that mandate must issue within seven days of denial of motion for stay).  Once the mandate issues, the certificate will **no longer be effective** which means that the injunction must be dissolved, this court will lack jurisdiction under Section 717f(h) over the condemnation action.  *See* 15 U.S.C. §717f(h)(conferring federal court jurisdiction over condemnation action by "holders of certificate of public necessity and convenience.")  Given that the invalidation of the certificate raises serious questions of jurisdiction, requiring the Defendants to respond to numerous motions in limine and summary judgment demands without first resolving jurisdictional questions and if necessary, allowing time for appeal.  In the alternative, Defendants ask this court to allow an extension of time of 45 days to respond to the motions in limine and summary judgment. In support of this motion, Defendants state the following:

1. On September 22, 2021, Defendants filed a motion to stay the proceedings and in the alternative, to respond to the motions in limine and summary judgment filed by Spire. (Doc. 209) due September 29 and October 6 respectively based on the D.C. Circuit invalidation of the certificate. Defendants incorporate by reference the background and arguments raised therein.

2. On October 1, 2021, a week after Defendants' motion was filed, the D.C. Circuit denied Spire's motion to stay issuance of the mandate.  *See* Attachment A.  Under F.R.A.P. 41(b), denial of both a motion for rehearing of the underlying order and for a stay of the mandate means that the D.C. Circuit ruling invalidating and vacating the certificate for the Spire Pipeline will take effect.  Further, under F.R.A.P. 41(b) the mandate **must** issue within seven days or by October 8, 2021.

3. This court's very jurisdiction over the condemnation action is found in Section

717f(h) of the Natural Gas Act which confers jurisdiction on cases of $3000 or more on "holders of a certificate of public convenience and necessity." When the mandate issues, Spire will no longer hold a certificate of public convenience and necessity because it will have been invalidated. A temporary certificate, which is issued without notice and hearing for emergency purposes only is not the equivalent and does not confer rights of eminent domain or the jurisdiction of this court. *See* Section 717f(b) and 717f(h), Natural Gas Act.

4. The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them. *See Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Similarly, the Seventh Circuit holds that "a case becomes moot when a party's legally cognizable interest in the litigation ceases to exist." Evers v. Astrue, 536 F.3d 651, 662 (7th Cir. 2008). Absent a certificate, Spire no longer has the right to pursue condemnation nor does this court have the power to hear a condemnation action.

5. The Seventh Circuit tows a strict line when it comes to exercise of condemnation authority under the Natural Gas Act. In *Northern Border Pipeline Co. v. 86.72 Acres of Land,* 144 F.3d 469 (7th Cir. 1998), the court held that there must be a specific source of statutory authority to allow private parties to take immediate title to property they seek to condemn. Again, absent a certificate of necessity and convenience, Spire has no such right here.

6. Requiring the Defendants to respond to nine motions in limine and motions for

summary judgment while a jurisdictional issue remains is unduly burdensome. Even if Defendants prevail in opposing the motions (which they surely will), these will be pyrrhic victories only because the court still lacks jurisdiction. Defendants will be required to expend substantial resources to litigate issues which will be moot by the loss of jurisdiction.

7. If the court decides to move forward in the absence of jurisdiction, Defendants will also seek a stay pending appeal to the Seventh Circuit.

8. Finally, if the Court will not dismiss the cases or grant a stay, Defendants seek additional time to respond to the *in limine* motions and the motion for summary judgment. If granted, and if the case proceeds, the motions are dispositive and lack of response will harm Defendants and deprive landowners of their right to testify in court on the value of their property. By contrast, there is no prejudice to Spire which has no certificate and thus, no interest in pursuing the condemnation.

WHEREFORE, for the reasons stated, the Defendants, by counsel renew their request that the Court (1) dismiss the Condemnation complaints as previously requested in Doc. 182 based on the denial of stay of the mandate (which will now issue by October 8, 2021) , or (2) in the alternative to stay extend the deadline to respond to Docs. 187-208 until November 22, 2021. Defendants also ask the court to hold a status conference to address these matters.

Respectfully Submitted,

/s/ *Carolyn Elefant* DC Bar 425433
Law Offices of Carolyn Elefant
1440 G Street NW, 8th Floor
Washington D.C. 20005
202-297-6100
carolyn@carolynelefant.com
*admitted pro hac vice*

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 20-1016**  **September Term, 2021**

**FERC-CP17-40-000**
**FERC-CP17-40-001**
**FERC-CP17-40-002**

**Filed On:** October 1, 2021

Environmental Defense Fund,

    Petitioner

    v.

Federal Energy Regulatory Commission,

    Respondent

------------------------------

Spire Missouri Inc. and Spire STL Pipeline, LLC,
    Intervenors

------------------------------

Consolidated with 20-1017

    **BEFORE:**    Tatel and Millett, Circuit Judges; and Edwards, Senior Circuit Judge

### O R D E R

Upon consideration of the motion of intervenor-respondents Spire STL Pipeline and Spire Missouri Inc. for stay of the mandate, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
    Daniel J. Reidy
    Deputy Clerk

## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of October, 2021, I served, electronically, the foregoing document on all appearing parties.

*Carolyn Elefant*