## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC,<br>A Missouri limited liability company,<br><br>    PLAINTIFF<br><br>    vs.<br><br>BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON TRUST<br>#11-08, et al., *et al*.<br><br>    DEFENDANTS | Cause No.: 3:18-cv-03204 |

**MOTION BY DEFENDANT LANDOWNERS TO DISSOLVE INJUNCTION AND DISMISS CONDEMNATION ACTION FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON ISSUANCE OF MANDATE IN *ENVIRONMENTAL DEFENSE FUND V. FERC***

Earlier today, October 8, 2021, the United States Court of Appeals for the District of Columbia Circuit (D.C. Circuit) issued a mandate in *Environmental Defense Fund v. FERC*, Docket No. 20-1016 which vacated the certificate issued for the Spire Pipeline. *See* Attached Mandate. With the issuance of the mandate, the D.C. Circuit's ruling is effective and Spire's certificate for the project is now a nullity.

Without a certificate, this court lacks jurisdiction over Spire's condemnation complaint. This court's jurisdiction over Spire's condemnation is grounded on Section 717f(h) of the Natural Gas Act which confers "holders of certificates of public necessity and convenience" with authority to bring a condemnation action in federal district court. Spire no longer has a

certificate and therefore, this court no longer has jurisdiction. The temporary certificate issued under Section 717f(c)(1)(b) of the Natural Gas Act is not a "certificate of public necessity and convenience" which is granted under Section 717f(e) (entitled "granting of a certificate of public convenience and necessity.")

For these reasons, the Defendant Landowners move this court to dismiss the condemnation complaint for lack of subject matter jurisdiction, renew their motion to dissolve the preliminary injunction and ask this Court to find Spire in trespass and eject it from the property. The Landowners will supplement this motion with a memorandum next week; however, given the urgent nature of the situation, it was vital to bring this new development to the Court's attention as soon as possible.[1]

Respectfully submitted,

/s/ *Carolyn Elefant*
Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
Attorney for Defendants

---

[1] Spire's recently filed motion to amend the complaint (which Defendants will oppose) does not cure the jurisdictional issue. First, the temporary certificate does not confer condemnation authority. Second, loss of jurisdiction must be cured through a new action, not via amendment.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 20-1016                                September Term, 2021

FERC-CP17-40-002  
FERC-CP17-40-001  
FERC-CP17-40-000

Filed On: October 8, 2021 [1917347]

Environmental Defense Fund,

    Petitioner

    v.

Federal Energy Regulatory Commission,

    Respondent

------------------------------

Spire Missouri Inc. and Spire STL Pipeline, LLC,

    Intervenors

------------------------------

Consolidated with 20-1017

### M A N D A T E

    In accordance with the judgment of June 22, 2021, and pursuant to Federal Rule of Appellate Procedure 41, this constitutes the formal mandate of this court.

                               **FOR THE COURT:**  
                               Mark J. Langer, Clerk

                  BY:  /s/  
                          Daniel J. Reidy  
                          Deputy Clerk

Link to the judgment filed June 22, 2021

## CERTIFICATE OF SERVICE

I, Carolyn Elefant, certify that on this 8th day of October, 2021 I caused the foregoing Motion to be served on all parties on the ECF list.

> Carolyn Elefant, *pro hac vice*
> Law Offices of Carolyn Elefant, PLLC
> 1440 G Street, NW, 8th Floor
> Washington, D.C. 20005
> T: (202) 297-6100
> E: Carolyn@carolynelefant.com
> Attorney for Defendant