E-FILED
Tuesday, 12 October, 2021  01:23:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No: 3:18-cv-03204 |
| BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON<br>TRUST #11-08, *et seq.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## SPIRE STL PIPELINE LLC'S OBJECTION TO
## MOTION BY DEFENDANT LANDOWNERS TO DISSOLVE INJUNCTION AND
## DISMISS CONDEMNATION ACTION FOR LACK OF SUBJECT MATTER
## JURISDICTION

NOW COMES, Plaintiff, Spire STL Pipeline LLC, ("Spire STL") by and through its attorneys, Sorling Northrup, Lisa A. Petrilli and David A. Rolf, of Counsel, and for its Objection to Motion by Defendant Landowners to Dissolve Injunction and Dismiss Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212) states as follows:

**I.    Introduction**

On August 3, 2018, the Federal Energy Regulatory Commission ("FERC") in Docket Nos. CP17-40-000 and CP17-40-001 granted a Certificate of Public Convenience and Necessity ("FERC Certificate") to Spire STL directing the construction and operation of the Spire STL Pipeline Project, the 65-mile natural gas pipeline described in Spire STL Pipeline's Verified Complaint ("Spire STL Pipeline").  Spire STL sought to condemn the property interests needed to construct, operate, and maintain the Spire STL Pipeline Project.

On December 7, 2018, this Court entered an Order Confirming Condemnation (d/e 110). Thereafter on December 14, 2018, this Court entered an order granting a preliminary injunction giving Spire STL possession of Defendants' properties as described in the Complaint (d/e 114). Spire STL completed construction of the Spire STL Pipeline and began operation and maintenance of the Spire STL Pipeline in November 2019. Spire STL later moved to modify the order granting the preliminary injunction as Spire STL reasonably believed it no longer needed access to the temporary easement areas and temporary access roads necessary to effectuate construction.

On March 18, 2021, FERC issued a new order (the "March 18 Order") in Docket Nos. CP 17-40-000 and CP 17-40-001, requiring that Spire STL undertake either additional or accelerated remediation activities on certain landowners' properties partly in response to a report submitted by the Illinois Department of Agriculture ("IDOA") in the relevant FERC dockets. As a result of this order, and after unsuccessful negotiations with certain Defendants, on June 15, 2021, Spire STL filed a motion seeking a preliminary injunction which would give Spire STL access to the temporary easement areas through certain Defendants' properties necessary to effectuate the March 18, Order. This motion is currently pending (d/e 173).

On or about January 21, 2020, the Environmental Defense Fund ("EDF") filed a petition to review the FERC Certificate in the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") (*Environmental Defense Fund v. Federal Energy Regulatory Commission*, 2 F.4th 953 (D.C. Cir. 2021)).  This appeal arose out of the same certificate proceeding in which Spire STL was granted the FERC Certificate and EDF sought to reverse FERC's authorization of the FERC Certificate. On June 22, 2021, the D.C. Circuit vacated the FERC Certificate and remanded any further proceedings to FERC. *See* d/e 176. On July 19, 2021, certain Defendants

herein filed a Motion for Relief in which Defendants requested various relief including dismissal of the Complaint, vacating the preliminary injunction, and a stay (d/e 182).

On September 14, 2021, FERC issued a temporary certificate of public convenience and necessity to Spire STL to ensure the continued validity of the August 3, 2018 FERC Certificate in the event the mandate from the D.C. Circuit issued ("Temporary Certificate"). The Temporary Certificate is a certificate of public convenience and necessity issued pursuant to Section 7(c)(1)(B) of the Natural Gas Act ("NGA") and provides for the continued operation of the Spire STL Pipeline as authorized in the August 3, 2018 FERC Certificate. On September 15, 2021, Spire STL accepted the temporary certificate of public convenience and necessity as required under FERC regulations to become effective.

On September 15, 2021, in accordance with the Scheduling Order, Spire STL filed motions in limine and motions for summary judgment against certain Defendants. On September 23, 2021, instead of responding to the pending motions, certain Defendants filed a Motion again seeking dismissal of the Complaint, a stay of the proceedings, or in the alternative additional time to respond to the pending motions in limine and motions for summary judgment (d/e 209). On October 4, 2021, the same Defendants filed a second motion seeking a stay or additional time to respond to the pending motions (d/e 210). On October 6, 2021, this Court granted Defendants' motion in part allowing Defendants until November 22, 2021 to respond to the motions in limine and motions for summary judgment. (TEXT ORDER, Judge Myerscough, 10/6/2021).

On October 4, 2021 Spire STL filed its application for a stay of the D.C. Circuit's mandate pending with United States Supreme Court Chief Justice John Roberts. On October 5, 2021 Chief Justice Roberts ordered responses to Spire STL's application be filed no later than October 11, 2021.

On October 7, 2021, Spire STL filed its Motion to Amend the Order of Condemnation and the Order granting Spire STL's Motion for Preliminary Injunction seeking to amend the orders to conform to Spire STL's authorization to continue operation of the Spire STL Pipeline through Defendants' properties in accordance with the August 3, 2018 FERC Certificate as set forth in the September 14, 2021 temporary certificate of public convenience and necessity.

On October 8, 2021, the D.C. Circuit issued its mandate. Notwithstanding the Temporary Certificate, later that evening Defendants filed a Motion to Dismiss Spire STL's Complaint claiming that Spire STL lacked a certificate of public convenience and necessity to operate the Spire STL Pipeline through Defendants' properties. Defendants simultaneously claim this Court lacks jurisdiction requiring dismissal of the Complaint and requests this Court act on pending motions within the same case.

**II.     Spire STL continues to hold a valid Certificate of Public Convenience and Necessity for the operation of the Spire STL Pipeline through Defendants' properties.**

Despite Defendants' false assertion that Spire STL does not hold a certificate of public convenience and necessity to operate the Spire STL Pipeline, on September 14, 2021, FERC issued the Temporary Certificate to Spire STL in accordance with Section 7(c)(1)(B) of the NGA (15 USCS §717f(c)(1)(B)) to ensure the continued operation of the Spire STL Pipeline. FERC's Temporary Certificate granted to Spire STL a certificate of public convenience and necessity, authorizing the continued operation of the Spire STL Pipeline through Defendants' properties as provided in the August 3, 2018 FERC Certificate. A copy of the Temporary Certificate is attached and incorporated as **Exhibit 1**. In issuing the Temporary Certificate, FERC states:

> When the court's mandate issues, Spire will lack the necessary authority required by the Natural Gas Act (NGA) to operate its facilities. In order to ensure continuity of service for a limited period while the Commission considers appropriate next steps, ***the Commission is issuing Spire a temporary certificate***

> ***of public convenience and necessity, pursuant to section 7(c)(1)(B) of the NGA***,
> to operate the Spire STL Pipeline. (footnotes intentionally omitted)

Exhibit 2, Temporary Certificate ¶1 (emphasis added). With regard to the terms of the

Temporary Certificate, FERC states:

> This temporary certificate will be issued under the previously approved terms,
> conditions, authorizations, and tariff, while the Commission evaluates the
> application and the arguments raised in the responsive filings.  This authorization
> does not permit Spire to engage in any construction or to provide any new service.
> As a condition of accepting this certificate, Spire must continue all restoration
> activities along the project right-of-way.

Exhibit 2, Temporary Certificate ¶8.

To ensure the continued operation of the Spire STL Pipeline through Defendants'

properties in accordance with the August 3, 2018 FERC Certificate, FERC ordered as follows:

> (A)    ***A temporary certificate of public convenience and necessity is
> issued to Spire STL Pipeline LLC (Spire) to continue to operate the facilities
> authorized by the Commission in Docket Nos. CP17-40-000 and CP17-40-001***
> that are currently in service, under the terms, conditions, and authorizations
> previously issued, including the approved tariff.  The temporary certificate does
> not authorize the construction of any additional facilities or the commencement of
> any new service.  As a condition of accepting this certificate, Spire must continue
> restoration activities along the project right-of-way.

> (B)    Spire must indicate its acceptance of this certificate, in writing,
> within three business days of the date of this order.

Exhibit 2, Temporary Certificate, p.5 Ordering paragraphs (A) and (B) (emphasis added). Spire

STL accepted the Temporary Certificate on September 15, 2021. A copy of Spire STL's

acceptance is attached and incorporated herein as **Exhibit 2**.

Despite Defendants' claims that the Temporary Certificate is not a certificate of public

convenience and necessity, the Temporary Certificate makes clear that it is a certificate of public

convenience and necessity and the Defendants do not refute that the NGA confers upon FERC

the exclusive jurisdiction to issue such authorizations as it deems necessary. The Temporary

Certificate was issued pursuant to NGA Section 7(c) titled "Certificate of public convenience and necessity." Contrary to the plain language of Section 7, Defendants claim that the Temporary Certificate is not a certificate of public convenience and necessity because it was issued pursuant to Section 7(c)(1)(B) as opposed to Section 7(e), and then conclude that the rest of Section 7 does not apply.

NGA Section 7(h) provides for the right to use eminent domain to acquire the rights needed to operate a pipeline to "any holder of a certificate of public convenience and necessity." 15 USCS §717f(h). FERC issued the Temporary Certificate, a certificate of public convenience and necessity, to Spire STL to ensure the continued operation of the Spire STL Pipeline through Defendants' properties in accordance with the August 3, 2018 FERC Certificate. Eminent domain may be used to acquire whatever rights are needed for such continued operation of the Spire STL Pipeline in accordance with the Temporary Certificate and the terms of the August 3, 2018 FERC Certificate.

Section 7(h) is not contained within Section 7(e) and contains no distinction between certificates of public convenience and necessity issued pursuant to Section 7(c)(1) and those issue pursuant to Section 7(e). *See* 15 USCS §717f(c)(1)(B), §717f(e), and §717f(h). The property rights needed to continue to operate the Spire STL pipeline pursuant to FERC's Temporary Certificate and in accordance with the terms in the August 3, 2018 FERC Certificate, include continued possession of the permanent easement areas described in the Complaint and in the Order granting Spire STL's motion for preliminary injunction. To read this section otherwise makes no sense. The purpose of the Temporary Certificate is to ensure that the public need is served. If eminent domain rights were not provided with the Temporary Certificate, those needs could not be served and the purpose of the Temporary Certificate would be frustrated.

The need for the continued operation of the Spire STL Pipeline pursuant to the August 3, 2018 FERC Certificate was confirmed by FERC Commissioner Allison Clements in correspondence filed in the FERC docket on or about September 24, 2021. **Exhibit 3**, Commissioner Allison Clements September 24, 2021 letter in FERC Docket No. CP17-40-000. In her correspondence, Commissioner Clements, when responding to a request regarding Spire STL's certificate status, states:

> In the meantime, Spire's existing certificate remains in place, both as a consequence of the Commission's September 14, 2021 order and of Spire's petition to the D.C. Circuit to stay issuance of the court's mandate.

Exhibit 3, Commissioner Allison Clements September 24, 2021 letter in FERC Docket No. CP17-40-000. Even though the mandate issued on October 8, 2021, the August 3, 2018 FERC Certificate remains in place as a consequence of the Temporary Certificate issued on September 14, 2021.

As explained in the Temporary Certificate, FERC intends for Spire STL to continue to operate the Spire STL Pipeline and found that the continued operation of the Spire STL Pipeline is necessary to prevent an emergency, including the serious disruption of service to consumers during the winter heating season. Continued possession of Defendants' properties to operate the Spire STL Pipeline is necessary to avert an emergency and to accomplish FERC's intended purpose in the Temporary Certificate. FERC's determination that possession of Defendants' properties remains necessary is evident from FERC's ordering Spire STL to continue restoration activities on Defendants' properties as a condition of the Temporary Certificate.

The Eleventh Circuit's discussion in *Sabal Trail Transmission* remains instructive. In *Sabal Trail Transmission*, FERC issued Sabal Trail Transmission, LLC ("Sabal") a certificate of public convenience and necessity to construct and operate a natural gas pipeline. 823 Fed. Appx

at 916.  Like Spire STL, Sabal filed an action to condemn the easements needed to construct the pipeline, and the District Court granted Sabal immediate possession to begin construction.  *Id*. At the same time, landowners and environmental groups challenged FERC's issuance of the certificate to Sabal.  *Id*.

In August 2017, the DC Circuit issued its opinion vacating Sabal's certificate and remanded to FERC for further consideration.  *Id*.  The DC Circuit stayed the issuance of the mandate to allow FERC to issue a new certificate to Sabal after preparing additional environmental impact statements that the DC Circuit found were lacking in the initial certificate. *Id*. FERC subsequently issued a renewed certificate to Sabal that included the required findings, and two weeks later, the DC Circuit issued its mandate directed to the initial certificate.  *Id*.

After the DC Circuit issued its opinion vacating the initial certificate, but before FERC issued a new certificate, a number of the defendant-landowners moved to dismiss the condemnation cases, contending Sabal lacked authority to maintain those cases without a certificate.  *Id*.  The District Court denied the motion, finding Sabal never lacked authority because FERC entered its order granting the renewed certificate before the mandate issued. *Id*. The condemnation cases proceeded to trial to determine just compensation and some of the landowners appealed, asserting the District Court erred in not dismissing the condemnation proceedings.  *Id*. at 918.  The Eleventh Circuit held the District Court correctly denied the landowners' attempt to dismiss the condemnation proceedings, reasoning that the DC Circuit's opinion alone did not make Sabal's certificate legally inoperative, and Sabal never lacked authority to maintain the condemnation actions because FERC subsequently issued a renewed certificate before the mandate.  *Id*.  As in *Sabal Trail Transmission*, FERC has subsequently

taken action to ensure the continued operation of the Spire STL Pipeline in accordance with the terms of the August 3, 2018 FERC Certificate.

In addition, FERC's action pursuant to the NGA alone establishes sufficient jurisdiction for this Court.  However, in addition to FERC's issuance of a Temporary Certificate, on October 5, 2021, Spire STL filed an emergency application to stay / recall the mandate with United States Supreme Court Chief Justice John Roberts. The very next day, Chief Justice Roberts ordered responses be filed no later than 6 days later on October 11, 2021. The outcome of this pending effort in the United States Supreme Court is not known at this time but may result in the recall of the D.C. Circuit mandate. Both FERC and Spire STL have taken action to ensure Spire STL continues to have the authority needed to continue to operate the Spire STL Pipeline through the Defendants' properties, and the D.C. Circuit-related litigation may ultimately still be resolved.

## III. Additionally, this Court retains jurisdiction pursuant to Federal Rule of Civil Procedure 71.1(i)(1)(C).

Federal Rule of Civil Procedure 71.1(i)(1)(C) states that if the condemner has taken possession of any part of a piece of property, the court must determine and award just compensation for the taking of the possessory interest. *See Kirby Forest Industries Inc. v. United States*, 467 U.S. 1, 2 (1984) (holding that the Government's capacity to withdraw from any proceeding would be difficult if a taking of property had already occurred and remanding the case back the District Court for further findings regarding just compensation). Since Spire STL has already taken a possessory interest in Defendants' properties, this court at a minimum, retains jurisdiction to determine just compensation due Defendants for the taking.

## IV. Alternatively, stay of these proceedings as opposed to dismissal is required based on the primary jurisdiction doctrine.

The totality of the primary jurisdiction doctrine, demonstrative advantages to a stay given the current pending proceedings in a related matter, and judicial economy meets Spire STL's burden of establishing the need for a stay in the present proceedings as opposed to dismissal of the Complaint.

> **A.** **According to the doctrine of primary jurisdiction, the Court should stay proceedings until FERC has resolved the issue of Spire STL's authority to operate the Spire STL Pipeline through Defendants' properties as opposed to dismissing the Complaint.**

A district court has broad discretion to stay proceedings in a case, this power to stay a proceeding is incidental to the power inherent in every court to control its docket. *Landis v. North American Company*, 299 U.S. 248, 254 (1936). The party that petitions the court for a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  Seventh Circuit District Courts have considered several factors when evaluating whether to grant a stay of proceedings. Such factors include (1) whether the stay will unduly prejudice or disadvantage the non-moving party; (2) whether the stay will simplify the issues in question and further streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court.  *Wyllie v. Flanders Corporation*, 21-CV-3078, 2021 WL 2283737, at *2 (C.D. Ill. May 28, 2021); *see Mintun v. Kenco Logistics Services LLC,* 19-2348, 2020 WL 1700328, at *1 (C.D. Ill. Apr. 7, 2020).

The primary jurisdiction doctrine encourages the stay of the present proceedings as opposed to dismissal. The Seventh Circuit Court of Appeals has held that when a suit is based on a federal statute and a potentially dispositive issue arises that is within the primary exclusive jurisdiction of an administrative agency, the suit may be stayed until the agency resolves the issue. *Tice v. American Airlines, Inc*., 288 F.3d 313, 317 (7th Cir. 2002). Once the agency resolves the issue, the case can resume assuming the agency's resolution does not dispose of the

entire case. *Id.* The primary jurisdiction doctrine aligns with the present case and encourages a stay of the matter as opposed to dismissal.

FERC is an agency empowered by the Natural Gas Act "to regulate the transportation and sale of natural gas in interstate commerce." *City of Oberlin v. FERC,* 937 F.3d 599, 602 (D.C. Cir. 2019). The Natural Gas Act requires any entity seeking to construct an interstate pipeline to seek a certificate first from FERC. 15 U.S.C. § 717f(c)(1)(A).  Therefore, FERC has exclusive jurisdiction for authorizing entities to construct, manage, and maintain interstate natural gas pipelines, including the issuance of temporary certificates of public convenience and necessity. As a regulatory authority, FERC must determine, based on its expertise and experience, if an entity's proposed construction of a pipeline is necessary and serves the public before issuing a FERC Certification. 15 U.S.C. §§ 717f(e).

FERC issued Spire STL a certification on August 3, 2018, and on December 7, 2018, this Court entered an Order Confirming Condemnation based on this certification. At present, a separate case (*Environmental Defense Fund,* 2 F.4th 953 (D.C. Cir. 2021)) challenges FERC's order that granted this certificate to Spire STL. The D.C. Circuit has remanded the case to FERC for further proceedings. Based on the primary jurisdiction doctrine, this Court may stay proceedings until FERC completes the necessary steps to consider the relevant factors needed to resolve the validity of Spire STL's certificate. Such administrative proceedings include FERC working with Spire STL to reissue an updated certificate of public convenience and necessity or additional temporary certificates of public convenience and necessity based on the D.C. Circuit opinion. Regardless of the path taken by FERC, the primary jurisdiction doctrine encourages this court to at a minimum, stay proceedings, instead of dismissing the Complaint, until a final

resolution is reached by FERC, or a final judgment is reached by the Supreme Court concerning Spire STL's authority.

The assertion of the primary jurisdiction doctrine in no way destroys this Court's jurisdiction to hear and adjudicate the current claims in the present matter. The doctrine acts only to delay proceedings until an agency resolves *certain* issues pertaining to existing cases. The parties in the present action must still conduct proceedings concerning just compensation.

This court retains jurisdiction of the original claims according to Federal Rule of Civil Procedure 71.1(i)(1)(C) which states that if a plaintiff has already taken possession of any part of a piece of property, the court must award compensation for the possession taken. *See Kirby Forest Industries*, 467 U.S. at 2. 15 U.S.C. §§ 717f also asserts that United States district courts shall have jurisdiction over eminent domain cases, or those where a taking has occurred, when the amount exceeds $3,000. Once an agency resolves the dispositive issue, the case can resume in the court in which the original case is pending. *Tice,* 288 F.3d at 317. Therefore, once FERC resolves the issue concerning the validity of its certification order to Spire STL, this Court is free to resume the present case, enter orders relating to the property rights acquired, and resolve any outstanding disputes. The court in *Marseilles Hydro Power, LLC. v. Marseilles Land & Water Co*., concluded that that the district court had authority to award injunctive relief and although "the doctrine of primary jurisdiction might require the Court to *refer* certain issues to FERC" it is no basis for preemptively dismissing the possibility of injunctive relief in a United States District Court.  00 CV 1164, 2003 WL 259142, at *3 (N.D. Ill. Feb. 4, 2003) (here, the District Court decided to stay the case after the Seventh Circuit observed that it might be a good idea to stay the lawsuit pending FERC procedures that may impact the party's equitable relief citing *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co*., 299 F.3d 643, 652 (7th Cir. 2002)).

**B.      No harm or prejudice will result to Defendants if a stay is granted.**

First, Spire STL does not request this Court delay proceedings indefinitely. Spire STL

alternatively seeks a modest delay in proceedings.  *Landis,* 299 U.S. at 256.  Second, A stay

would not delay or extend discovery in the present case as discovery concluded on August 1,

2021 (d/e 169). Therefore, there is no risk that any evidence would be unattainable when

proceedings would later resume after the stay as all evidence has already been disclosed. Third,

Spire STL does not seek to impose a tactical advantage or circumvent any order of the court

through this stay. Defendants would neither be unduly prejudiced nor strategically disadvantaged

by a stay in the current proceedings.

**C.      A stay in this case, as opposed to a dismissal of the Complaint, promotes
            judicial economy, and reduces the burden in litigation on the parties and on
            this Court.**

Dismissal of the Complaint would require Spire STL immediately file a new complaint

based on the September 14, 2021 Temporary Certificate which incorporates the terms of the

August 3, 2018 FERC Certificate. This procedure would be incredibly inefficient for all parties

and would not promote judicial economy as it may require the parties start all over with

discovery even though the same properties and property interests would be at issue.

**D.      Staying proceedings as opposed to dismissal is in the best interest of the
            public and is consistent with the Federal Rules of Civil Procedure.**

Staying this matter as opposed to dismissal is in the best interest of the public and is

consistent with the Federal Rules of Civil Procedure. Given the time and resources the parties

have expended towards determining just compensation, staying this action will prevent

unnecessarily having to file a new petition based on the same property interests as this matter.

Federal Rule of Civil Procedure 16(a)(3) states that the court may order parties to appear

for one or more pretrial conferences for such purposes as "discouraging wasteful pretrial

activities." In addition, Federal Rule of Civil Procedure 16(c)(2)(P) gives district courts the authority to issue orders facilitating "the just, speedy, and inexpensive disposition of the action." The issuance of stay in the present matter as opposed to dismissal is consistent with the principles of limiting wasteful activities and judicial expediency.

WHEREFORE, Plaintiff, Spire STL Pipeline LLC, respectfully requests this Court deny Motion by Defendant Landowners to Dissolve Injunction and Dismiss Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212) in its entirety, or in the alternative stays these proceedings until further determination by FERC and / or the United States Supreme Court, and for any other relief that this Court deems just.

Respectfully submitted,

By:____/s/ Lisa A. Petrilli_____
David A. Rolf (IL ARDC #6196030)
Lisa A. Petrilli (IL ARDC #6280865)
Attorneys for Plaintiff
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: darolf@sorlinglaw.com
          lapetrilli@sorlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Joshua D. Evans
103 East Pearl Street
Jerseyville, IL 62016
Telephone: (618) 268-5081
office@jevanslegal.com

S.T. Turman Contracting, L.L.C.
c/o Scott Turman, Manager
300 Commerce Blvd.
Jerseyville, IL 62052
Email:  stturman@gmail.com
        amyturman2@gmail.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email:  stturman@gmail.com
        amyturman2@gmail.com

By:____/s/ Lisa A. Petrilli_____
Lisa A. Petrilli (IL ARDC #6280865)
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: lapetrilli@sorlinglaw.com