IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

SPIRE STL PIPELINE LLC,
A Missouri limited liability company,

    PLAINTIFF

    vs.

BETTY ANN JEFFERSON as TRUSTEE
of the BETTY ANN JEFFERSON TRUST
#11-08, et al., *et al*.

    DEFENDANTS

Cause No.: 3:18-cv-03204

**DEFENDANT-LANDOWNERS' MEMORANDUM IN OPPOSITION TO PLAINTIFF SPIRE STL's PROPOSED MOTION TO AMEND AND IN SUPPORT OF RENEWED MOTION TO DISMISS**

Defendants in this case represented by Carolyn Elefant, LAW OFFICFES OF CAROLYN ELEFANT and Joshua Evans, Great River Injury Law file this Memorandum in Opposition to Plaintiff Spire STL Pipeline's (Spire) Motion to Amend the Complaint (Doc. 211) and in Support of the Renewed Motion to Dismiss for Lack of Jurisdiction and To Dissolve the Injunction (Doc. 182, Doc. 185, Doc. 212) based on the now-effective *vacatur* of Spire's certificate of public necessity and convenience in *Environmental Defense Fund v. FERC*.

## OVERVIEW

In the wake of the United States' Court court's ruling in *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, No. 20-1016, (D.C. Cir. June 22, 2021), *Environmental Defense Fund v. FERC*, Plaintiff Spire STL Pipeline no longer holds a valid certificate of necessity and convenience under the Natural Gas Act to operate the Spire pipeline. No certificate means no finding of public

use, which means a taking of private property is barred by the Fifth Amendment. *See Midcoast Interstate Trans., Inc. v. FERC*, 198 F.3d 960, 973 (D.C. Cir. 2000)(finding that a *valid* certificate constitutes public use for purposes of Takings Clause). No certificate means that this court lacks jurisdiction under Section 717f(h) of the Natural Gas Act which is limited to certificate holders invoking eminent domain authority. Accordingly, Plaintiff Spire's unconstitutional and unlawful condemnation complaint must be dismissed for lack of subject matter jurisdiction, Spire must be ejected from the Defendant-Landowners' property and Defendants must be awarded trespass and construction damages and attorneys' fees consistent with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654 (1970)(authorizing attorney and expert fees when condemnation is invalidated by a court) and *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 826 (4th Cir. 2004)(explaining that company abandoning FERC pipeline project is liable to landowners for "the time it occupied the land and...for the cost of restoration."). Spire's attempt to amend does not cure the jurisdictional deficiencies as it comes too late and in any event, is based on the temporary certificate which is limited to 90 days, does not confer eminent domain authority and is stayed under FERC Orders 871-B (online at https://tinyurl.com/4yswadhf) and Order 871-C, online at https://tinyurl.com/32ry7vkj.

      The Defendants live in or in close proximity to Spire's service area. They are well aware of Spire's scare campaign regarding the prospect of St. Louis freezing over if the pipeline is shut down.[1] We therefore understand this court's natural reluctance to do what the law requires and dismiss the condemnation case and find Spire in trespass. But that is no excuse. The D.C. Circuit understood the potential for disruption when it vacated the certificate, stating that:

---

[1] The FERC docket contains competing information including a filing by a Spire competitor showing that it has gas available if Spire can no longer operate. *See* FERC.gov, Docket CP17-40.

> ***the pipeline is operational, and thus there may be some disruption as a result of the "interim change," i.e., de-issuance of the Certificate, caused by vacatur.*** However, we have identified serious deficiencies in the Certificate Order and Rehearing Order….[also]remanding without vacatur under these circumstances would give the Commission incentive to allow "build[ing] first and conduct[ing] comprehensive reviews later." *Standing Rock Sioux Tribe v. Army Corps of Eng'rs*, 985 F.3d 1032, 1052 (D.C. Cir. 2021). We certainly do not wish to encourage such an approach given the significant powers that accompany a certificate of public convenience and necessity. *See* 15 U.S.C. § 717f(h) (allowing holder of Certificate to exercise eminent domain).

*Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, No. 20-1016, at *37 (D.C. Cir. June 22, 2021).  But the court also recognized that the harm of shutting down Spire was less severe than allowing a "build first" mentality that encroaches on private landowners' Fifth Amendment rights. To continue the eminent domain action flies in the face of the D.C. Circuit ruling and is tantamount to a collateral attack on the relief ordered by the court.  The condemnation action must be dismissed and the amendment denied without delay.

In addition, Spire carries the burden of proving jurisdiction, not the landowners.  And Spire has had the ability to avoid loss of access by negotiating payment which it has not done.  The court cannot trample the landowners' constitutional rights to protect Spire.

## **BACKGROUND**

A detailed account of the facts of this case is set forth in Doc. 182 (Motion to Vacate) and Doc. 211 (Notice of Mandate and renewed motion to dismiss) and are incorporated by reference. For the convenience of the court, salient facts and arguments are set forth below.

1. On August 3, 2021, Plaintiff Spire STL was granted a certificate of public convenience and necessity by FERC.  In reliance on the certificate, Spire filed a Complaint for Condemnation against the Defendants.  On December 3, 2019, this Court granted Spire's Motion to Confirm the Condemnation based on the certificate and an order granting possession.

2.  Although Spire only held possession of the property by order of this court, it made little (if any) to attempt to settle compensation with landowners.

3.  Spire's decision not to cooperate with the landowners has now come back to haunt it. Three years later, *Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, No. 20-1016, (D.C. Cir. June 22, 2021), the court invalidated and vacated Spire's certificate of public convenience and necessity, a decision that is now indisputably final. *See* Doc. 212 (transmitting mandate), and United States Supreme Court Chief Justice Denial of Stay, online at https://tinyurl.com/r523edd8.

4.  In the meantime, on September 14, 2021, FERC *sua sponte* granted Spire a temporary certificate. *Spire Pipeline*, Order Issuing temporary Certificate, 176 FERC ¶61, 160 (2021) (attached to Spire Motion to Amend). The temporary certificate is limited to a period of 90 days and was intended solely to afford FERC more time to consider Spire's application for a temporary certificate.

5.  On October 14, 2021, the Defendant Landowners filed a rehearing request with FERC regarding the Temporary Certificate. *See* Attachment 1 (Rehearing Request). On rehearing, the Defendants asked FERC to clarify that the temporary certificate does not carry eminent domain powers and that even if it did, exercise of eminent domain is stayed under FERC Order 871-B. The rehearing request remains pending before FERC.

## ARGUMENT

This Memorandum argues that this court (1) must dismiss the condemnation action and (2) must deny Spire's proposed amendment. Argument follows.

**I.    THE COURT MUST DISMISS THE CONDEMNATION COMPLAINT BECAUSE IT EFFECTUATES AN UNCONSTITUTIONAL TAKING**

It is undisputed that Spire's original certificate was invalidated and vacated by the D.C. Circuit in *Environmental Defense Fund v. FERC*, and that with the issuance of the mandate, the

court's decision is final. Moreover, the court invalidated the certificate because FERC's finding that the project served the public convenience was profoundly inadequate and the court doubted that FERC could rehabilitate its order given "the serious deficiencies identified." *Envtl. Defense Fund v. FERC*, at *6. The court also emphasized the link between a finding of public convenience and condemnation:

> There is good reason for the thoroughness and caution mandated by this approach: A certificate-holder may exercise eminent domain against any holdouts in acquiring property rights necessary to complete the pipeline.

*EDF v. FERC* at *6.

With the invalidation of Spire's certificate, Spire's taking is unconstitutional. The Fifth Amendment allows for a taking of public property only if it is for public use. Without a certificate of convenience and necessity, there is no showing that the project serves a public use. *See Midcoast Interstate Trans., Inc. v. FERC*, 198 F.3d 960, 973 (D.C. Cir. 2000)(holding that certificate constitutes public use for purposes of Takings Clause, therefore use of eminent domain for a FERC-certificated project does not violate Fifth Amendment). To allow Spire to proceed with a taking under a now-invalidated certificate violates the Fifth Amendment and for that reason, the condemnation complaint must be dismissed.

II. **THIS COURT MUST DISMISS THE CONDEMNATION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND CHANGE IN CIRCUMSTANCES**

   A. **The Court Lacks Subject Matter Jurisdiction Over the Complaint**

This court's jurisdiction over Spire's condemnation complaint is grounded on Section 717f(h) of the Natural Gas Act which provides in relevant part that:

> When any holder of a certificate of public convenience and necessity cannot acquire...the necessary right of way to construct, operate and maintain a pipeline….it may acquire the same by the exercise of the right of eminent domain

4

> in the district court of the United States for the district in which such property may be located…

Because Spire no longer has a certificate, this court no longer has jurisdiction over the condemnation action under Section 717f(h) of the Natural Gas Act.

As this court has recognized,

> [f]ederal courts are courts of limited jurisdiction , with power to hear a case only if such power is granted by the Constitution and authorized by statute, and the presumption is that a case lies outside of this limited jurisdiction ." *McNichols v. Johnson Johnson*, No. CIV. 06-160-GPM, 2006 WL 3360542, at *1 (S.D. Ill. Apr. 19, 2006). "Because a federal court's jurisdiction is limited, it has a `nondelegable duty to police the limits of federal jurisdiction with meticulous care.'" *Id.* (quoting *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991)

*Kuntz v. Illinois Central R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007). Moreover, even if a court has jurisdiction over a matter at the inception of a case, the court must ensure that it continues throughout the case:

> A federal court has a continuing duty to monitor its jurisdiction and thus has an "obligation to raise and correct jurisdictional matters *sua sponte.* " *United States v. Tribal Development Corp.,* 49 F.3d 1208, 1216 (7th Cir.1995). "If the court determines at any time that it lacks subject matter jurisdiction , the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

*Sparrow v. Mid-America Sport Parachute Club*, 66 F. Supp. 3d 1152, 1154 (C.D. Ill. 2014).

Admittedly, this court may have had jurisdiction when it issued the Order of Condemnation and granted possession. But with the certificate invalidated, jurisdiction no longer exists; as such, the case must be dismissed.

**B.    The Injunction Must Be Dissolved**

Because this court lacks jurisdiction, its injunction granting possession would be dismissed as well. However, even if the court finds a basis for retaining jurisdiction, it must still dissolve the injunction for the reasons set forth in Doc. 182 and Doc. 185. Spire's principal response to the

5

Defendants' argument to dissolve the injunction was that its certificate was still effective because the mandate had not issued. Now the mandate has issued, so Spire's opposition to dissolving the injunction no longer holds water.

**C.     Relief for Dismissal or Dissolution**

If the court dismisses the case for want of jurisdiction or dissolves the injunction, it must find Spire in trespass and eject it from the property. In addition, the Defendants are also entitled to damages and fees. First, the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654 contemplates an award of attorneys' fees if a court determines a condemnation was unauthorized. *Pete v. United States*, 569 F.2d 565 (Fed. Cir. 1978)And in *Sage*, 361 F.3d 808, 826, the court anticipated that if an order granting possession was later vacated because a pipeline project was abandoned, the pipeline would be expected to pay for the duration of its occupancy, damages to property and restoration costs.

**III.    THE COURT MUST DENY THE AMENDMENT BASED ON THE TEMPORARY CERTIFICATE**

Rather than try to fix this situation by negotiating with the landowners, Spire attempts to salvage its case by proposing to amend the condemnation complaint by substituting the 90-day temporary certificate for the now invalidated certificate. Spire's motion must be denied for three reasons. First, the temporary certificate does not confer eminent domain authority. Second, even if the temporary certificate conferred eminent domain rights, it is stayed under FERC Order 871-B. Third, Spire's amendment comes too late because it is not a true amendment but an abandonment of the earlier proceeding.

**A.     No Eminent Domain Under A Temporary Certificate**

As Spire noted, on September 14, 2021, FERC granted a temporary certificate to Spire to allow it to continue to operate for 90 days (or through December 13, 2021). A temporary

certificate does not confer eminent domain authority which is reserved for "holders of a certificate of public convenience and necessity." Specifically, Section 717f(h) of the Natural Gas Act provides in relevant part that:

> When any **holder of a certificate of public convenience and necessity** cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for...it may acquire the same by the exercise of the right of eminent domain….

A temporary certificate is not a "certificate of public convenience and necessity." A temporary certificate is granted under Section 7(c)(1)(B) of the Natural Gas Act. By contrast, a certificate of public convenience and necessity is awarded under Section 7(e) of the Natural Gas Act which is entitled "Granting of a Certificate of Public Necessity and Convenience."

In addition, a temporary certificate is issued "without notice or hearing," while the grant of a certificate of public necessity and convenience requires more robust analysis - precisely because the latter conveys eminent domain powers. The D.C. Circuit emphasized this point in *Envtl. Defense Fund. v. FERC*, explaining that:

> The Commission may issue Certificates only if, among other things, it finds that the proposed construction or extension "is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied." 15 U.S.C. § 717f(e). In deciding whether to issue Certificates under this standard, the Commission must "evaluate *all* factors bearing on the public interest." *Atl. Refin. Co. v. Pub. Serv. Comm'n of N.Y.*, 360 U.S. 378, 391 (1959) (emphasis added). **And there is good reason for the thoroughness and caution mandated by this approach: A Certificate -holder may exercise eminent domain against any holdouts in acquiring property rights necessary to complete the pipeline.** 15 U.S.C. § 717f(h).

*Envtl. Defense Fund v. Fed. Energy Regulatory Comm'n*, No. 20-1016, at *6 (D.C. Cir. June 22, 2021) (emphasis added). In short, the relaxed review for the grant of a temporary certificate falls far short of the level that the D.C. Circuit has determined is necessary as a prerequisite to a grant of eminent domain.

7

Finally, the Natural Gas Act does not expressly grant eminent domain power to holders of temporary certificates. "The taking of private property for public use is deemed to be against the common right and authority so to do must be clearly expressed." *Delaware, Lackawanna W. R.R. v. Morristown,* 276 U.S. 182, 192, 48 S.Ct. 276, 278, 72 L.Ed. 523 (1928).  Because eminent domain powers are in derogation of property rights, any authorization of condemnation powers must be narrowly construed. *Tenn. Gas Pipeline v. 104 Acre Prov. Cty.*, 749 F. Supp. 427, 432 (D.R.I. 1990).

Spire cites comments of FERC Commissioner Clements stating that as a result of the temporary certificate, the original certificate remains in place. However, Commissioner Clements' remarks -- an offhand comment preceded by a disclaimer on discussion of the merits of Spire's case -- do not carry any weight. First, "the Commission is an entity apart from its members, and it is its institutional decisions — none other — that bear legal significance." *Public Service v. Federal Power Commission*, 543 F.2d 757, 776 (D.C. Cir. 1974).  Second, Commissioner Clements' comments are inconsistent with the terms of the temporary certificate itself which state that it is a new issuance that allows continued operation under the terms of the former certificate. Finally, at the time Ms. Clements shared her comments, the court mandate had not issued so the initial certificate was arguably valid. That is no longer the case.

Accordingly, a grant of a temporary certificate does not entitle Spire to exercise the power of eminent domain under Section 717f(h) to acquire property needed to operate its project.  Nor does a temporary certificate confer jurisdiction on this court over an amended certificate. Accordingly, Spire's proposed amendment must be denied.

**B.    The Temporary Certificate Is Stayed Under FERC Orders 871-B and 871-C**

Even if a grant of a temporary certificate confers eminent domain authority, this Court must still prohibit Spire from proceeding with eminent domain actions in the federal courts under the temporary certificate. This is because Order 871-B imposes a presumptive stay on use of eminent domain during the 30-day rehearing period and pending Commission resolution of any timely requests for rehearing filed by landowners up until 90 days following the date that a request for rehearing may be deemed to have been denied. The Defendants filed a rehearing request of the temporary certificate on October 14, 2021. *See* Attachment (Rehearing Request).

In Order 871-B, the Commission explained that a stay is a matter of fairness and necessary to avoid irreparable harm to landowners:

> Given the grave consequences that eminent domain has for landowners, we believe that it is fundamentally unfair for a pipeline developer to use a section 7 certificate to begin the exercise of eminent domain before the Commission has completed its review of the underlying certificate order, through consideration of the merits of any timely filed requests for rehearing, either by issuance of an order on rehearing or a notice indicating that the Commission will not take further action...There is no question that eminent domain is among the most significant actions that a government may take with regard to an individual's private property. And the harm to an individual from having their land condemned is one that may never be fully remedied, even in the event they receive their constitutionally-required compensation.

Order 871-B at P. 47, *see also* Order 871-C, online at https://tinyurl.com/32ry7vkj. The Commission also explained that a stay does not penalize companies because they have a way out, noting that, "a pipeline developer may avoid a stay entirely by obtaining all necessary property interests prior to issuance of the certificate."

The stay of FERC's temporary certificate blocks Spire from relying on the temporary certificate as a basis for eminent domain. Spire's attempt to amend the certificate violates FERC's stay order and must be rejected.

**C.    The Amended Complaint Operates as An Abandonment of the Initial Claims**

If the Amended Complaint is not dismissed, the amendment must be denied because it operates as abandonment pleadings of the initial Complaint. By amending its Complaint, Spire will evade the obligation to pay for three years that it occupied the project.

Fed. R. Civ. P. 71.1(f) provides to Spire, as a condemner, the right to amend its complaint without leave of court "as often as it wants" at any time before the trial on compensation. However, this right is not absolute, as amendment is expressly prohibited "if it would result in a dismissal inconsistent with Rule 71.1(i)(1) or (2)." Rule 71.1(i)(1)(C) in turn provides that "[a]t any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property." Accordingly, Rule 71.1(i)(1)(C) permits a plaintiff to file a motion to dismiss the condemnation action as to a piece of property, and contemplates that the Court will hold a hearing on such a Motion, which it may or may not grant. If a plaintiff wants to dismiss the condemnation action as to a piece of property, or in this instance, take a lower quantum of rights in certain property, it may do so only by filing a motion pursuant to Rule 71.1(i)(1)(C). Accordingly, because Rule 71.1(f) does not permit amendment of the complaint if such amendment would result in dismissal inconsistent with Rule 71.1(i)(1), the Amended Complaints are improper and violative of Rule 71.1. Because the Amended Complaints do not comply with Rule 71.1, this Court lacks jurisdiction to entertain it, and it should be dismissed.

Further, even had Spire complied with the requirements of Rule 71.1(i)(1)(C) in moving to dismiss the original Complaint action against the Defendants, such a motion would not be appropriate without the payment of just compensation for all of the property rights possessed. See. Fed. R. Civ. P. 71.1(i)(1)(C) ("[I]f the plaintiff has already taken title, a lesser interest, or possession as to any part of [the property], the court must award compensation for the title, lesser

10

interest, or possession taken.") *see also East Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 825-826 (4th Cir. 2004).

The problem with Spire's amendment is that the rights sought under a temporary certificate - which have a duration of 90 days - are substantially different from the rights in perpetuity allowed under the now invalidated certificate. Does the amendment mean that Spire proposes to pay only for 90 days and not for the three years it has now occupied the property? And after the 90 days expires, will Spire file another complaint or amendment? As an Oregon federal district court observed when denying an amendment:

> It would be a vain thing to require condemnation proceedings to be initiated in a court if, thereafter, a declaration of taking could be filed which related to an entirely different piece of land or an entirely different estate in the same parcel and that title to the parcel or estate passes irrespective of a variance between that and the description in the complaint.

United States v. Bauman, 56 F. Supp. 109 (Oregon 1943).

## *CONCLUSION AND REQUEST FOR RELIEF*

The law is clear. Without a valid certificate which Spire lacks, any taking is unconstitutional. Without a valid certificate, this court has no jurisdiction under the Natural Gas Act. The proposed amendment - which is based on a 90-day temporary certificate which confers no eminent domain power and is stayed - does not cure the jurisdictional and constitutional infirmities.

Defendants recognize that the court may have concerns about ejecting Spire from the property, but at this juncture, the case is about the law, not the equities. The court can find that it has no jurisdiction or that a taking is unconstitutional and stay its ruling to allow the parties to negotiate for acquisition of the easement rights, or to enable Spire to take an appeal. But the court cannot Spire's assault on the landowners' constitutional rights in defiance of the D.C.

Circuit's ruling or expand its jurisdiction beyond the limits of the Natural Gas Act and Article III to accommodate Spire.

Respectfully submitted,

**/s/ Carolyn Elefant**
Carolyn Elefant, *pro hac vice*
Law Offices of Carolyn Elefant, PLLC
1440 G Street, NW, 8th Floor
Washington, D.C. 20005
T: (202) 297-6100
E: Carolyn@carolynelefant.com
 Attorney for Defendant-Landowners


**/s/ Joshua R. Evans**
Illinois Bar No. 6318288
GREAT RIVER INJURY LAW
103 East Pearl
Jerseyville, IL 62052
Telephone:  618-498-0001
office@jevanslegal.com


## CERTIFICATE OF SERVICE

I, Joshua R. Evans, certify that on this 21st day of October 2021 I caused the foregoing Motion to be served by electronic mail to the following:

**/s/ Joshua R. Evans**
Illinois Bar No. 6318288
GREAT RIVER INJURY LAW
103 East Pearl
Jerseyville, IL 62052
Telephone:  618-498-0001
office@jevanslegal.com