IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **SPIRE STL PIPELINE LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-cv-03204 |
| **BETTY ANN JEFFERSON, as** | ) |
| **Trustee of the Betty Ann** | ) |
| **Jefferson Trust #11-08, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on Plaintiff Spire STL Pipeline, LLC's ("Spire") Motion to Amend (d/e 211). Spire requests that the Court amend its previous orders of December 7, 2018 and December 14, 2018 to recognize and conform to Spire's claimed authority to continue operation of the Spire STL Pipeline ("Pipeline") through Defendants' properties pursuant to the Temporary Certificate issued by the Federal Energy Regulatory Commission ("FERC") on September 14, 2021. Also before the Court is the Motion to Dissolve Injunction and Dismiss Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212) filed by the Defendant

Landowners ("Landowners"). The Landowners request the dismissal of Spire's condemnation complaint for lack of subject matter jurisdiction, the dissolution of the preliminary injunction previously entered in this matter, and the ejection of Spire from the Landowners' property. Spire opposes the Landowners' motion, and vice versa. For the reasons set forth below, Spire's Motion to Amend (d/e 211) is GRANTED and the Landowners' motion to dissolve and dismiss (d/e 212) is DENIED.

## I. BACKGROUND

On August 15, 2018, Spire filed its Verified Complaint (d/e 1) in this action and attached a Certificate of Public Convenience and Necessity ("FERC Certificate") issued to Spire by the FERC on August 3, 2018 for the construction, operation, and maintenance of the Pipeline. Thereafter, Spire filed a Motion to Confirm Condemnation (d/e 79), which this Court granted in a Text Order issued on December 7, 2018 ("Condemnation Order"). The Condemnation Order stated:

> TEXT ORDER: Plaintiff's Motion to Confirm Condemnation [79] is GRANTED. Plaintiff holds a certificate from the Federal Energy Regulatory Commission authorizing the construction, operation, and maintenance of a

> natural gas pipeline. The easements that Plaintiff seeks are necessary to the construction, operation, and maintenance of the pipeline, and Plaintiff has been unable to reach agreements with Defendants on compensation for the easements. Therefore, Plaintiff is entitled to exercise eminent domain to acquire the easements needed for the pipeline. See 15 U.S.C. § 717f(h). The Court hereby confirms condemnation of the permanent and temporary easements set forth in Plaintiff's Verified Complaint for Condemnation of Pipeline Easements [1], reserving the issue of compensation.

Text Order, December 7, 2018.

On December 14, 2018, the Court issued a Preliminary Injunction in this matter authorizing Spire to construct, operate, and maintain the Pipeline, stating:

> Plaintiff Spire STL Pipeline LLC's Motion for Preliminary Injunction for Immediate Possession is GRANTED. Plaintiff may take immediate possession of the easement interests in Defendants' property for the construction, operation, and maintenance of the natural gas pipeline approved by FERC on August 3, 2018, but only after Plaintiff deposits with the Clerk of the Court a surety bond in the amount of $1.35 million . . . . In compliance with the requirements set forth in Rule 65(d)(1) of the Federal Rules of Civil Procedure, the easements to which this Order applies are set forth in the attached exhibits (Exhibits 2A through 29B from Plaintiff's Verified Complaint).

D/e 114, p. 11.

On or about November 22, 2019, the Pipeline was placed in service. On January 27, 2021, the Court modified the preliminary injunction so that Spire retained possession of certain easement interests and ceased to possess other easements in areas that were no longer necessary for Spire to construct, operate, and maintain the Pipeline. See d/e 168.

On June 22, 2021, the United States Circuit Court of Appeals for the D.C. Circuit issued an opinion vacating the FERC Certificate. A formal mandate issued on October 8, 2021, meaning that the FERC Certificate authorizing Spire to bring a condemnation complaint has been vacated and is no longer valid. However, on September 24, 2021, the FERC issued a temporary certificate under 15 U.S.C. § 717f(c)(1)(B) ("Temporary Certificate"), which purports to authorize Spire to "continue to operate the facilities authorized by the Commission in Docket Nos. CP17-40-000 and CP17-40-001 that are currently in service, under the terms, conditions, and authorizations previously issued" after the vacatur of the FERC Certificate. D/e 211-1, p. 5.

## II. ANALYSIS

The Landowners argue that Spire lacks a valid certificate of public convenience and necessity and that "[w]ithout a valid certificate, this court has no jurisdiction under the Natural Gas Act." D/e 214, p. 12. Spire's position is that the Temporary Certificate provides this Court with jurisdiction and authorizes Spire to continue to operate and maintain the Pipeline. The Landowners respond that the Temporary Certificate is invalid because: (1) the Temporary Certificate does not confer eminent domain authority; (2) the Temporary Certificate is stayed pursuant to FERC Order 871-B; and (3) Spire's proposed amendment is an abandonment of its initial claims.

**A.     The Temporary Certificate Authorizes Spire to Operate and Maintain the Pipeline.**

This Court's subject matter jurisdiction over Spire's complaint arises under 15 U.S.C. § 717f(h), which authorizes "any holder of a certificate of public convenience and necessity" to acquire the easements necessary for the construction, operation, and maintenance of a pipeline by bringing an eminent domain action. Spire's original certificate of public convenience and necessity was

issued pursuant to § 717f(e), which states that "[e]xcept in the cases governed by the provisos contained in subsection (c)(1) of this section, a certificate [of public convenience and necessity] shall be issued to any qualified applicant therefor [who fulfills certain requirements]." 15 U.S.C. § 717f(e) (emphasis added). The exception referred to is set forth in § 717f(c)(1)(B), which provides that "the Commission may issue a temporary certificate in cases of emergency, to assure maintenance of adequate service or to serve particular customers, without notice or hearing . . . ." 15 U.S.C. § 717f(c)(1)(B). Subsection (e) of § 717f bears the heading "Granting of Certificate of Public Convenience and Necessity," while subsection (c) bears the heading "Certificate of Public Convenience and Necessity." The Landowners argue that only a "certificate" issued under subsection (e), and not a "temporary certificate" issued under subsection (c)(1)(B), is a "certificate of public convenience and necessity" that can authorize eminent domain actions under subsection (h).

The Court disagrees and finds that a "temporary certificate" under § 717f(c)(1)(B) is a "certificate of public convenience and necessity" under § 717f(h). Subsection (e) refers to the temporary

certificates issued under subparagraph (c)(1)(B) as "certificates," the same term it uses for other certificates of public convenience and necessity.  The headings of subsections (c) and (e) both reference "Certificate[s] of Public Convenience and Necessity."  And the FERC order issuing the Temporary Certificate states that the FERC is issuing "[a] temporary certificate of public convenience and necessity" that will allow Spire to exercise the eminent domain powers necessary to maintain and operate the Pipeline.  D/e 213-1, p. 5; see United Distribution Companies v. F.E.R.C., 88 F.3d 1105, 1165 (D.C. Cir. 1996) (according Chevron deference to FERC interpretation of the Natural Gas Act).  While the Landowners assert that authorizations of condemnation powers must be narrowly construed, see d/e 214, p. 9, the only reasonable construction of § 717f is that temporary certificates issued under subsection (c) are "certificates of public convenience and necessity" under subsection (h).

**B.    FERC Order 871 Applies Only to New Condemnation Proceedings and Does Not Require Dismissal of Spire's Complaint or Dissolution of the Preliminary Injunction.**

FERC Order 871 provides that, with respect to orders issued pursuant to 15 U.S.C. § 717f(c), "no authorization to proceed with

construction activities will be issued" until after a specified time period has elapsed. 18 C.F.R. § 157.23. The Landowners argue that this Order "imposes a presumptive stay on use of eminent domain" for the specified time period. D/e 214, p. 9.

In FERC Order 871-B, the FERC announced "a policy of presumptively staying an NGA section 7(c) certificate order during [specified time periods]." FERC Order 871-B, ¶ 43. However, Order 871-B also includes the clarification that this presumptive-stay policy "will not apply where the pipeline developer has already, at the time of the certificate order, acquired all necessary property interests." Id. Order 871 reflects the FERC's judgment that it is "fundamentally unfair" for a developer to use a temporary certificate "to begin the exercise of eminent domain" and initiate a taking of private land before landowners have had a chance to challenge the temporary certificate. Id. at ¶ 47 (emphasis added). These concerns do not apply where, as in this case, construction of the pipeline has already been completed and the purpose of the temporary certificate is to allow a developer to continue to operate and maintain the pipeline. Spire has not claimed that the Temporary Certificate authorizes Spire to immediately initiate new

eminent domain proceedings against new areas of land. Accordingly, any stay imposed by FERC Order 871 does not require the dismissal or dissolution of Spire's complaint or the preliminary injunction. The issue of whether Order 871 affects Spire's pending motion for a second preliminary injunction (d/e 173) is not before the Court at this time and will be addressed, if necessary, at a later date.

## C. Spire's Proposed Amendment Is Not an Abandonment of Spire's Initial Claims.

The Landowners also claim that Spire's motion for amendment of the Condemnation Order and the Preliminary Injunction amounts to a motion to amend Spire's complaint and that allowing this amendment would be improper under Rule 71.1(f) of the Federal Rules of Civil Procedure. See d/e 214, p. 10. Rule 71.1(f) provides, in relevant part, that "no amendment may be made if it would result in a dismissal inconsistent with Rule 71.1(i)(1) or (2)." Fed. R. Civ. P. 71.1(f). Rule 71.1(i) governs the dismissal of the action or a defendant. See Fed. R. Civ. P. 71.1(i).

The Court does not construe Spire's motion to amend the Condemnation Order and the Preliminary Injunction as a request to

amend Spire's complaint.  To the extent that the substitution of the Temporary Certificate for the FERC Certificate as the basis for Spire's condemnation action constitutes an amendment of Spire's complaint, Rule 71.1(i) still has no bearing on Spire's motion because Spire does not seek to dismiss its action or to dismiss any defendant.  Accordingly, the Court finds that Spire has not abandoned its initial claims.

The Landowners further argue that, because the Temporary Certificate is valid only for 90 days, Spire's amendment seeks rights that are "substantially different from the rights in perpetuity allowed under the now invalidated certificate." D/e 214, p. 11.  According to the Landowners, this gives rise to the possibility that Spire will attempt to compensate the Landowners only for the 90-day period during which the Temporary Certificate is in effect, and not for the entire three years during which Spire has occupied the Landowners' property.  Id.

The Court agrees that any amendment of the Condemnation Order and/or the Preliminary Injunction to reflect the new basis for Spire's condemnation action does not relieve Spire of any landowner compensation obligations incurred under the FERC Certificate.

However, the Court does not agree that the substitution of the Temporary Certificate for the FERC Certificate substantially changes the nature of the relief sought by Spire or that the substitution requires dismissal of Spire's condemnation action. The Temporary Certificate is, as the Eastern District of Missouri observed in a related condemnation action, intended as "a backstop to prevent disruption once the D.C. Circuit issues its mandate." <u>Spire STL Pipeline LLC v. 3.31 Acres of Land</u>, No. 4:18-CV-1327, 2021 WL 4583840, at *4 (E.D. Mo. Oct. 5, 2021). It would not be appropriate or necessary for this Court to dismiss the complaint, dissolve the Preliminary Injunction, and eject Spire from the Landowners' property while the Temporary Certificate remains in effect and while related proceedings are ongoing before the FERC and the D.C. Circuit.

### III. CONCLUSION

For the reasons stated, Plaintiff Spire STL Pipeline, LLC's Motion to Amend (d/e 211) is GRANTED. The Defendant Landowners' Motion to Dissolve Injunction and Dismiss Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212) is DENIED. Defendants' Joint Motion for Relief from

Condemnation Judgment Under FRCP 60(b)(5) (d/e 182), which requests the same relief requested in the motion to dissolve and dismiss, is also DENIED.

It is hereby ORDERED that the Court's Text Order of December 7, 2018, and the Preliminary Injunction issued on December 14, 2018, and modified on January 27, 2021, are amended in that the Court recognizes that Plaintiff's authority to continue operation of the Spire STL Pipeline through Defendants' properties is now based on and subject to the terms of the Temporary Certificate issued by the Federal Energy Regulatory Commission on September 14, 2021. Because this amendment does not require any alteration in the language of either order, both orders are to remain as written.

ENTER: October 27, 2021

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
