IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON<br>TRUST #11-08, *et seq.*,<br><br>Defendants. | Case No: 3:18-cv-03204 |

**SPIRE STL PIPELINE LLC'S RESPONSE TO
DEFENDANTS' FED. R. CIV. P. 59 MOTION TO ALTER OR AMEND
OCTOBER 27, 2021 ORDER**

NOW COMES, Plaintiff, Spire STL Pipeline LLC, ("Spire STL") by and through its attorneys, Sorling Northrup, Lisa A. Petrilli and David A. Rolf, of Counsel, and Response to Defendants' Fed. R. Civ. P. 59 ("Rule 59") Motion to Alter or Amend (d/e 217) the October 27, 2021 Order (d/e 216) states as follows:

I.   **Facts and Procedural Background**

On September 23, 2021 (d/e 209) and on October 4, 2021 (d/e 210), certain Defendants filed motions seeking to stay the eminent domain proceedings. In a Text Order on October 6, 2021, the Court in considering both motions for stay declined to stay the eminent domain cases, and instead extended Defendants deadline to respond to Spire STL's pending motions in limine and motions for summary judgment ("October 6, 2021 Text Order").

On October 7, 2021, Spire STL filed its Motion to Amend (d/e 211) requesting this Court amend its orders dated December 7, 2018 and December 14, 2018 to recognize and conform to

Spire STL's authority to continue operation of the Spire STL Pipeline through Defendants' properties pursuant to the Temporary Certificate issued by the Federal Energy Regulatory Commission ("FERC") on September 14, 2021. On October 8, 2021, Defendants filed a Motion to Dissolve the Injunction and Dismiss the Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212). In their Motion, Defendants requested dismissal of the eminent domain complaint, dissolution of the injunction, and ejection of Spire STL. On October 27, 2021, this Court entered an Order (d/e 216) ("October 27, 2021 Order") granting Spire STL's Motion to Amend (d/e 211) and denying Defendants' Motion to dismiss and dissolve (d/e 212).

On November 22, 2021, Defendants filed their Rule 59 Motion to Amend or Alter (d/e 217) and a Memorandum in Support (d/e 218). In their prayer for relief Defendants request this Court: (1) hold the Temporary Certificate authorizes only a temporary easement; and (2) stay the eminent domain proceeding.

Regarding Defendants' first prayer for relief, Defendants ask this Court to alter or amend its October 27, 2021 Order to advise the parties' as to what may happen upon the occurrence of some future event not certain to occur. Specifically, Defendants ask this Court to determine how to measure just compensation due Defendants if the Temporary Certificate is not extended, or if a new certificate is not issued. Defendants in their second prayer for relief seek a stay of the eminent domain case in its entirety. This relief was not requested in Defendants' Motion to Dissolve the Injunction and Dismiss the Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212).

On December 3, 2021, FERC issued its second temporary certificate of public convenience and necessity to Spire STL, again authorizing the continued operation and maintenance of the Spire STL Pipeline under the same under the terms, and conditions, and

authorizations previously issued. ("December 3, 2021 Temporary Certificate"). The December 3, 2021 Temporary Certificate is valid until FERC issues an order on remand of the original FERC Certificate. A copy of the December 3, 2021 Temporary Certificate is attached hereto as **Exhibit 1**.

**II.    Defendants' Motion to Alter or Amend this Court's October 27, 2021 Order is both an attempt to reargue previously decided motions and an improper request for an advisory ruling from this Court, and must be denied.**

    **A.    Defendants' Motion to Alter or Amend seeks an advisory opinion from this Court and fails to present newly discovered evidence or establish a manifest error of law or fact.**

Defendants appear to seek reconsideration of the motions decided by this Court in the October 27, 2021 Order and possibly the motions decided in the October 6, 2021 Text Order. A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e) (2021). To prevail on a motion for reconsideration under Rule 59(e), Defendants must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995). A "manifest error" is not demonstrated by the disappointment of the losing party. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Defendants must show the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997). Contrary to this standard, Defendants' motion mainly "took umbrage with the court's ruling and rehashed old arguments." *See Oto*, 224 F.3d at 606.

There is no "newly discovered evidence." The relevant facts are not in dispute and have not changed. The "Background" section of Defendants' Memorandum in Support of their Motion to Amend or Alter cites the same facts as in previously filed motions. D/e 218, p. 3-4. FERC issued the Temporary Certificate on September 24, 2021 authorizing Spire STL to "continue to

operate the facilities authorized by the Commission in Docket Nos. CP17-40-000 and CP17-40-001 that are currently in service, under the terms, and conditions, and authorizations previously issued..." D/e 211-1, p. 5. FERC then issued the December 3, 2021 Temporary Certificate permitting Spire STL to continue to operate the facilities authorized by the Commission in Docket Nos. CP17-40-000 and CP17-40-001 that are currently in service, also under the terms, and conditions, and authorizations previously issued. Exhibit 1, p. 30.

The December 3, 2021 Temporary Certificate is in effect. While FERC entered an Order Addressing Arguments Raised on Rehearing, Granting Clarification, and Denying Stay on November 18, 2021, FERC's Order sustained the results found in the Temporary Certificate. D/e 217-1, p. 7. A second temporary certificate was then issued on December 3, 2021. Spire STL continues to operate the Spire STL Pipeline as provided in the December 3, 2021 Temporary Certificate. Because the undisputed facts remain unchanged, Defendants are not entitled to reconsideration of the October 27, 2021 Order.

Defendants do not claim or attempt to establish a manifest error of law or fact and make no argument that this Court disregarded, misapplied, or failed to recognize controlling precedent. Instead, Defendants request this Court advise the parties as to the measure of just compensation due Defendants *if* Spire STL's Temporary Certificate expires on December 13, 2021, and *if* a new certificate of authority is not issued by FERC. Despite such request for advisory action from this Court, Defendants admitted those "what-ifs" were unlikely. In fact, those "what-ifs" did not occur, and FERC issued its December 3, 2021 Temporary Certificate. Courts do not issue advisory opinions. Defendants' Rule 59(e) Motion to Alter or Amend seeking such opinion must, therefore, be denied. *See TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021)

    **B.**    **Defendants' request for a stay is inappropriate as it was not requested in the motions decided by the Court's October 27, 2021 Order, and is, at best, an unsupported Rule 60(b) motion to reconsider this Court's October 6, 2021 Text Order declining to grant certain Defendants a stay.**

This Court's October 27, 2021 Order decided both Spire STL's Motion to Amend (d/e 211) and certain Defendants Motion to Dissolve the Injunction and Dismiss the Condemnation Action for Lack of Subject Matter Jurisdiction (d/e 212). In Defendants' Motion to Dissolve and Dismiss, Defendants requested dismissal of the eminent domain complaint, dissolution of the injunction, and ejection of Spire STL. Defendants did not request a stay of the eminent domain litigation. Rule 59(e) certainly does not allow a party to advance arguments that were not before court in the underlying proceeding or motion. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524 (7th Cir. 2000).

While certain Defendants previously requested stays of the eminent domain litigation in two previous motions filed on September 23, 2021 (d/e 209) and on October 4, 2021 (d/e 210), this Court declined to grant such relief in its October 6, 2021 Text Order. To the extent this Motion is interpreted as a request for alteration or amendment of the Court's October 6, 2021 Text Order, the Motion must be treated as a Rule 60(b) motion as it was not filed within 28 days. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–667 (7th Cir. 2014).

"Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). Rule 60(b) cannot be used to make arguments that could have been raised in a timely motion for reconsideration under Rule 59(e). *Gray v. Advocate Health and Hospitals Corp.*, 442 Fed.Appx. 236, 237 (7th Cir. 2011). Rule 60(b) only permits relief from judgment when based on mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence which by due diligence could not have previously been obtained, and "any other reason that justifies relief." *See Talano v. Northwestern*

*Medical Faculty Foundation Inc.*, 273 F.3d 757 (7th Cir. 2001); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Defendant fails to show and is unable to show that this Court's October 6, 2021 Order was based on mistake, inadvertence, surprise, or excusable neglect, or that there is newly discovered evidence which by due diligence could not have previously been obtained. Defendant also fails to show any compelling reason that would justify the relief it requests again. As such, Defendants' request for a stay must be denied.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC, respectfully requests this Court deny Defendants' Motion Under FRCP 59 to Alter or Amend the Order Entered by This Court October 27, 2021 in its entirety, and for any other relief that this Court deems just.

Respectfully submitted,

By: /s/ Lisa A. Petrilli
David A. Rolf (IL ARDC #6196030)
Lisa A. Petrilli (IL ARDC #6280865)
Attorneys for Plaintiff
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: darolf@sorlinglaw.com
lapetrilli@sorlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and by email to the following at the email addresses shown below:

Carolyn Elefant
1440 G Street, NW
Washington, DC 20005
Telephone: (202) 297-6100
Email: carolyn@carolynelefant.com

Joshua D. Evans
103 East Pearl Street
Jerseyville, IL 62016
Telephone: (618) 268-5081
office@jevanslegal.com

S.T. Turman Contracting, L.L.C.
c/o Scott Turman, Manager
300 Commerce Blvd.
Jerseyville, IL 62052
Email: stturman@gmail.com
       amyturman2@gmail.com

Scott Turman
21599 Rangeline Rd.
Jerseyville, IL 62052
Email: stturman@gmail.com
       amyturman2@gmail.com

By: /s/ Lisa A. Petrilli
Lisa A. Petrilli (IL ARDC #6280865)
Sorling Northrup
One North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
Email: lapetrilli@sorlinglaw.com