**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **SPIRE STL PIPELINE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 18-cv-03204** |
| | ) | |
| **BETTY ANN JEFFERSON, as** | ) | |
| **Trustee of the Betty Ann** | ) | |
| **Jefferson Trust #11-08, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Plaintiff Spire STL Pipeline LLC's

("Plaintiff") eight Motions for Summary Judgment on Counts I and

III (d/e 189), Count VII (d/e 192), Count VIII (d/e 195), Count IX

(d/e 198), Count XII (d/e 201), Count XV (d/e 204), Counts XX and

XXI (d/e 207), and Counts XXVI, XXVII, XXVIII (d/e 208).  Also

before the Court are Plaintiff's seven Motions in Limine on Counts I

and III (d/e 187), Count VII (d/e 190), Count VIII (d/e 193), Count

IX (d/e 196), Count XII (d/e 199), Count XV (d/e 202), and Counts

XX and XXI (d/e 205).  Plaintiff's Motions for Summary Judgment

incorporate arguments raised in their Motions for Limine.  Plaintiff's

Motions, with regards to their substantive arguments, are largely duplicative, as applied to the appropriate Defendants for their respective Counts.  As a result, the Court addresses Plaintiff's Motions for Summary Judgment and Motions in Limine, in their entirety, in this singular Opinion.

For the following reasons, Plaintiff's Motions for Summary Judgment (d/e 189, 192, 195, 198, 201, 204, and 207) and Plaintiff's Motions in Limine (d/e 187, 190, 193, 196, 199, 202, and 205) are DENIED as MOOT.  Plaintiff's Motion for Summary Judgment on Counts XXVI, XXVII, and XXVIII (d/e 208) is GRANTED.

## I.    BACKGROUND

Plaintiff Spire STL Pipeline LLC ("Spire"), a natural gas company, is constructing a pipeline through Missouri and Illinois. On August 3, 2018, the Federal Energy Regulatory Commission (FERC) granted Spire a Certificate of Public Convenience and Necessity, pursuant to 15 U.S.C. § 717f(c).  As a certificate holder, Spire may acquire rights-of-way and land by the exercise of the right of eminent domain, after attempting to obtain the rights-of-way and land via contract.  See U.S.C. § 717f(h).

On August 15, 2018, Plaintiff Spire filed a verified twenty-eight-Count Eminent Domain Complaint seeking to condemn certain permanent and temporary easements, additional temporary workspace, and access roads on real properties required for use in connection with the construction, operation, and maintenance of the Spire STL Pipeline ("Pipeline") (d/e 1).

On December 7, 2018, the Court entered a Text Order granting Plaintiff's Motion to Confirm Condemnation (d/e 79), confirming condemnation of the permanent and temporary easements set forth in the verified Complaint, reserving the issue of compensation.

On March 18, 2020, the Court entered a Text Order granting Attorney Carolyn Elefant's Motion to Withdraw and for Partial Substitution of Counsel, withdrawing her representation of Defendants Gerald Scott Turman and S. T. Turman Contracting, L.L.C.  The Text Order reads, in relevant part:

> Motion is ALLOWED as to Defendant Gerald Scott Turman, however Attorney Elefant shall advise Defendant Turman of this Order by serving on Defendant Turman within 3 days of entry of this Order, a copy of this Order by personal service or by certified mail and shall notify Defendant Turman that he must retain other counsel or file with the Clerk of the court within 21 days of the entry

of this Order his supplementary appearance stating an address at which service of notices or other papers may be had upon him. Proof of Service shall be made and filed by withdrawing counsel. The Motion is ALLOWED as to Defendant S.T. Turman Contracting, LLC, however Attorney Elefant must serve a copy of this Text Order upon Defendant S.T. Turman Contracting, LLC. This order advises Defendant S.T. Turman Contracting, LLC that, pursuant to the Seventh Circuit holding in 1756 W. Lake Street LLC v. American Chartered Bank, 787 F.3d 383, 385 (7th Cir. 2015), an LLC may only appear in Federal Court through an attorney. Attorney Elefant shall file proof of service indicating that a copy of this Text Order has been served by personal service or by certified mail to S.T. Turman Contracting, LLC at its last known business address. Defendant S.T. Turman Contracting, LLC is given 21 days from the service of the order as specified above to retain counsel to represent the Defendant in this case.

Text Order on March 18, 2020.

On April 9, 2020, Elefant filed an affidavit certifying that she served a copy of the Court's March 18, 2020 Text Order on Gerald Turman and S.T. Turman Contracting, L.L.C (d/e 145). Defendants Gerald Scott Turman and S. T. Turman Contracting, L.L.C. have not retained other counsel and have been *pro se* since March 2020.

On October 30, 2020, the Court entered an order accepting and adopting in full the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 137) following the filing of two Suggestions of Death (d/e 133, 134), dismissing

Defendants Darrell L. Mansfield and Bernard H. Meyer from this action. The Court further ordered that: (1) Plaintiff may proceed in Count XV against Jo Ann Mansfield as successor Trustee of the Darrell L. Mansfield Trust No. 2014 and the Jo Ann Mansfield Trust No. 2014; (2) Plaintiff's claim against the Bernard H. Meyer Trust #9-11 in Counts XX and XXI is dismissed without prejudice for failure to file a motion to substitute the successor trustee of the trust; and (3) Plaintiff may proceed in Counts XX and XXI against the remaining Defendant Mary Lois Meyer as trustee of the Mary Lois Meyer Trust #9-11. d/e 158.

On May 28, 2020, Plaintiff filed a Motion to Dismiss Count XXIV Pursuant to Federal Rule of Civil Procedure 71.1(i)(1)(C) (d/e 150). On October 8, 2020, Plaintiff filed a Motion to Dismiss Counts II, IV, V, and VI Pursuant to Federal Rule of Civil Procedure 71.1(i)(1)(C) (d/e 156). On November 6, 2020, the Court granted the Motions to Dismiss (d/e 150, 156), dismissing Counts II, IV, V, VI, and XXIV with prejudice (d/e 159, 160).

On June 28, 2021, Plaintiff filed a Motion to Dismiss Counts X and XI Pursuant to Federal Rule of Procedure 71.1(i)(1)(C) (d/e 178). On July 27, 2021, the Court granted the Motion to Dismiss,

dismissing Counts X and XI with prejudice (d/e 183).  On August 10, 2021, the Court entered an Amended Order (d/e 186), reiterating the grant of Plaintiff's Motion to Dismiss (d/e 183). Following the Court's grants of Plaintiff's Motions to Dismiss twenty-one Counts remain.

On September 15, 2021, Plaintiff filed Motions for Summary Judgment relating to the following: Counts I and III (d/e 189); Count VII (d/e 192); Count VIII (d/e 195); Count IX (d/e 198); Count XII (d/e 201); Count XV (d/e 204); Counts XX and XXI (d/e 207); and Counts XXVI, XXVII, and XXVIII (d/e 208).

On the same date, Plaintiff also filed Motions in Limine relating to the following: Counts I and III (d/e 187); Count VII (d/e 190); Count VIII (d/e 193); Count IX (d/e 196); Count XII (d/e 199); Count XV (d/e 202); and Counts XX and XXI (d/e 205).  On November 22, 2021, Defendants represented by Elefant filed Consolidated Responses in opposition to Defendants' Motions in Limine (d/e 219) and Motions for Summary Judgment (d/e 220). On December 6, 2021, Plaintiff filed a Reply to Defendants' Consolidated Response to Spire's Motions for Summary Judgment (d/e 223).  On December 8, 2021, Plaintiff filed a Reply to

Defendants' Consolidated Response to Spire's Motions in Limine
(d/e 225).

On January 7, 2022, the Court entered an Order (d/e 229)
staying the proceedings in this case, based on the ongoing dispute
regarding the validity of Plaintiff's certificate to construct, operate,
and maintain the Pipeline.

On December 16, 2022, Plaintiff filed a Motion to Lift Stay (d/e
233). In Plaintiff's Motion, Plaintiff informed the Court that on
December 15, 2022, the Federal Energy Regulatory Commission
("FERC") entered its Order on Remand, reinstating the permanent
certificate whereby Spire initiated this cause of action. Spire
accepted the terms and conditions of the December 15, 2022 FERC
Order in its filing with FERC on December 16, 2022.

On February 27, 2023, the Court entered a Text Order
granting Plaintiff's Motion to Lift Stay. On March 31, 2023, the
parties filed Joint Motions for Order Fixing Compensation and
Granting Permanent Easement by Condemnation as to Count I (d/e
247), Count III (d/e 246), Count VII (d/e 250), Count VIII (d/e 245),
Count IX (d/e 244), Count XII (d/e 243), Count XV (d/e 242), Count
XX (d/e 249), and Count XXI (d/e 248). On April 25, 2023, the

Court entered an Order granting all of the Joint Motions for Order
Fixing Compensation and Granting Permanent Easement by
Condemnation (d/e 252).  As a result of the Court's Order (d/e
252), Plaintiff's Motions for Summary Judgment (d/e 189, 192, 195,
198, 201, 204, and 207) and Plaintiff's Motions in Limine (d/e 187,
190, 193, 196, 199, 202, and 205) are DENIED as MOOT.

The Court proceeds with its ruling on Plaintiff's remaining
Motion for Summary Judgment on Counts XXVI, XXVII, and XXVIII
(d/e 208).

## II.   FACTS

The Court draws the following facts from the parties' Local
Rule 7.1(D)(1)(b) statements of undisputed material facts.  The
Court discusses any material factual disputes in its analysis.
Immaterial facts or factual disputes are omitted.  Any fact
submitted by any party that was not supported by a citation to
evidence will not be considered by the Court.  See Civil LR
7.1(D)(2)(b)(2).  In addition, if any response to a fact failed to
support each allegedly disputed fact with evidentiary
documentation, that fact is deemed admitted.  Id.

On August 15, 2018, Plaintiff Spire filed a verified Eminent Domain Complaint seeking to condemn certain permanent and temporary easements detailed in the exhibits to the Complaint in order to construct and operate a natural gas pipeline.  Count XXVI against Gerald Scott Turman and 7.15 acres of land seeks permanent and temporary easements as described in Exhibits 27A and 27B.  Count XXVII against S. T. Turman Contracting, L.L.C. and 5.05 acres of land seeks permanent and temporary easements as described in Exhibits 28A and 28B.  Count XXVIII against Gerald Scott Turman and 3.59 acres of land seeks permanent and temporary easements as described in Exhibits 29A and 29B. Defendants appeared through counsel at Carmody MacDonald.

On or about November 2, 2018, Spire sent Interrogatories to Defendants in Counts XXVI, XXVII, and XXVIII ("Defendants").  On August 12, 2019, Defendants' Answers to Interrogatories were verified and sent to Spire on or about August 19, 2019.  In Defendant's Answer to Interrogatories, Defendants in Counts XXVI, XXVII, and XXVIII (d/e 208), were asked the same questions and gave identical answers as follows:

15. Identify all sales of real estate which you deem similar or comparable to the property which is the Subject Property.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

17. Identify all specific ordinances, statutes, regulations, governmental enactments, covenants, easements, licenses or other restrictions of record, which have any affect on the fair market value and / or highest and best use and / or the development of the Subject Property.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

18. Describe the highest and best use of the Subject Property immediately prior to the filing of the Condemnation Complaint herein.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

. . .

22. Do you claim that the imposition of the easement described in the Complaint will impact the value of the Subject Property not within the easement?

ANSWER: Yes.

23.   If your answer to the preceding Interrogatory [22] is affirmative, identify:

    a.    The amount the Subject Property will be impacted.

    b.    The basis for the amount.

    c.    Any person who you claim will offer testimony to support the amount and/or basis.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

24.   State the current per acre fair market value of the property, and the basis therefore.

ANSWER: Defendant states that he does not have an opinion as to the highest and best use of the Subject Property at this time. Such information will be presented through an expert witness that will be disclosed per the Court's Scheduling Order.

Answers to Interrogatories, d/e 208, Ex. 1, 2.

On January 2, 2020, the Court permitted Carmody MacDonald to withdraw as counsel for Defendants.  Carolyn Elefant entered her appearance on behalf of Defendants.  On March 18, 2020, the Court permitted Elefant to withdraw as counsel for Defendants.  Since March 2020, Defendants have appeared *pro se*.

On or about June 2, 2020, Plaintiff provided Defendants with a draft of an Amended Report and with a revised draft on or about June 14, 2020, but Defendants declined to participate in a Fed. R. Civ. P. 26(f) meeting between the parties. See d/e 151-1, ¶ 2. Defendants appear on the service list for this matter.

On March 1, 2021, and in accordance with Rule 26(a)(2), Spire disclosed Carlo Forni as an opinion witness and produced his reports to Defendants in accordance with the Scheduling Order ("Forni Reports"). The Forni Reports contain opinions on the value of the Defendants' properties before and after the taking of the permanent and temporary easements, which Forni arrived at by using sales of comparable properties to value the Defendants' properties.

## III.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff's claims arise under the Natural Gas Act, 15 U.S.C. § 717f(h), which is a federal statute. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The amount

claimed by the landowner Defendants exceeds $3,000.  15 U.S.C. §

717f(h).  Venue is proper because the events giving rise to Plaintiff's

claims occurred in Scott County, which is located within the

boundaries of the Central District of Illinois.  See 28 U.S.C. §

1391(b)(2) (stating that a civil action may be brought in "a judicial

district in which a substantial part of the events or omissions giving

rise to the claim occurred").

## IV.   APPLICABLE LAW AND LEGAL STANDARDS

### A. Applicable Procedural Law for Determining Just Compensation

The Natural Gas Act (NGA) provides that, in condemnation

actions, the district court "shall conform as nearly as may be with

the practice and procedure in [a] similar action or proceeding in the

courts of the State where the property is situated[.]" 15 U.S.C. §

717f(h).  However, this state procedure requirement has been

superseded by Rule 71.1 of the Federal Rules of Civil Procedure.

See Alliance Pipeline LP v. 4.360 Acres of Land, 746 F.3d 362, 367

(8th Cir. 2014) (listing cases).  The Advisory Committee notes to

Rule 71.1 state that the rule provides a "uniform procedure for all

cases of condemnation invoking the national power of eminent

domain . . . and . . . supplants all statutes prescribing a different procedure." Fed. R. Civ. P. R. 71.1, Advisory Committee Notes (1951). When read together with the "supersession clause" of the Rules Enabling Act, "[a]ll laws in conflict with [the Federal Rules of Civil Procedure] shall be of no further force or effect after such rules have taken effect," 28 U.S.C. § 2072(b), Rule 71.1 requires the use of federal procedural law in this condemnation proceeding.

### B. Summary Judgment Standards

Federal Rule of Civil Procedure 56 applies in this case because Rule 71.1 has no provisions governing summary judgment. See Fed. R. Civ. P. 71.1(a). Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the Court must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008). "At summary judgment,

'a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.'" Paz v. Wauconda Healthcare & Rehab. Ctr., LLC, 464 F.3d 659, 664 (7th Cir. 2006).

The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Modrowski v. Pigatto, 712 F.3d 1166, 1168 (7th Cir. 2013) (explaining that Rule 56 "imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary" (internal citation omitted)).  After the moving party does so, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quotation and footnotes omitted).

## V.   ANALYSIS

### A. Plaintiff Is Entitled to Summary Judgment on Its Motion for Summary Judgment for Counts XXVI, XXVII, and XXVIII (d/e 208).

On March 18, 2020, the Court granted Carolyn Elefant's Motion to Withdraw and for Partial Substitution of Counsel, withdrawing her representation of Defendants Gerald Scott Turman and S. T. Turman Contracting, L.L.C. The Court further ordered Elefant to advise Defendants Turman and S. T. Turman Contracting, L.L.C. of the Text Order and ordering Defendants Turman and S. T. Turman Contracting, L.L.C. to find new representation. On April 9, 2020, Elefant filed an Affidavit of Service for the Withdrawal Order that the Text Order was served on Gerald Turman and GT Turman LLC (d/e 145). Since March 2020, Defendants in Counts XXVI, XXVII, and XXVIII (Turman and S. T. Turman Contracting, L.l.C.) (d/e 208) have appeared *pro se*.

Defendants failed to respond to Plaintiff's Motion for Summary Judgment (d/e 208) within the time prescribed. As a result, Defendants' failure to respond is deemed an admission of the motion. See CDIL-LR 7.1(D)(2). The Forni Reports tendered by Plaintiff are the only evidence relating to the value of the easements of just compensation due. No reasonable jury could find that there is a genuine dispute of material fact, as no dispute exists.

Therefore, Plaintiff's Motion for Summary Judgment (d/e 208) is GRANTED.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Summary Judgment (d/e 189, 192, 195, 198, 201, 204, and 207) and Plaintiff's Motions in Limine (d/e 187, 190, 193, 196, 199, 202, and 205) are DENIED as MOOT.  Plaintiff's Motion for Summary Judgment on Counts XXVI, XXVII, and XXVIII (d/e 208) is GRANTED.  It is therefore ORDERED:

(A) Judgment is hereby entered in favor of Spire STL Pipeline LLC and against the following:

- Defendants Gerald Scott Turman and 7.15 acres more or less of real property in Greene County, Illinois (IL-GC-117.000), in the amount of $41,712 (Count XXVI);

- Defendants S. T. Turman Contracting, L.L.C. and 5.05 acres more or less of real property in Greene County, Illinois (IL-GC-120.000), in the amount of $41,712 (Count XXVII); and

- Defendants Gerald Scott Turman and 3.59 acres more or less of real property in Greene County, Illinois, in the

amount of $11,382 (IL-GC-121.000) (Count XXVIII);

(B) The Clerk of the Court is directed to disburse the following amounts of the funds deposited with the Registry of the Court plus interest accrued to date to Spire STL Pipeline LLC

- in Count XXVI, $41,712 plus interest accrued to date (d/e 208, Ex. 3);

- in Count XXVII, $41,712 plus interest accrued to date (d/e 208, Ex. 3); and

- in Count XXVIII, $11,382 plus interest accrued to date (d/e 208, Ex. 4).

(C) Counts XIII, XIV, XVI, XVII, XVIII, XIX, XXII, XXIII, and XXV remain.  Defendants in the aforementioned Counts are DIRECTED to file a status report with the Court.

**IT IS SO ORDERED.**
**ENTERED:  April 26, 2023.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**